COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
KYLE C. WONG (224021) (kwong@cooley.com)
AUDREY J. MOTT-SMITH (300550) (amottsmith@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADTRADER, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Case No.  5:17-cv-07082 (BLF)<br><br>**DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO EXTEND PAGE LIMITS FOR BRIEFING ON DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE LLC'S
ADMIN MTN. TO EXTEND PAGE LIMITS
CASE NO. 5:17-CV-07082-BLF

**NOTICE OF ADMINISTRATIVE MOTION AND MOTION TO EXTEND PAGE LIMITS**

Pursuant to Civil Local Rule 7-11, Defendant Google LLC ("Google") submits this Administrative Motion seeking a modest extension to the page limits for the briefing on Defendants' upcoming motion to dismiss. The Parties have already stipulated, and the Court has approved, a briefing schedule under which Google's motion to dismiss is due on February 27, Plaintiff AdTrader, Inc.'s ("AdTrader") opposition is due on March 27, and Google's reply is due on April 17 (Dkt. No. 18.)

There is good cause for the extension. AdTrader's wide-ranging, eleven-count class action complaint covers far more ground than can be fully addressed within the default page limits. The complaint runs for almost fifty pages, not including exhibits, and over half of that (twenty six pages) is devoted simply to making out the elements of the different causes of action. Four counts (I-IV, for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with contract, and intentional interference with prospective business advantage respectively) are brought on behalf of AdTrader as an individual plaintiff while seven (Counts V-XI, for declaratory relief, fraud, negligent misrepresentation, receiving stolen property, breach of contract, unjust enrichment, and unfair competition respectively) are on behalf of a putative class of businesses and individuals who place advertisements on the internet through Google's services. AdTrader's individual claims concern its role assisting *website publishers* in selling advertising space on the internet through Google, a relationship governed by contracts under California law. (Compl. ¶¶ 42, 43, Ex. 1.) On the other hand, AdTrader also purports to bring class claims for a class of *advertisers* (who purchase add space on websites from publishers) whose relationships with Google are allegedly governed by no fewer than 4 different contracts, one of which contains a New York choice of law provision, while rest are interpreted under California law. (*e.g.,* Count VI, Ex. 3.) Accordingly, the contracts at issue in the direct and class claims have distinct terms, apply to different Google users and different roles within the Google ecosystem (advertiser and publisher), and will require separate analysis under different jurisdictions' law. (*Compare,* Ex. 1 (publisher side contract) *with* Ex. 3 (advertiser side contract).) Moreover, many of the separate claims contain multiple theories of liability that may need to be addressed – Plaintiff's individual claim for breach of the implied covenant, for

2.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF. GOOGLE LLC'S
ADMIN MTN. TO EXTEND PAGE LIMITS
CASE NO. 5:17-CV-07082-BLF

example, suggests numerous theories.  Though Google will be terse, and will have to be even if the motion is granted, it is not feasible to fully address the widely varying claims and legal issues presented within the default 25 pages.

Another recent case titled *SuperCray Inc. v. Google* (5:15-cv-00109) confirms the necessity of relaxing the page limits here.  There, AdTrader's counsel filed an individual claim against Google on factual allegations similar to half of those at issue here (publisher-side allegations only).  (Wong Decl. ¶ 4)  While the *SuperCray* complaint asserted no class claims, only ran for 17 pages, and contained three causes of action, the motion to dismiss briefing on both sides nevertheless ran right up to the Court's default page limits.  (*Id.*)  This case is significantly more complex and necessarily will require longer briefs.

Finally, Google notes that in the related, companion case before this Court that which entails solely publisher-side claims, titled *Bulletin Marketing, LLC v. Google LLC* (5:17-cv-07211), Google is not seeking an extension of the normal page limits for its motion to dismiss briefing.  Google does not seek this relief reflexively, or lightly, but is compelled to do so in the unusual circumstances presented here.

Google respectfully submits that the parties and the court would benefit from a modest extension of the page limits and proposes that its opening brief be limited to 32 pages, that AdTrader's opposition receive the same 32 page allowance, and that Google's reply be up to 18 pages long.  Pursuant to Civil Local Rule 7-11(a), Google's counsel has conferred with AdTrader's counsel regarding its request to extend page limits.  (Wong Declaration ¶ 2 filed herewith).  AdTrader's counsel indicated that they intended to oppose this motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Cooley LLP
Attorneys At Law
San Francisco

3.

Def. Google LLC's
Admin Mtn. to Extend Page Limits
Case No. 5:17-cv-07082-BLF

Dated: February 8, 2018

COOLEY LLP
MICHAEL G. RHODES (116127)
JEFFREY M. GUTKIN (216083)
KYLE C. WONG (224021)
AUDREY J. MOTT-SMITH (300550)

_/s/ Jeffrey M. Gutkin_
Jeffrey M. Gutkin
Attorneys for Defendant
GOOGLE LLC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEF. GOOGLE LLC'S
ADMIN MTN. TO EXTEND PAGE LIMITS
CASE NO. 5:17-CV-07082-BLF