RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
SAMUEL SONG (S.B. #245007)
ssong@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiff AdTrader, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC.,<br><br>             Plaintiff,<br><br>   v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No. 5:17-CV-07082-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO EXTEND PAGE LIMITS FOR BRIEFING ON DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS**<br><br>Judge:      Hon. Beth L. Freeman<br>Hearing Date:  None Required, L.R. 7-11 |

1    Plaintiff AdTrader, Inc. hereby opposes defendant Google LLC's Administrative Motion

2    to Extend Page Limits for Briefing on Defendant's Motion to Dismiss Certain Claims ("Motion").

3    (ECF No. 22.)

4    Every lawyer would like more space to make their arguments.  But page limits are

5    established by courts for sound reasons:  "'Judicial economy and concise argument are purposes

6    of the page limit.'"  *Aircraft Technical Publishers v. Avantext, Inc.*, 2009 WL 3833573, at *1

7    (N.D. Cal. Nov. 16, 2009) (citation omitted).  This Court's Standing Order Re Civil Cases and the

8    Civil Local Rules allow parties a total of 65 pages of briefing on regularly noticed motions of all

9    kinds, including motions for preliminary injunctions, motions for summary judgment, as well as

10   Google's anticipated motion to dismiss for failure to state a claim.  *See* Standing Order Re Civil

11   Cases § E.1.a.; Civil L.R. 7-2(b), 7-3(a), 7-3(c).

12   Here, Google requests an additional 17 pages of briefing on its motion to dismiss on top of

13   the 65 pages authorized by the Court.  Google, however, has failed to explain how or why any

14   page extension—let alone 17 additional pages—would serve judicial economy, encourage concise

15   argument, or is necessary in any way.

16   Google complains that the "complaint covers far more ground than can be fully addressed

17   within the default page limits," and proceeds to list various features of the complaint.  (Mot. at

18   2:9-3:3.)  But nowhere does Google explain why its motion to dismiss would need to address

19   each and every one of these details.  Indeed, Google is quite candid that its request is premised on

20   the speculation that some of these details "***may*** need to be addressed" (*id.* at 2:28 (emphasis

21   added))—not that they actually will be addressed.  For example, is it really necessary to fully

22   brief separate arguments on every single element of every single one of AdTrader's 11 claims[1]

23   (Mot. at 2:8-17), where:  (a) each claim arises from the same nucleus of operative facts; (b)

24   several claims are derivative of, closely related to, or pled in the alternative to other causes of

25   action (Compl. ¶¶ 139, 176, 190, 206); and (c) the Court is required to "accept factual allegations

26   in the complaint as true and construe the pleadings in the light most favorable to the nonmoving

27

28

---

[1] Apparently not, as the title of Google's motion indicates that it will move only on "Certain
Claims," not all 11.  (Mot. at 1.)  Which ones?  Google does not say.

PLTF'S OPP. TO ADMIN. MOT.
TO EXTEND PAGE LIMITS
CASE NO. 5:17-CV-07082-BLF

party"?  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  As another example, why does it matter for purposes of a motion to dismiss that the complaint asserts both individual and class claims (Mot. at 2:14-17), particularly where this Court has previously held that "it would be premature to address [class certification issues] at the pleading stage"?  *Los Gatos Mercantile, Inc v. E.I. DuPont De Nemours and Company*, 2015 WL 4755335, at *33 (N.D. Cal. 2015).  And what is the import of the fact that one of the contracts at issue is governed by New York law while others are governed by California law?  (Mot. at 2:22.)  Is there a difference between the two jurisdictions' laws that this Court will have to resolve?  Google addresses none of these questions, and instead simply wants to reserve the option to address every minute issue it spots.  Granting its request would encourage precisely the opposite of "[j]udicial economy and concise argument."  *Aircraft Technical Publishers*, 2009 WL 3833573, at *1.

Google also points to the fact that it felt the need to present 25-pages' worth of arguments in its motion to dismiss the 17-page complaint in *SuperCray Inc. v. Google* (Mot. at 3:4-10), forcing undersigned counsel to respond to each and every one of those arguments regardless of their merit.  The fact that Google could not be judicious with its arguments in another case is no basis to grant a 17-page extension here.  In fact, it appears that Google and its counsel make it a practice to request page extensions with little regard to the specifics of a complaint.  For instance, in another case before this Court, Google's counsel sought to extend its page limit to 30 pages for its motion to dismiss a 22-page class action complaint.  *See Free Range Content, Inc. v. Google Inc.*, Case No. 5:14-cv-02329-BLF, ECF Nos. 1, 18.  After this Court denied that request, Google somehow found a way to limit itself to a 25-page motion to dismiss.  *Id.*, ECF Nos. 19, 21.  Furthermore, the complaint in this action is at bottom a straightforward complaint for breach of contract and fraud.  As this Court has surely observed, defendants in other cases have managed to file 25-page motions to dismiss considerably more complex and prolix complaints.  *See, e.g.*, *Brodsky v. Yahoo! Inc.*, 592 F. Supp. 2d 1192, 1198 (N.D. Cal. 2008) (granting a 25-page motion to dismiss a "209 page" securities fraud class action complaint); *see also* Defs.' Motion to Dismiss filed on June 20, 2008, in *Brodsky v. Yahoo! Inc.*, Case No. CV-08-2150-CW, N.D. Cal. (ECF No. 14).  Certainly, Google can abide by the Court's page limits here.

1    The Court would not "benefit" from having to wade through an additional 17 pages of

2    briefing on Google's motion to dismiss.  (Mot. at 3:16-18.)  The only one who would benefit is

3    Google, by giving it more space to brief a battery of arguments regardless of their true merit and

4    forcing AdTrader (and the Court) to expend the time and resources addressing them all.  The

5    Court should deny Google's request.

6

7    Dated:  February 12, 2018                    GAW | POE LLP

8

9                                                                    By:  _____

10                                                                          Samuel Song
                                                                            Attorneys for Plaintiff AdTrader, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLTF'S OPP. TO ADMIN. MOT.
TO EXTEND PAGE LIMITS
CASE NO. 5:17-CV-07082-BLF