# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

ADTRADER, INC., et al.,

Plaintiffs,

v.

GOOGLE LLC,

Defendant.

Case No. 17-cv-07082-BLF

**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

[Re: ECF 75]

Before the Court is Defendant Google LLC's ("Defendant" or "Google") Administrative Motion to File Google's Responses to Plaintiffs' Interrogatories and Other Documents Under Seal ("Motion"). Motion, ECF 75. Plaintiffs oppose Defendant's motion. Opp'n, ECF 77. For the reasons stated below, Defendant's motion at ECF 75 is DENIED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

1  mindful of the parties' right to access those same courts upon terms which will not unduly harm
2  their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
3  Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the
4  merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto*
5  *Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
6  for access to court records attached only to non-dispositive motions because those documents are
7  often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving
8  to seal the documents attached to such motions must meet the lower "good cause" standard of
9  Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This
10 standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
11 information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
12 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by
13 specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,
14 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery
15 may reflect the court's previous determination that good cause exists to keep the documents
16 sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties
17 to designate confidential documents does not provide sufficient judicial scrutiny to determine
18 whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference
19 to a stipulation or protective order that allows a party to designate certain documents as
20 confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
21     In addition to making particularized showings of good cause, parties moving to seal
22 documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
23 79-5(b), a sealing order is appropriate only upon a request that establishes the document is
24 "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
25 the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
26 must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
27 submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
28 material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Google's sealing motion and the declaration of the designating party submitted in support thereof (ECF 75 and ECF 75-1, respectively) as well as Plaintiffs' Opposition (ECF 77). The Court finds that Google has not articulated a compelling reason to seal any portion of the submitted documents. The Court's ruling on the sealing requests are set forth in the table below.

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| ECF 75-4 | Joint Discovery Letter Brief re: AdTrader Interrogatory No. 5. | DENIED. | Google has not provided sufficient reasons for sealing.<br><br>As noted by Plaintiffs, *see* Opp'n at 3, Google's Motion is based on sealing information already in the public record, which Google concedes, *see* Joint Discovery Letter at 2–3, ECF 75-4. |
| ECF 75-6 | Attachment to Joint Discovery Letter Brief re: AdTrader Interrogatory No. 5. | DENIED. | Google has not provided sufficient reasons for sealing.<br><br>As noted by Plaintiffs, *see* Opp'n at 3, Google's Motion is based on sealing information already in the public record, which Google concedes, *see* Joint Discovery Letter at 2–3, ECF 75-4. |

Google's argument that sealing is nonetheless appropriate because the public may not be aware of Google's knowledge of or reliance on what is already in the public record, *see* Motion at 4, is not a "compelling reason" that outweighs the general history of access and the public policies favoring disclosures, *see Ctr. for Auto Safety*, 809 F.3d at 1099; *Kamakana*, 447 F.3d at 1178–79.

3

### III. CONCLUSION

For the foregoing reasons, Google's motion at ECF 75 is **DENIED**. Google shall file the unredacted documents into the public record, as a separate docket entry, no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: October 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge