UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 75 |

Defendant Google LLC ("Google") filed an administrative motion to seal portions of its Joint Discovery Letter Brief re: AdTrader Interrogatory No. 5 and the supporting Attachment (Dkt. Nos. 75-4, 75-6). Plaintiffs opposes the motion. Dkt. No. 77. For the reasons stated below, the motion is granted.

Google argues that the matters designated for sealing contain commercially sensitive information regarding Google's methods for detecting fraudulent activity on its platforms. It says that public disclosure of this information would make it easier for advertisers wishing to commit fraud to evade detection, thereby harming the integrity of Google's advertising network and resulting in competitive harm to Google. Dkt. Nos. 75, 75-1. Plaintiffs urge the Court to deny Google's motion to seal, on the ground that the information sought to be sealed is already in the public domain and Google has not made the necessary showing of good cause to keep the information from the public. Dkt. No. 77.

While there is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions that can be overcome only by a showing of "compelling reasons supported by specific factual findings," *Kamakana v. City & Cty. of*

*Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotation marks and citation omitted), the presumption does not apply equally to a motion addressing matters that are only "tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir.)*, cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety,* 137 S. Ct. 38 (2016). A party seeking to seal documents or information in connection with such a motion must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c).

The particular matters addressed in the parties' underlying filing—namely, a discovery dispute regarding the confidentiality designation of an interrogatory response and the impact of that designation on AdTrader's ability to investigate the alleged fraudulent advertising activity that caused Google to terminate its account—is only tangentially related to the merits of the case. The Court therefore applies the "good cause" standard of Fed. R. Civ. P. 26(c).

In the accompanying order addressing the parties' September 18, 2018 joint discovery dispute letter (Dkt. No. 82) the Court has already found that the designated portions of Google's response to Interrogatory No. 5 may be maintained in confidence and not publicly disclosed. For the same reasons, the Court finds that the Attachment to the joint discovery dispute letter (Dkt. No. 75-6) may be filed under seal.

With respect to the joint discovery dispute letter itself (Dkt. No. 75-4), the designated portions of the letter concern Google's explanation in support of the confidentiality designation for its interrogatory response, and reveal much of the same information concerning Google's fraud detection activities. The Court likewise finds that the designated portions of this document may be filed under seal.

**IT IS SO ORDERED.**

Dated: October 30, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2