UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER RE SEPTEMBER 13, 2018 JOINT DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 74 |

Plaintiff AdTrader, Inc. ("AdTrader") moves to compel defendant Google LLC's ("Google") to provide the names and contact information of advertisers whose identities are called for by AdTrader's Interrogatory No. 4. Dkt. No. 74. Google objects that the information AdTrader seeks is not relevant to any claim or defense. *Id.* The Court finds this matter suitable for decision without a hearing.

Having considered the submissions of the parties, the Court grants AdTrader's motion to compel.

I. **BACKGROUND**

Using Google's Ad Exchange ("AdX") service, website publishers sell advertising space on their webpages in exchange for a share of the revenue advertisers pay to Google, and advertisers buy space to display their advertising online. Dkt. No. 72 ¶ 1. Intermediary companies may facilitate publishers' and advertisers' use of the AdX service. Network Partner Managers ("NPMs") assist publishers, and advertising agencies assist advertisers. *Id.* ¶¶ 25-26.

AdTrader was both a publisher and an NPM on behalf of other publishers, as well as an advertising agency on behalf of advertisers. *Id.* ¶¶ 47-49. Google terminated AdTrader's publisher-side NPM account after notifying AdTrader that all of the advertising impressions on

AdTrader's websites were invalid. *Id.* ¶ 63. As a result, Google allegedly advised that it was withholding all revenue associated with those impressions and would refund that revenue to the affected advertisers. In its role as advertising agency on behalf of those affected advertisers, AdTrader says it should have received the refunded revenue, but that Google did not refund the revenue. *Id.* ¶¶ 76-84.

AdTrader asserts individual claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with contract, and declaratory relief. AdTrader also asserts claims on behalf of a putative class of AdX advertisers.

AdTrader's Interrogatory No. 4 asks Google:

> For the $476,622.69 of accrued AdX earnings that YOU withheld payment of from ADTRADER, IDENTIFY each advertiser (including their name and unique advertiser ID) whom YOU refunded out of these earnings, the total amount of the refund YOU provided and the date(s) on which YOU paid these refunds.

Dkt. No. 74-1. Google has identified the total amount refunded or credited to the advertisers, and it has offered to supplement its response to also include an anonymous placeholder ID for each advertiser, the amounts refunded or credited to each advertiser, and the dates on which each refund or credit was provided. *Id.* at 4. Google objects to providing the names and contact information for each advertiser. *Id.*

## II. DISCUSSION

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, AdTrader bears the burden of showing that the information it seeks is relevant to a claim or defense.

AdTrader says that it seeks the names and contact information for each of the advertisers to whom Google provided credits or refunds in order to identify witnesses with information that will permit AdTrader to test Google's assertions that such the credits and refunds were, in fact, made.

2

In addition, AdTrader acknowledges that some of these witnesses may wish to become class representatives. *Id.* at 3-4. Google contends that the information AdTrader seeks is not relevant to any issue in the case, but Google's primary concern appears to be about what AdTrader may do once it has the information. The Court separately considers each disputed point.

First, AdTrader has articulated at least one justification for discovery of the advertisers' names and contact information—these advertisers are likely to have information that will allow AdTrader to test Google's contentions about the nature and amounts of the AdX credits or refunds. The Court is not persuaded by Google's argument that anonymized data is sufficient for this purpose, or that most advertisers received only trivial refunds, or that they will not recall any useful information. While it may be highly impractical and prohibitively expensive for AdTrader to attempt to contact each such advertiser, the information sought in Interrogatory No. 4 will enable AdTrader to make an informed decision about which advertisers it wishes to contact. That is sufficient justification for the discovery. Whether AdTrader may also use the information gleaned from a complete interrogatory response to identify additional class representatives (as opposed to putative class members) is not a question the Court need resolve at this time. If and when AdTrader wishes to identify a new class representative, that issue must be taken up with the presiding judge.

Second, AdTrader contends, and Google does not dispute, that the information at issue is readily available in a database maintained by Google, and that its production would not be unduly burdensome. *See id.* at 2. Google's primary objection appears to be that AdTrader will use the information it provides to unfairly burden Google's customers (*i.e.* the advertiser who received refunds or credits) with discovery. *Id.* at 5. Again, that concern is not ripe for determination at this time. If and when AdTrader seeks improper or abusive discovery of non-parties, Google and the affected non-parties may seek relief from the Court.

Third, Google objects that the additional information AdTrader seeks will require Google to disclose confidential information of its advertising customers. *Id.* at 7. This concern may be addressed by designating the information as confidential under the protective order. Google suggests that it "may" also have a contractual obligation to some of these customers to maintain

3

their information in confidence.  *Id.*  This objection is not well-developed, and Google may not rely on it to defeat discovery of the information.

### III.   CONCLUSION

For the reasons stated above, AdTrader's motion to compel is granted.  Google shall supplement its response to Interrogatory No. 4 to provide complete information no later than **November 30, 2018**.

**IT IS SO ORDERED.**

Dated:   October 30, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4