UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. Nos. 85, 91 |

On October 30, 2018 the Court issued an order granting plaintiff AdTrader, Inc.'s ("AdTrader") motion to compel defendant Google LLC ("Google") to provide the names and contact information of advertisers whose identities are called for by AdTrader's Interrogatory No. 4. Dkt. No. 84. Google seeks reconsideration of that order, and also seeks relief from the deadline set in that order.[1] Dkt. Nos. 85, 91. The Court heard oral argument on both matters.

**I.　GOOGLE'S MOTION FOR RECONSIDERATION**

Google argues that reconsideration of the Court's discovery order is warranted by its discovery of new facts not available to Google at the time the original dispute was submitted to the Court. Specifically, Google argues that the records responsive to Interrogatory No. 4 will include approximately 50,000 advertisers in this action and approximately 45,000 advertisers in another action, *Bulletin Marketing et al. v. Google LLC*, Case no. 5:17-cv-07211-BLF, with some overlap between the two actions. Of the approximately 90,000 advertisers in the two actions, the

---

[1] The motion for reconsideration was directed to Judge Freeman, who referred the matter to the undersigned on November 8, 2018. Dkt. Nos. 85 at n.1, 89.

overwhelming majority will have received credits or refunds from Google that total $100 or less, and more than half will have received credits or refunds of $1 or less. Google says that it did not have this information when it first briefed this discovery dispute in September.

Google argues that the large number of advertisers and low value of the credits and refunds most received render the discovery AdTrader seeks disproportionate to the needs of the case. In addition, Google says that it wishes to provide "notice" to each of the 90,000 advertisers in advance of providing their names and contact information to AdTrader's counsel, and that the provision of notice and the burden of responding to any inquiries Google receives from advertisers following such notice make the discovery sought particularly burdensome.

As an initial matter, Google does not say why it could not have presented in its original submission the arguments it makes now in its motion for reconsideration. As Google acknowledges, the information responsive to Interrogatory No. 4 is maintained in one or more databases that may be queried to obtain the responsive information. Google does not explain how the number of advertisers at issue or the amount of the credits and refunds they received was not information available to Google in advance of briefing the original submission of this dispute. The question of providing notice of the discovery sought to advertisers, whether as a legal obligation or business necessity, also could have been raised in the original submission but was not. In short, Google has not shown that reconsideration of this Court's October 30, 2018 is warranted by the discovery of new facts that were not available to Google in advance of the original submission. *See* Civil L.R. 7-9(b) (describing standard for reconsideration); *see also* Dkt. No. 85 at n.1.

Even if Google had made a showing that warranted reconsideration of the Court's prior order, Google has not demonstrated that the discovery AdTrader seeks is irrelevant to its claims or disproportionate to the needs of the case. AdTrader asks for the advertisers' names, contact information, unique ID, refund amount, and date of refund. AdTrader says that this information will permit it to test Google's assertions that credits or refunds were provided corresponding to the accrued AdX earnings Google withheld from AdTrader. This information can be exported from one or more databases, and Google does not contend that that process is at all burdensome. The

only alleged burden is the one Google has taken on itself. It wishes to provide advance notice to the advertisers of the disclosure of their contact information (which Google contends is confidential) to counsel for AdTrader, although Google concedes it has no contractual or other legal obligation to provide such notice. This is precisely the argument the Court flagged as "not well-developed" in Google's original submission, *see* Dkt. No. 84, and the argument remains unpersuasive.

As the Court indicated at the hearing on this motion, it will not prohibit Google from communicating with the advertisers at issue, and there is no dispute pending before the Court regarding any particular communication. As discovery proceeds in this case, the parties should heed the guidance from this District on the nature and propriety of communications with putative class members, much of which is discussed at length in the Judge Laporte's decision in *Camp v. Alexander*, 300 F.R.D. 617 (N.D. Cal. 2014). In addition, the parties should also heed the guidance from the Ninth Circuit and from this District regarding the nature and propriety of discovery from absent class members. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *e.g., Hollman v. Experian*, No. C11-0180 CW, 2012 WL 2568202 (N.D. Cal. July 2, 2012).

## II. GOOGLE'S MOTION FOR ADMINISTRATIVE RELIEF

The October 30, 2018 order requires Google to provide information responsive to Interrogatory No. 4 no later than **November 30, 2018.** Google seeks relief from that deadline, in view of its request for reconsideration of the Court's decision on the underlying discovery dispute. Dkt. No. 91. Google asks that the Court set the deadline 15 days from today's date. *See id.* at 2. AdTrader concedes it will not be prejudiced by this extension of the deadline.

The Court will grant Google's request for relief.

## III. CONCLUSION

Google's motion for reconsideration is denied, and its motion for administrative relief is granted. Google shall supplement its response to Interrogatory No. 4 to provide complete

information no later than **December 5, 2018.**

**IT IS SO ORDERED.**

Dated: November 20, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge