1  RANDOLPH GAW (S.B. #223718)
   rgaw@gawpoe.com
2  MARK POE (S.B. #223714)
   mpoe@gawpoe.com
3  SAMUEL SONG (S.B. #245007)
   ssong@gawpoe.com
4  VICTOR MENG (S.B. #254102)
   vmeng@gawpoe.com
5  FLORA VIGO (S.B. # 239643)
   fvigo@gawpoe.com
6  GAW | POE LLP
   4 Embarcadero, Suite 1400
7  San Francisco, CA 94111
   Telephone: (415) 766-7451
8  Facsimile: (415) 737-0642

9  Attorneys for Plaintiffs AdTrader, Inc., Classic and
   Food EOOD, LML CONSULT Ltd., Ad Crunch
10 Ltd., Fresh Break Ltd., and Specialized Collections
   Bureau, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., CLASSIC AND FOOD EOOD, LML CONSULT LTD., AD CRUNCH LTD., FRESH BREAK LTD., AND SPECIALIZED COLLECTIONS BUREAU, INC.<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC.<br><br>　　　　　Defendant. | Case No. 5:17-CV-7082-BLF<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THEIR ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY AND PROPOSED SUR-REPLY**<br><br>Judge:　　Hon. Beth L. Freeman<br>Hearing Date: *None req'd* (L.R. 7-11(c)) |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiffs reluctantly move the Court for leave to file under seal the following documents:

- the unredacted version of Plaintiffs' Administrative Motion for Leave to File Sur-Reply in Support of Opposition to Google LLC's Motion to Dismiss Certain Claims ("Administrative Motion");
- the unredacted version of Plaintiffs' Proposed Sur-Reply in Support of Opposition to Google LLC's Motion to Dismiss Certain Claims, attached to the Administrative Motion as Exhibit 1 ("Proposed Sur-Reply"); and
- the unredacted version of the Declaration of Samuel Song Re: Plaintiffs' Administrative Motion to File Under Seal Their Administrative Motion for Leave to File Sur-Reply and Proposed Sur-Reply ("Song Declaration").

Plaintiffs make this request **solely** because Google has designated information in these documents "Attorney's Eyes Only" pursuant to the parties' stipulated protective order. (ECF No. 66.) Under Ninth Circuit precedent, **none of this information should be sealed** because compelling reasons do not exist to maintain its confidentiality, as set forth below and in the Song Declaration.

Pursuant to Local Rule 79-5(e)(1), Google has four days to file a declaration establishing that the designated material is sealable. If Google fails to do so, the Court may deny this administrative motion to seal, and Plaintiffs will file the unredacted Administrative Motion, Proposed Sur-Reply, and Song Declaration in the public record, within the timeframe contemplated by Local Rule 79-5(e)(2).

**I.   GOOGLE MUST DEMONSTRATE COMPELLING REASONS TO SEAL THE ADMINISTRATIVE MOTION AND PROPOSED SUR-REPLY.**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm*

1   *Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

2   To overcome this strong presumption, a party seeking to seal a judicial record that is
3   "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler*
4   *Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), must articulate "compelling reasons supported by
5   specific factual findings that outweigh the general history of access and the public policies
6   favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal quotation marks and citations
7   omitted).  "In general, 'compelling reasons' ... exist when such 'court files might have become a
8   vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
9   scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon*, 435
10  U.S. at 598).  "The mere fact that the production of records may lead to a litigant's
11  embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
12  court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).

13  The "compelling reasons" standard applies to dispositive motions and their attachments
14  even if such material was "previously filed under seal or protective order." *Id*. at 1179 ("[T]he
15  presumption of access is not rebutted where ... documents subject to a protective order are filed
16  under seal as attachments to a dispositive motion.") (citation omitted).  As this Court has
17  recognized, courts also "apply the compelling reasons standard in connection with a motion to
18  amend the complaint and proposed complaint, because they involve central issues that are 'more
19  than tangentially related to the underlying cause of action.'" *Heath v. Google Inc.*, No. 15-CV-
20  01824-BLF, 2017 WL 3530593, at *2 (N.D. Cal. Aug. 14, 2017) (citing *Whitecryption Corp. v.*
21  *Arxan Techs., Inc.*, No. 15-CV-00754-WHO, 2016 WL 7852471, at *1 (N.D. Cal. Mar. 9, 2016).)
22  The Administrative Motion and Proposed Sur-Reply describe facts that further support Plaintiffs'
23  allegations in the Second Amended Class Action Complaint ("SAC") and provide the foundation
24  for a third amended complaint, if the Court deems such amendment necessary in response to
25  Google's pending motion to dismiss.  Google cannot meet the compelling reasons standard here.

26  **II.   GOOGLE CANNOT ESTABLISH COMPELLING REASONS TO SEAL THE**
27         **ADMINISTRATIVE MOTION AND PROPOSED SUR-REPLY.**

28  Plaintiffs' central claims in this lawsuit are that:  (1) Google breached its contractual

1  obligations to AdTrader by withholding its accrued earnings without reasonably determining that
2  those earnings resulted from invalid activity and were refunded to advertisers; and (2) Google
3  failed to honor its promises to Plaintiffs and other advertisers that it would issue refunds or credits
4  for activity on their advertisements that Google determined was invalid.

5        The information described in the Administrative Motion and Proposed Sur-Reply that
6  Google has designated "Attorney's Eyes Only" goes to the heart of these claims.  As described
7  more fully in the Song Declaration, that information generally falls within the following
8  categories: Google emails and documents discussing or describing (1) "externally safe"
9  statements that could be (and were) communicated to advertisers and the public; and (2) internal
10 Google practices and policies with respect to billing, crediting/refunding, and clawing back ad
11 revenue from advertisers and publishers.

12       Regarding the first category, there is simply no justification for shielding from
13 public view statements that Google itself described as "externally safe" for messaging to
14 advertisers and the public.  The emails described in the Proposed Sur-Reply as
15 Documents 4-11 all fall within this category.  Because this material discusses statements
16 by Google that it expressly decided were suitable for public disclosure—exactly the same
17 nature of information that Google has already made public—there is no good cause to
18 seal it, let alone any compelling reason to do so.  *See*, *e.g.*, *In re Nat'l Collegiate Athletic*
19 *Ass'n Athletic Grant-in-aid Cap Antitrust Litig.*, No. 14-CV-02758-CW, 2018 WL
20 1576456, at *1 (N.D. Cal. Mar. 30, 2018) (denying motion to seal aspects of contract that
21 had already been made public); *R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-
22 00716-LHK, 2016 WL 6663002, at *22 (N.D. Cal. Nov. 11, 2016) (standard contract
23 provisions were "non-sealable, public information.")  That revelation of Google's internal
24 commentary or rationale behind its external messages might impose liability, or
25 embarrassment, upon Google does not transform these statements into trade secrets.
26       As for the second category, nothing in the Administrative Motion and Proposed
27 Sur-Reply's discussions of the relevant emails and documents reveal anything close to
28 the type of trade secret or similar highly sensitive business information that warrants

1  sealing. The emails and documents described in the Proposed Sur-Reply as Documents
2  1-3, 12-36 all fall within this category. This material does not discuss Google's
3  underlying technology, how it detects invalid activity, who did or did not engage in any
4  invalid activity, or how anyone engaged in invalid activity. Rather, the Administrative
5  Motion and Proposed Sur-Reply only describe Google's practices and policies with
6  respect to billing, crediting/refunding, and clawing back ad revenue—not information
7  that, for example, a competitor could use for its own advantage if disclosed. *See*, *e.g.*,
8  *Chemex*, 2016 WL 6663002 at *22 (trade secret may consist of "any formula, pattern,
9  device or compilation of information which is used in one's business, and which gives
10 him an opportunity to obtain an advantage over competitors who do not know or use it.")
11 (citing *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).)
12     Again, the fact these documents reveal Google's liability under Plaintiffs' class
13 action claims does not mean that "compelling reasons" exist to keep them confidential.
14 *Kamakana*, 447 F.3d at 1179. Rather, the referenced emails and documents concern
15 whether Google did or did not comply with its promises to Plaintiffs and the other
16 members of the proposed class of advertisers in this action. As the Ninth Circuit has
17 made clear, however, "[t]he mere fact that the production of records may lead to a
18 litigant's … incrimination[] or exposure to further litigation will not, without more,
19 compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136); *see also Apple*
20 *Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013 WL 412864, at *2 (N.D.
21 Cal. Feb. 1, 2013) (denying motion to seal in part, "Apple cannot use sealing motions to
22 disguise allegations of its misdeeds."). To the extent that the referenced material shows
23 that Google honored its promises, it should have nothing to hide.
24     While Google would no doubt prefer to keep its information secret, that preference is not
25 a legitimate basis to seal, let alone a compelling reason to do so. As Judge Chhabria recently
26 explained in sanctioning a law firm for filing frivolous sealing requests on behalf of its corporate
27 clients:
28

> [A]ttorneys—particularly attorneys for corporate clients—are under great pressure to file motions to seal information that their clients would prefer to keep secret, even if there is no legitimate basis to keep the information secret. This is no doubt a significant issue for corporate lawyers, but the answer is not to file frivolous sealing requests. The answer is to firmly explain to their clients that litigation is a public process, and that the public has the right to know what the litigation is about, subject only to very limited exceptions. Mere embarrassment to a corporation is not one of those exceptions.

*Nevro Corp. v. Boston Sci. Corp.*, 312 F. Supp. 3d 804 (N.D. Cal. 2018).

Here, the public has a highly significant interest in the disclosure of the information in question because it goes to the heart of this case, which potentially affects thousands and thousands of persons and entities who place ads through Google. If this information were only tangentially related to Plaintiffs' causes of action and there were compelling reasons supported by specific facts to warrant it, then sealing might be appropriate. But the information directly pertains to the central issues in this case: whether Google honored its promises to withhold only those amounts that were reasonably determined to be invalid, and whether it returned those amounts to affected advertisers. *See*, *e.g.*, *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-03972-LHK, 2012 WL 6019754, at *3 (N.D. Cal. Dec. 3, 2012) (finding a "strong presumption in favor of public access" where the subject of the exhibits sought to be sealed was "highly relevant to the merits of the case").

Accordingly, there is no reason—much less a "compelling" one—to seal the Administrative Motion and Proposed Sur-Reply.

Dated: February 15, 2019            GAW | POE LLP

                                    By: _____
                                        Randolph Gaw
                                        Attorney for Plaintiffs