1  RANDOLPH GAW (S.B. #223718)
   rgaw@gawpoe.com
2  MARK POE (S.B. #223714)
   mpoe@gawpoe.com
3  SAMUEL SONG (S.B. #245007)
   ssong@gawpoe.com
4  VICTOR MENG (S.B. #254102)
   vmeng@gawpoe.com
5  FLORA VIGO (S.B. # 239643)
   fvigo@gawpoe.com
6  GAW | POE LLP
   4 Embarcadero, Suite 1400
7  San Francisco, CA 94111
   Telephone: (415) 766-7451
8  Facsimile: (415) 737-0642

9  Attorneys for Plaintiffs AdTrader, Inc., Classic and
   Food EOOD, LML CONSULT Ltd., Ad Crunch
10 Ltd., Fresh Break Ltd., and Specialized Collections
   Bureau, Inc.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                            SAN JOSE DIVISION

15

| | |
|---|---|
| 16  ADTRADER, INC., CLASSIC AND FOOD EOOD, LML CONSULT LTD., AD CRUNCH LTD., FRESH BREAK LTD., AND SPECIALIZED COLLECTIONS BUREAU, INC.<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC.<br><br>Defendant. | Case No. 5:17-CV-7082-BLF<br><br>**[REDACTED VERSION]**<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THEIR ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY AND PROPOSED SUR-REPLY**<br><br>Judge:       Hon. Beth L. Freeman<br>Hearing Date: *None req'd* (L.R. 7-11(c)) |

1   Pursuant to Civil Local Rule 7-11, Plaintiffs AdTrader, Inc., Classic and Food EOOD,
2   LML CONSULT Ltd., Ad Crunch Ltd., Fresh Break Ltd., and Specialized Collections Bureau,
3   Inc. ("Plaintiffs") respectfully request leave to file a Sur-Reply in support of their Opposition to
4   Google's Motion to Dismiss Certain Claims in Second Amended Class Action Complaint (ECF
5   79). Plaintiffs' proposed Sur-Reply is attached hereto as Exhibit 1.

6   The Sur-Reply does not seek to rebut or rehash the substance of the parties' arguments on
7   Google's motion—Plaintiffs' Opposition demonstrates that Google's motion should be denied in
8   its entirety. However, if the Court is inclined to dismiss any of the challenged class action claims,
9   Plaintiffs urge the Court to do so without prejudice in light of the new facts described in the Sur-
10  Reply. In the four months since Plaintiffs filed that Opposition, Google has since produced more
11  than 68,000 pages of documents in discovery. These documents reveal that despite Google's
12  lawyers having repeatedly argued that Google had no obligation to give refunds to its advertisers
13  for invalid activity, [REDACTED]
14  [REDACTED]
15  [REDACTED]
16  [REDACTED]
17  [REDACTED]
18  [REDACTED]
19  [REDACTED]
20  [REDACTED]
21  [REDACTED]
22  [REDACTED]
23  [REDACTED]

24  Plaintiffs seek leave to present the Court with this evidence now, in advance of the March
25  7, 2019 hearing, so that it has the benefit of a detailed description of these new facts and how they
26  further support that leave to amend should be granted as to each of Plaintiffs' class claims—
27  avoiding a potential motion for reconsideration based on newly discovered evidence. *See, e.g., In
28  re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:14-CV-02510, 2014 WL 7206620, at *1 n.2

1  (N.D. Cal. Dec. 18, 2014) (granting leave to file sur-reply "in the interests of completeness and
2  judicial efficiency"). As the Sur-Reply demonstrates, Plaintiffs' proffer of additional evidence in
3  support of their claims is far from frivolous—Plaintiffs should have the opportunity to plead these
4  additional facts in a further amended complaint if necessary. *See, e.g., Eminence Capital, LLC v.*
5  *Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003) (abuse of discretion to deny leave to amend
6  where plaintiffs' good faith proffer that forthcoming facts would enable them to add necessary
7  details to complaint was not frivolous). Federal Rule of Civil Procedure 15 "instructs courts to
8  'freely give leave when justice so requires,'" and this standard "is applied with
9  'extreme liberality.'" *See Camacho v. Jefferson Capital Sys., LLC*, No. 14-CV-02728-BLF, 2015
10 WL 1939071, at *1 (N.D. Cal. Apr. 28, 2015) (Freeman, J.) (citing *Owens v. Kaiser Found.*
11 *Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).)

12  Plaintiffs have literally tagged hundreds of Google-produced documents that reflecting
13 evidence that supports their claims in this action. A small sampling of such documents is
14 referenced in the Sur-Reply, as described below, and would serve as support for additional
15 allegations in a Third Amended Complaint.

## ARGUMENT

**Breach of Contract**. There are numerous Google-produced documents that support Plaintiffs' class action breach of contract claims, and the Sur-Reply describes just a handful of them. For example, Google has advanced the narrative that it just gratuitously gives credits to its advertisers when it detects invalid activity on their advertisements, or that it is the advertiser's responsibility to speak up and ask for advertisements. ███████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

(Sur-Reply Document 1.)  And supporting Plaintiffs' argument that everyone in the industry understood that Google's advertising contracts obligated it to refund Google ████████ ████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

(Sur-Reply Document 7.)
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

(Sur-Reply Document 15.)  These are just a few of the numerous additional facts supporting Plaintiffs' breach of contract claims, as described in the Sur-Reply.

**Breach of the Implied Covenant.**  The Sur-Reply discusses a small sample of internal Google documents revealing that it egregiously interfered with Plaintiffs' express benefits under its advertising contracts, in bad faith.  For example, ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████

█████████████████████████████

(Sur-Reply Document 20.) ███████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████

█████████████████████████████

(Sur-Reply Document 29.) ███████████████

█████████████████████████████

(Sur-Reply Document 27.)  The Sur-Reply is replete with additional examples like these.

**Breach of the Duty of Care.** The Sur-Reply also discusses documents supporting Plaintiffs' breach of the implied duty of care claim. For example:

███████████████████████████████████████

(Sur-Reply Document 18.)

**False Advertising Law / UCL.** The Sur-Reply also describes numerous documents revealing ███████████████████████████████████████. For example:

███████████████████████████████████████

(Sur-Reply Document 16.)

## CONCLUSION

Plaintiffs respectfully request leave to file the attached Sur-Reply so that the Court may consider the extensive new facts supporting each of Plaintiffs' class claims in advance of the hearing on Google's Motion, solely in the event the Court is inclined to dismiss any of these claims with prejudice.

1 | Dated: February 15, 2019 | GAW | POE LLP

By: _____
Randolph Gaw
Attorneys for Plaintiffs AdTrader, Inc., et al.