# EXHIBIT 1 to ADMIN MOTION FOR LEAVE TO FILE SUR-REPLY

(Redacted Version)

RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
SAMUEL SONG (S.B. #245007)
ssong@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Attorneys for Plaintiffs AdTrader, Inc., Classic and Food EOOD, LML CONSULT Ltd., Ad Crunch Ltd., Fresh Break Ltd., and Specialized Collections Bureau, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ADTRADER, INC.,

Plaintiff,

v.

GOOGLE LLC.

Defendant.

Case No. 5:17-CV-07082-BLF

**PLAINTIFFS' [PROPOSED] SUR-REPLY IN SUPPORT OF OPPOSITION TO GOOGLE'S MOTION TO DISMISS CERTAIN CLAIMS IN SECOND AMENDED CLASS ACTION COMPLAINT**

Judge: Hon. Beth L. Freeman
Hearing Date: March 7, 2019
Time: 9:00 a.m.
Courtroom: 3

## SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

Plaintiffs submit this Sur-Reply in support of their Opposition to Google's Motion to Dismiss Certain Claims in Second Amended Class Action Complaint (ECF 79; 72 ("SAC")). In the four months since Plaintiffs filed that Opposition, Google has since produced more than 68,000 pages of documents in discovery. These documents reveal that despite Google having repeatedly told the Court that Plaintiffs' class action allegations were "frequently false" (*see, e.g.*, ECF No. 25 at 2:9-10; ECF No. 36 at 2:10) it turns out that

Plaintiffs do not present this sample of evidence here to rehash the arguments raised in the parties' briefing on Google's pending motion—Plaintiffs' Opposition demonstrates that Google's motion should be denied in its entirety. However, if the Court is inclined to disagree, these additional facts show that leave to amend should be granted. Rule 15 "instructs courts to 'freely give leave when justice so requires,'" and this standard "is applied with 'extreme liberality.'" *See Camacho v. Jefferson Capital Sys., LLC*, No. 14-CV-02728-BLF, 2015 WL 1939071, at *1 (N.D. Cal. Apr. 28, 2015) (Freeman, J.) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).) The evidence described below readily establishes leave to amend here would ***not*** be futile, as a Third Amended Complaint ("TAC") could plead and rely on such facts to establish Google's liability under all of Plaintiffs' existing class action claims. Moreover, this sample is only a fraction of the ***hundreds*** of helpful documents that a TAC could draw upon.

## I.  NEW FACTS SUPPORT PLAINTIFFS' CLASS ACTION BREACH OF CONTRACT CLAIMS (COUNT V).

The Court may recall that Google argues that Plaintiffs' breach of contract class action claims should be dismissed because Google does not have a contractual obligation to provide refunds/credits for invalid activity based on a straightforward interpretation of the AdX, AdWords, or DBM Agreement.  Google also argues that there is no extrinsic evidence showing that any of those contracts are ambiguous with respect to this obligation.

Plaintiffs have discovered the following facts in addition to those already pled establishing that leave to amend with respect to those issues, and more, would not be futile:





- 4 -

PLTFS.' SUR-REPLY RE MTD SAC
CASE NO. 5:17-CV-07082-BLF

## II. NEW FACTS SUPPORT PLAINTIFFS' BREACH OF THE IMPLIED COVENANT CLAIMS (COUNT VI).

Regarding Plaintiffs' breach of the implied covenant of good faith and fair dealing class action claim, there is abundant, indisputable evidence that Google acted in bad faith to deprive advertisers from their expected benefits under their contracts [REDACTED] y). Some of the new evidence Plaintiffs discovered supporting each of the classes' claims is as follows, and applies to class claims arising under the AdX Agreement and the DBM Agreement:

| Issue | Evidence |
| --- | --- |
| [REDACTED] | [REDACTED] |
| | [REDACTED] |
| | [REDACTED] |
| | [REDACTED] |

- 6 -

PLTFS.' SUR-REPLY RE MTD SAC
CASE NO. 5:17-CV-07082-BLF



| | |
|---|---|
| | [redacted] |
| | [redacted] |
| | [redacted] |
| | [redacted] |

## III. NEW FACTS SUPPORT PLAINTIFFS' CLAIMS FOR BREACH OF THE IMPLIED DUTY TO PERFORM WITH REASONABLE CARE (COUNT VII).

Plaintiffs also have new facts supporting their breach of the implied duty to perform with reasonable care claim, as evidence shows [redacted]:

| Issue | Evidence |
|---|---|
| [redacted] | [redacted] |
| [redacted] | [redacted]) |



## IV. NEW FACTS SUPPORT PLAINTIFFS' FALSE ADVERTISING AND UNFAIR COMPETITION LAW CLAIMS (COUNTS VIII AND IX).

Google moved to dismiss the False Advertising Law claims (and by extension, the UCL claims) partly on the grounds that Plaintiffs did not allege how Google's statements were untrue or misleading. The following new facts show that leave to amend with regard to these issues is not futile:

| Issue | Evidence |
| --- | --- |
|  | |





**CONCLUSION**

Google's motion should be denied in its entirety, but if necessary, leave to amend should be granted based on the new facts described above.

Dated: February 15, 2019

GAW | POE LLP

By: ______________________
Randolph Gaw
Attorneys for Plaintiffs AdTrader, Inc., et al.