UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE COMMUNICATIONS WITH PUBLISHERS AND ADVERTISERS**<br><br>Re: Dkt. No. 110 |

Defendant Google LLC ("Google") and plaintiffs (collectively, "AdTrader") dispute whether and in what form Google may provide notice of this Court's prior discovery order requiring Google to produce information about an agreed sample of publishers and advertisers. AdTrader objects to Google's proposed communication in its entirety, but in the alternative AdTrader says Google's communication should be revised to omit certain text. In addition, AdTrader asks that the Court order Google to comply with prior and future discovery orders without further delay due to Google's desire to provide notice to third parties.

**I.  BACKGROUND**

The parties have agreed to the production of certain data for randomly-selected samples of publishers and advertisers who have participated in Google's Ad Exchange ("AdX") service. Dkt. No. 110 at 1. On January 3, 2019, the Court issued an order resolving a dispute concerning whether the data must include the publishers' and advertisers' names and contact information. Dkt. No. 104 at 2-6.

Google says that prior to making the required production it intends to notify the sampled publishers and advertisers. Specifically, in addition to advising the publishers and advertisers of this Court's order and providing background information about the case, Google proposes to

include the following instruction:

> If you wish to be heard by the court before Google produces this information to the lawyers for the plaintiffs in the lawsuit discussed below, you must (1) file a motion for a protective order in that lawsuit, and (2) provide a copy of the file-stamped motion to us by emailing [Google's outside counsel] by 5 p.m. Pacific Time on February XX, 2019. Whether you choose to file any such motion is entirely up to you. Google cannot give you legal advice.

Dkt. No. 110, at 1-2, Exs. A, B. Google says that such notice is necessary, at least to the publishers and some of the advertisers, because Google's agreements with them require advance notice of the disclosure of their confidential information. Google says the data it has been ordered to provide is confidential.

AdTrader responds that Google has no obligation to provide notice, as the data to be disclosed is not confidential to the publishers or advertisers, but is information generated by Google in the operation of its business. Further, AdTrader objects that Google's proposed communication, and specifically the excerpted text, will spawn unnecessary "satellite litigation" by third parties, when the necessary protections for any confidential information are already in place. Finally, AdTrader objects to Google's delaying its production pending resolution of unwarranted concern about providing notice.

## II.  DISCUSSION

Based on the record presented in the parties' joint submission, the Court is skeptical of Google's claim that it has a legal or contractual obligation to provide notice based on the nature of the data that it must disclose for the sampled publishers and advertisers. However, even if the Court were to find that the data is not confidential to Google's publishers or advertisers, and its disclosure does not require advance notice, the Court's authority to limit Google's (or AdTrader's) communications with putative class members or fact witnesses is informed by First Amendment considerations, which must be balanced against the Court's duty to ensure those communications are not coercive or misleading. *See Kleiner v. The First National Bank of Atlanta*, 751 F.2d 1193, 1203-07 (11th Cir. 1985); *Camp v. Alexander*, 300 F.R.D. 617, 620-21 (N.D. Cal. 2014).

The disputed portion of Google's proposed communication may be read as inviting publishers and advertisers to object to the discovery the Court has already ordered Google to

make.  More specifically, the disputed text is misleading about both the timing of Google's production and the availability of relief from the Court's prior order.  In instructing publishers and advertisers of what they "must" do "if [they] wish to be heard by the court before Google produces this information to the lawyers for the plaintiffs," Google implies that it will delay its production until objections are heard and that the Court will, in fact, hear and resolve objections before Google is required to produce information the Court has already ordered produced.

The Court has already issued an order requiring production of the data responsive to AdTrader's Interrogatories Nos. 7-10.  Google may so inform the sampled publishers and advertisers and may include a neutral explanation of what the case is about, but it may not include the second paragraph of the proposed communication.  In addition, Google's communication should make clear that its designation of the data as "confidential" is pursuant to the protective order that has already been entered.  For the avoidance of doubt, the Court reproduces the text of the permitted communication with the sampled publishers and advertisers as attachments to this order.

Google must produce the data responsive to Interrogatories Nos. 7-10 no later than **March 1, 2018**.

**IT IS SO ORDERED.**

Dated:  February 21, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3

# ATTACHMENT A

**Subject:** Legal Notice About Your Google Publishing Account

Court Order About Your Google Publishing Account

Hello,

Google was ordered by a California federal court to produce information relating to your publishing account. This email serves as notice to you that Google will comply with that court order on [DATE] by providing the name and AccountID (XXX-XXX- XXXX) associated with your account in our records. In addition, Google will produce data showing every instance when your account was debited for invalid activity and the amount of those debits. The court also issued a protective order in this case, and Google will designate your information as confidential pursuant to that protective order. This designation prohibits your information from being publicly disclosed or used for any purpose outside of this lawsuit against Google.

**Please note that this notice has been sent to you by a no-reply email address. Replies sent to [ads-noreply@google.com](ads-noreply@google.com) will not be opened, read, or reviewed.**

**Background on the court order:**

The court order was entered in *AdTrader, Inc., et al. v. Google LLC* pending in the United States District Court for the Northern District of California, Case No. 5:17-cv-07082-BLF. This lawsuit was filed against Google on behalf of a potential class of Google Marketing Platform (previously DoubleClick Bid Manager), Authorized Buyers (previously AdX), and Google Ads (previously AdWords) advertisers. The plaintiffs generally allege that Google failed to provide advertisers credits when it discovered invalid publisher activity.

As part of this lawsuit and a related suit pending before the same court, plaintiffs requested that Google produce information related to the value, frequency, and amount of debits issued for invalid activity detected on randomly-selected publishers' accounts. Your account was among those randomly-selected. Over Google's objection, the court recently ruled that Google must accompany this information with the names of each publisher in question.

It is possible that the plaintiffs' lawyers will use this information to contact you, but this does not make you a party to this case.

Regards,


Google Legal Investigations Support

# ATTACHMENT B

**Subject:** Legal Notice About Your Google Advertising Account

Court Order About Your Google Advertising Account

Hello,

Google was ordered by a California federal court to produce information relating to your advertising account. This email serves as notice to you that Google will comply with that court order on [DATE] by providing the name and customer ID (XXX-XXX- XXXX) associated with your account in our records. In addition, Google will produce 1) the total amount your account was invoiced, by quarter, on **ADX/DBM/ADWORDS**; and 2) the total value of credits you received from Google, by quarter, for ad fraud, spam, or other invalid activity. The court also issued a protective order in this case, and Google will designate your information as confidential pursuant to that protective order. This designation prohibits your information from being publicly disclosed or used for any purpose outside of this lawsuit against Google.

**Please note that this notice has been sent to you by a no-reply email address. Replies sent to ads-noreply@google.com will not be opened, read, or reviewed.**

**Background on the court order:**

The court order was entered in *AdTrader, Inc., et al. v. Google LLC* pending in the United States District Court for the Northern District of California, Case No. 5:17-cv-07082-BLF. This lawsuit was filed against Google on behalf of a potential class of Google Marketing Platform (previously DoubleClick Bid Manager), Authorized Buyers (previously AdX), and Google Ads (previously AdWords) advertisers. The plaintiffs generally allege that Google failed to provide advertisers credits when it discovered invalid publisher activity.

As part of this lawsuit and a related suit pending before the same court, plaintiffs requested that Google produce information related to the levels of advertising spending on various Google services and the value of credits for invalid activity received for a randomly selected group of advertisers. Your account was among those randomly selected. Over Google's objection, the court recently ruled that Google must accompany this information with the names of each of the advertisers in question.

It is possible that the plaintiffs' lawyers will use this information to contact you, but this does not make you a party to this case.

Regards,

Google Legal Investigations Support