**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 17-cv-07082-BLF<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>[Re: ECF 121] |

  Before the Court is Plaintiffs' Administrative Motion for Leave to File Sur-Reply in Support of Opposition to Google LLC's Motion to Dismiss ("Motion") pursuant to Civil Local Rule 7-11. *See* Motion, ECF 119-4. Defendant opposes Plaintiffs' Motion. *See* Opp'n, ECF 123. Plaintiffs "seek leave to present the Court with [purported new] evidence [], in advance of the March 7, 2019 hearing" on Defendant's motion to dismiss. *See* Motion at 1.

  Plaintiffs motion for leave to file a sur-reply is DENIED. First of all, Civil Local Rule 7-3(d) provides that, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except to object to reply evidence or to provide a statement of recent decision. Neither exception applies here. Second, while "new" evidence may be grounds to file an amended complaint, the Court does not find that Plaintiffs have demonstrated "good cause" otherwise warranting a sur-reply. *See, e.g.*, *Hall v. City and County of San Francisco*, 2017 WL 5569829, at *4 (N.D. Cal. Nov. 20, 2017) (denying plaintiff's request to file sur-reply where defendant's reply did not raise new arguments or evidence). Indeed, Plaintiffs do not argue that Defendant's reply serves as a basis for the proposed sur-reply, but instead "extensive new facts" arising from discovery. *See* Motion at 1, 5. New evidence is not appropriately submitted in a sur-reply. *See Rodgers v. Chevys Restaurants, LLC*, 2015

1  WL 909763, at *6 (N.D. Cal. Feb. 24, 2015) (denying motion for leave to file sur-reply containing
2  new evidence on the basis that it is "impermissib[e] [] to present new evidence" in a sur-reply).
3  Moreover, Plaintiffs' proposed sur-reply (ECF 119-6) completely ignores the civil local
4  rules and the undersigned's standing order with respect to text and footnoting requirements. *See,*
5  *e.g.*, Civ. L.R. 3-4(c)(2); Standing Order re Civil Cases § E.5.  A two-page sur-reply with no
6  exhibits may be appropriate in rare circumstances; Plaintiffs' proposed nine-page, single-spaced,
7  non-conforming sur-reply is surely not.
8  For the foregoing reasons, Plaintiffs' motion for leave to file a sur-reply at ECF 121 is
9  DENIED.

**IT IS SO ORDERED.**

Dated: March 4, 2019

_____
BETH LABSON FREEMAN
United States District Judge