UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 17-cv-07082-BLF<br><br>**ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AT ECF 119**<br><br>[Re: ECF 119] |

Before the Court is Plaintiffs' administrative motion to file under seal portions of Plaintiffs' motion for leave to file sur-reply, proposed sur-reply, and a supporting declaration. ECF 119. For the reasons stated below, Plaintiffs' motion to seal is GRANTED.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the

merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative

2

1 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

2 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed Plaintiffs' sealing motion and the declaration submitted by the designating party in support thereof. Plaintiffs sealing request was made "solely because Google has designated information in these documents 'Attorney's Eyes Only' pursuant to the parties' stipulated protective order." *See* Motion at 1 (emphasis removed). Plaintiffs maintain that "none of this information should be sealed because compelling reasons do not exist to maintain its confidentiality." *Id.* Google, on the other hand, argues that these "documents contain highly sensitive non-public, confidential, and proprietary information regarding Google's processes for detecting and addressing invalid activity, its strategic business and financial decisions, and information about its customers." *See* Response at 1, ECF 124.

The Court finds that Google, the designating party, has articulated compelling reasons to seal certain portions of the submitted documents and the proposed redactions are narrowly tailored. The Court notes that Plaintiffs originally filed a similar motion to seal that was terminated when Plaintiffs withdrew the accompanying substantive motion. *See* ECF 116. Prior to termination of the original motion to seal, Google had requested to seal narrower and more targeted portions of those documents. *See* ECF 115, 115-2 to 115-7. Plaintiffs' current proposed redactions are only those narrower and more targeted portions previously identified by Google, and thus reflect Google's proposed, narrowly tailored redactions.

The Court's rulings on the sealing requests are set forth in the table below:

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 119-4 | Plaintiffs' Motion for Leave to File Sur-Reply | GRANTED as to the highlighted portions. | The portions that Defendant seeks to seal contain confidential discussions of the capabilities of Google's systems, Google's financial details, internal strategic decisions by Google, and trade secret methods of detecting invalid activity from potential violators. |

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | *See, e.g.*, Fauconnier-Bank Decl. ¶¶ 23–29, ECF 124-1. |
| | | | Public disclosure of this information could cause competitive harm to Google by releasing its customers' financial and strategic spending information, and by alerting non-compliant publishers to information about Google's abilities to detect invalid activity. *See, e.g.*, *id.* ¶¶ 26, 28. |
| 119-6 | Plaintiffs' proposed Sur-Reply | GRANTED as to the highlighted portions. | The portions that Defendant seeks to seal contain confidential discussions of the capabilities of Google's systems, Google's financial processes, and trade secret methods of detecting invalid activity and associated payment processes from potential violators. *See, e.g.*, Fauconnier-Bank Decl. ¶¶ 4–14, ECF 124-1.<br><br>Public disclosure of this information could cause competitive harm to Google by allowing competitors to view Google's internal decision-making processes and financial details, and by alerting non-compliant publishers to information about Google's abilities to detect invalid activity. *See, e.g.*, *id.* ¶¶ 16, 18. |
| 119-8 | Song Declaration in support of Plaintiffs' Motion for Leave to File Sur-Reply | GRANTED as to the highlighted portions. | The portions that Defendant seeks to seal contain confidential discussions of the capabilities of Google's systems, Google's financial processes, and trade secret methods of detecting invalid activity and associated payment processes from potential violators. *See* Fauconnier-Bank Decl. ¶¶ 30–32, ECF 124-1. |

4

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| | | | Public disclosure of this information could cause significant competitive harm to Google by revealing confidential strategic discussions about why Google's customers choose to work with Google. *Id.* ¶ 32. |

### III. ORDER

For the foregoing reasons, Plaintiffs' sealing motion at ECF 119 is GRANTED. No further action is required as Plaintiffs have already publicly filed the redacted version of each document. *See* ECF 119-3, 122-1, 122-2.

**IT IS SO ORDERED.**

Dated: March 5, 2019

_____
BETH LABSON FREEMAN
United States District Judge