UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE COMMUNICATIONS WITH ADVERTISERS**<br><br>Re: Dkt. No. 143-3 |

Defendant Google LLC ("Google") and plaintiffs (collectively, "AdTrader") dispute whether and in what form Google may communicate with advertisers using Google's DoubleClick Bid Manager ("DBM") who are putative class members in this action. The Court heard oral argument on the matter on May 7, 2019.

Having considered the record before the Court, and the arguments of the parties, the Court concludes that Google may communicate with the DBM advertisers, consistent with the guidelines set forth in this order.

## I. BACKGROUND

Google proposes to send an email message to certain DBM advertisers advising that Google will issue them invalid activity credits or cash refunds for previously-uncredited invalid advertising activity detected between 2012 and late 2017. Google also proposes to communicate with some of its largest DBM advertisers by telephone, but plans to limit those communications to the matters covered in the proposed email message. Many of the DBM advertisers are putative class members in this action.

AdTrader objects to Google's proposed communications in their entirety, arguing that the communications are misleading, particularly with respect to Google's reasons for providing the

credits and refunds. In the alternative AdTrader says Google's proposed email message should be revised to include information alerting the DBM advertisers to the nature and existence of this action and clarifying that Google is not seeking a waiver or release of any claims the advertisers may have in this action—specifically, the following text:

> Please note that a lawsuit on behalf of a potential class of Google Marketing Platform (previously DoubleClick Bid Manager) advertisers is currently pending against Google in the United States District Court for the Northern District of California entitled *AdTrader, Inc., et al. v. Google LLC*, Case No. 5:17-cv-07082-BLF. The plaintiffs generally allege that Google failed to provide advertisers credits when it discovered invalid activity. Google is not issuing these one-time credits in exchange for any waiver or release of your participation in the *AdTrader* action.

Dkt. No. 143-6. AdTrader opposes any unsupervised oral communications between Google and the DBM advertisers. Dkt. No. 143-3 at 5-6.

## II. DISCUSSION

The Court's authority to limit Google's communications with putative class members is informed by First Amendment considerations, which must be balanced against the Court's duty to ensure those communications are not coercive or misleading in a manner that threatens the fairness of the litigation. *In re Apple Inc. Device Performance Litigation*, No. 18-md-02827-EJD, 2018 WL 4998142 at *5-6 (N.D. Cal. Oct. 15, 2018); *Camp v. Alexander*, 300 F.R.D. 617, 620-21 (N.D. Cal. 2014).

AdTrader has two principal objections to Google's proposed email message. First, AdTrader contends that the invalid activity credits and refunds Google intends to provide to DBM advertisers will "substantially eradicate" those advertisers' claims against Google in this case, and that by accepting such credits and refunds the advertisers may unwittingly compromise other benefits they might enjoy from continued participation in a class action. Dkt. No. 143-3 at 4. Second, AdTrader argues that the proposed email message says that Google is providing credits and refunds for previously-uncredited invalid activity because of its "commitment . . . to the highest standards," rather than because it has been forced to do so through plaintiffs' efforts in this litigation, and that Google's favorable marketing spin makes the proposed email message misleading. *Id.*

AdTrader's first objection is less an objection to the proposed communications than an objection to the *fact* of Google providing credits and refunds for much or all of the invalid advertising activity at issue in this case. Although Google intends to argue that the credits or refunds it provides now will offset any damages ultimately awarded to the putative class, the proposed communications do not seek a waiver, release, or compromise of claims of any putative class member. The question of whether Google may proceed to provide such credits and refunds has been raised with the presiding judge and resolved. *See* Dkt. Nos. 134, 138, 139. In these circumstances, the Court concludes that a communication from Google that advises DBM advertisers of the credits or refunds they will receive and the procedures for receiving those credits or refunds is not coercive or misleading in itself simply because the communication does not also disclose that such credits or refunds may provide substantially all of the recovery to which the putative class may be entitled in the action.

With respect to AdTrader's second objection, the parties' dispute reflects a disagreement about the "real" reason Google has decided to provide credits and refunds at this time. For purposes of this motion only, the Court will *assume* that AdTrader is correct and that its efforts in filing and prosecuting this action are the reason Google has decided to issue credits and refunds now. Even so, Google's proposed communication, suggesting that it is providing credits and refunds because of a commitment to the highest standards, is not misleading or coercive in any way that undermines the fairness of the litigation. AdTrader does not argue persuasively that Google's messaging will cause putative class members to accept credits or refunds when they otherwise would have rejected them, or that the messaging will cause putative class members to opt-out of a class if one is certified. Google's messaging to the DBM advertisers at most will enable Google to give its credit/refund program a rosier glow than it may deserve. Google's messaging will not, however, change the facts with regard to whether AdTrader's efforts catalyzed Google's decision to issue credits and refunds at this time, or impact the ultimate determination of whether the putative class members are entitled to additional relief, including an award of attorneys' fees to class counsel. For this reason, the Court concludes that Google's proposed communications do not threaten the fairness of this litigation.

3

Having concluded that Google's proposed email communication to DBM advertisers is not improper, the Court further concludes that Google may also communicate regarding the same matters by telephone with these advertisers. Google advises the Court that it may be necessary to engage in such communications with those advertisers that have the largest accounts because the logistics of processing the credits and refunds may be complex. Google states that its representatives will be instructed not to comment on the pending litigation, but only to answer questions regarding the credit/refund program described in the proposed email communication. On that basis, the Court concludes that the Google's proposed oral communications with DBM advertisers are unlikely to mislead or coerce putative class members.

**IT IS SO ORDERED.**

Dated: May 8, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge