# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., et al., Plaintiffs, v. GOOGLE LLC, Defendant. | Case No. 17-cv-07082-BLF<br><br>**ORDER DENYING SEALING MOTIONS AT ECF 132 AND 142**<br><br>[Re: ECF 132, 142] |

Before the Court are two related administrative motions to seal portions of the briefing and exhibits in connection with Plaintiffs' motion for subsequent case management conference. ECF 132, 142. Plaintiffs' motion at ECF 132 seeks to seal portions of five documents based solely on Google's designations—i.e., Google is the sole designating party. *See* Plaintiffs' Motion at 1, ECF 132. Plaintiffs argue that neither good cause nor compelling reasons exist to seal any of this information. *See id.* Google's response (which was filed as a motion) at ECF 142 seeks to seal narrowed portions of only three of the five documents. *See* Google's Motion at 1, ECF 142.

For the reasons stated below, both motions to seal are DENIED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden

of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under

2

the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The instant sealing motions are brought in connection with documents that do not relate to the merits of the case, and thus the "good cause" standard applies. Google's proposed redactions are directed to a specific monetary amount that Google apparently is seeking to issue as a credit to certain advertisers using Google's platform. Plaintiffs argue that "the amount of [Google's] proposed refund is not the type of information that courts keep hidden from the public" and that Google has not shown good cause to seal the specific amount. *See* Opp'n at 1, ECF 145.

The Court agrees that the specific monetary amount and surrounding proposed redactions are not subject to sealing. Google's declaration in support of sealing claims that "[p]ublic disclosure of this information would cause significant competitive harm to Google." *See* Chang Decl. ¶ 4, ECF 142-1. However, the "good cause" standard requires a "particularized showing"— that "specific prejudice or harm will result" if the information is disclosed, *see Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Here, Google asserts only broad allegations of harm tied to the specific monetary amount and surrounding proposed redactions, "unsubstantiated by specific examples of articulated reasoning." *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Indeed, "[t]he mere fact that the [information to be sealed] may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Such is the case

here. The Court's rulings on the sealing requests are set forth in the table below.

| ECF No. | Document to be Sealed: | Result | Reasoning |
|---|---|---|---|
| 132-3 142-6 | Plaintiffs' Motion for Subsequent Case Management Conference and Motion for Rule 23(d) Relief | DENIED as to the portions identified at 1:9, 1:15-16, 3:10, 3:24, 5:1. | Google has failed to show good cause to seal the identified portions. |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder of this document. |
| 132-5 142-7 | Declaration of Randolph Gaw in support of Plaintiffs' Motion | DENIED as to the portion identified at 1:19. | Google has failed to show good cause to seal the identified portions. |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder of this document. |
| 132-6 | Ex. 1 to Gaw Declaration | DENIED. | Google, the designating party, does not seek to seal this document. *See* ECF 142 at 1. |
| 132-8 | Ex. 2 to Gaw Declaration | DENIED. | Google, the designating party, does not seek to seal this document. *See* ECF 142 at 1. |
| 132-10 142-8 | Ex. 3 to Gaw Declaration | DENIED as to the portions identified at 86:7, 86:12-15, 86:21-22, 86:24, 102:5, 102:17-18, 229:3-15, 229: 9-22, 295:10- 23, 296:2, 296:4, 296:7, 296:9- 22, 302:3-17, 303:1. | Google has failed to show good cause to seal the identified portions. |
| | | DENIED as to the remainder. | Google, the designating party, does not seek to seal the remainder of this document. |

For the foregoing reasons, Plaintiffs' motion at ECF 132 is DENIED, and Google's motion at ECF 142 is DENIED. The submitting party must file the unredacted documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order. Civ. L.R. 79-5(e)(2).

**IT IS SO ORDERED.**

Dated: May 8, 2019

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge