1   COOLEY LLP
    MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2   JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
    KYLE C. WONG (224021) (kwong@cooley.com)
3   101 California Street
    5th Floor
4   San Francisco, CA  94111-5800
    Telephone:   (415) 693-2000
5   Facsimile:   (415) 693-2222

6   Attorneys for Defendant
    GOOGLE LLC

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  ADTRADER, INC., CLASSIC AND FOOD          Case No. 5:17-CV-7082-BLF
    EOOD, LML CONSULT LTD., AD
13  CRUNCH LTD., FRESH BREAK LTD., and         **DEFENDANT GOOGLE LLC'S RESPONSES
    SPECIALIZED COLLECTIONS BUREAU,            TO PLAINTIFFS' SECOND AMENDED
14  INC.,                                      CLASS ACTION COMPLAINT**

15                  Plaintiff,

16       v.

17  GOOGLE LLC,

18                  Defendant.

19

20       Defendant Google LLC ("Google"), by and through its undersigned counsel, hereby responds

21  to Plaintiffs' Second Amended Class Action Complaint ("SAC") as follows:

22       1.      In response to paragraph 1, Google admits that it operates the online advertising service

23  currently known as Google Ad Manager, which was formally called DoubleClick Ad Exchange or

24  AdX.  Google admits that AdX offers services both for website publishers selling advertising space

25  on their sites and advertisers seeking to buy advertising space on the Internet.  Google admits that web

26  publishers are generally paid a portion of the revenues Google receives for ads displayed on the

27  publisher's websites.  Google admits that its total global revenue from online advertising generally

28  amounts to billions of dollars per year.  The remainder of paragraph 1 consists of Plaintiffs' argument

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.       DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

1   and characterization of their allegations and does not require a response, to the extent a response is

2   required, Google denies all the allegations therein.

3        2.      In response to paragraph 2, Google admits that Plaintiff AdTrader used the publisher

4   side of Google's AdX service for several years.  Google admits that it terminated Plaintiff AdTrader's

5   publisher side AdX account due to AdTrader's violations of Google's policies and made no further

6   payments to AdTrader for its AdX publisher account after the termination.  Google denies all other

7   allegations in the remainder of paragraph 2.

8        3.      In response to paragraph 3, Google's responses to written discovery speak for

9   themselves and do not require a response.  The remainder of paragraph 3 consists of Plaintiffs'

10  argument, legal conclusions, and characterization of their allegations and does not require a response,

11  to the extent a response is required, Google denies all the allegations therein.

12       4.      In response to paragraph 4, Google admits that it operates the online advertising service

13  formally known as DoubleClick Bid Manager or DBM.  Google admits that advertisers may use DBM

14  to purchase advertising space on AdX and other advertising networks.  Google admits that it operates

15  the online advertising platform known as AdSense.

16       5.      In response to paragraph 5, Google admits that one of its employees used the quoted

17  words in 2017 but notes that Plaintiffs have broken up the statement to characterize it in a specific

18  manner, which does not require a response.  While Google notes that the SAC is ambiguous as to what

19  constitutes a refund or credit for invalid activity, Google denies that it did not provide any refunds or

20  credits for invalid ad activity it detected on DBM until recently.  Google lacks sufficient knowledge

21  or information to admit or deny what expectations DBM advertisers had, and on that basis denies the

22  allegation.  The remainder of paragraph 5 consists of Plaintiffs' argument, legal conclusions, and

23  characterization of their allegations and does not require a response; to the extent a response is required

24  Google denies all the allegations therein.

25       6.      Paragraph 6 consists entirely of Plaintiffs' legal argument and characterization of their

26  allegations and does not require a response; to the extent a response is required, Google denies all the

27  allegations therein.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

**PARTIES**

7.      In response to paragraph 7, Google admits that Plaintiff AdTrader has contracted with Google under the names AdTrader and AdTradr.  Google lacks sufficient information to admit or deny the remaining allegations of paragraph 7 and on that basis denies all remaining allegations in paragraph 7.

8.      In response to paragraph 8, Google lacks sufficient information to admit or deny all the allegations of paragraph 8 and on that basis denies all allegations in paragraph 8.

9.      In response to paragraph 9, Google lacks sufficient information to admit or deny all the allegations of paragraph 9 and on that basis denies all allegations in paragraph 9.

10.     In response to paragraph 10, Google lacks sufficient information to admit or deny all the allegations of paragraph 10 and on that basis denies all allegations in paragraph 10.

11.     In response to paragraph 11, Google lacks sufficient information to admit or deny all the allegations of paragraph 11 and on that basis denies all allegations in paragraph 11.

12.     In response to paragraph 12, Google lacks sufficient information to admit or deny all the allegations of paragraph 12 and on that basis denies all allegations in paragraph 12.

13.     In response to paragraph 13, Google admits that it is a Delaware limited liability company with its principle place of business in California and was formally known as Google Inc. at the time of its first contract with Plaintiff AdTrader.

**JURISDICTIONAL STATEMENT**

14.     In response to paragraph 14, Google does not contest diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) at this time, but reserves all rights, defenses, and arguments as the case develops.  Google lacks knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and on that basis denies these allegations.

15.     In response to paragraph 15, Google does not contest that this Court has personal jurisdiction over it in this action. Google admits that it is authorized to do business in California and, Google admits that its contracts with Plaintiffs AdTrader and Specialized Collections Bureau provide that the parties consent to jurisdiction in this Court.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

16.     In response to paragraph 16, Google does not contest venue in this Court and admits that it resides in and regularly conducts business in this federal judicial district.  Google admits that its contracts with Plaintiffs AdTrader and Specialized Collections Bureau have forum selection clauses requiring all disputes be brought in the state or federal courts of Santa Clara County, California.

## INTRADISTRICT ASSIGNMENT

17.     In response to paragraph 17, Google does not contest assignment to this Court.  Google admits that its headquarters is in Mountain View, California.

## FACTUAL ALLEGATIONS

### Google's Advertising Business

18.     In response to paragraph 18, Google admits that it receives advertising revenues from ads placed both on webpages owned by Google and webpages that belong to third parties.  Google admits that it sometimes refers to these websites as "Google Network Members" (sometimes abbreviated as "GNM").  Google lacks sufficient knowledge or information to admit or deny whether it is the largest advertising business in the world and on that basis denies those allegations.  The remainder of paragraph 18 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

19.     In response to paragraph 19, Google admits that it contracts with websites owned by third parties to display advertising space that Google sells to advertisers.  Google admits that it sometimes refers to these websites as "Google Network Members."  Google admits that, consistent with its contracts and policies, Google pays Google Network Members a portion of the revenues Google receives from advertisers who purchase ads on the Google Network Member's website.

20.     In response to paragraph 20, Google admits that it offers different pricing models to advertisers, including paying by the click or by impression.

21.     In response to paragraph 21, Google admits that it generally tracks the revenue associated with advertisers' purchases of online ads on GNM websites.  The remainder of paragraph 21 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

22.     In response to paragraph 22, Google admits that in calendar year 2017 it received over $17 billion in advertising revenue based on ad sales on Google Network Members' webpages.

**Google's DoubleClick Ad Exchange (AdX)**

23.     In response to paragraph 23, Google admits that it offers services both for publishers selling advertising space and advertisers seeking to buy advertising space.  Google admits that third party publishers who participate in these services are generally paid part of the revenue Google receives for ads displayed on their websites.  Google admits that the service currently known as Google Ad Manager, formally known as AdX, is one such service.

24.     In response to paragraph 24, Google admits that it has described AdX using the quoted language.  Google admits that AdX allows publishers to sell and advertisers to buy advertising space from multiple sources on a single platform.

25.     In response to paragraph 25, Google admits that publishers can sell ad space directly through AdX.  Google admits that publishers may also contract with third parties who can sell advertising space on their behalf.  Google admits that it sometimes refers to these sellers who use their AdX accounts to sell ad space on behalf of third parties as Network Partner Managers or NPMs.  The remainder of paragraph 25 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

26.     In response to paragraph 26, Google admits that advertisers may directly purchase ad space through AdX.  Google admits that advertisers may also contract with advertising agencies to buy advertising space through AdX on their behalf.  Google admits that it sometimes refers to advertising agencies as advertising networks.  The remainder of paragraph 26 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

27.     In response to paragraph 27, Google admits that advertisers may purchase advertising space on AdX and AdSense publisher websites through Google's AdWords advertising service.  Google admits that the default settings for Google's Advertising services allow ads to be displayed on AdX.  Google denies all other allegations in the remainder of paragraph 27.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

28. In response to paragraph 28, Google lacks sufficient information to admit or deny the all the allegations of paragraph 28 and on that basis denies.

**Google's DoubleClick Bid Manager (DBM)**

29. In response to paragraph 29, Google admits that advertisers can purchase online ads on AdX through a DSP.

30. In response to paragraph 30, Google admits that a DSP is a program or service that allows advertisers to access multiple online advertising services.

31. In response to paragraph 31, Google admits that it owns and operates the DSP currently known as DV 360, which was formally called DBM. Google admits that DBM matches advertisers seeking to buy advertising space with publishers seeking to sell advertising space. Google admits that it sends advertisers who use DBM invoices for their ad expenditures after the relevant billing period has concluded based on the pricing model for that specific advertiser. Google admits that its contracts with these advertisers generally call for them to promptly pay Google for the amounts invoiced. Google admits that it generally passes the bulk of the revenues it receives on to the publisher-side ad exchange and keeps the remainder. Google lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 31 and on that basis denies all remaining allegations in paragraph 31.

32. In response to paragraph 32, Google admits that advertisers can buy advertising space from an AdX or AdSense publisher through DBM. Google denies that the majority of ad buys made on DBM are placed on AdX publisher websites. Google lacks sufficient knowledge or information to admit or deny whether the CEO of AppNexus made the statement attributed to them in paragraph 32 and on that basis denies the allegation. Google lacks sufficient knowledge or information to admit or deny what is well known throughout the advertising industry and what topics are openly discussed between advertising executives and on that basis denies the allegation

33. In response to paragraph 33, Google admits that when an advertiser purchases an ad through DBM that is placed on an AdSense or AdX publisher website, Google will generally receive payment from the advertiser and make a payment to the publisher. The remainder of paragraph 33 consists of Plaintiffs' argument and characterization of their allegations and does not require a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

response; to the extent a response is required, Google denies all the allegations therein.

**Google's Contracts with AdX Publishers**

34.     In response to paragraph 34, Google admits that publishers must sign a contract sometimes known as the AdX Publisher Agreement before participating in AdX and that Exhibit 1 to the SAC appears to be a copy of the AdX Publisher Agreement signed by Plaintiff AdTrader on June 19, 2014.

35.     In response to paragraph 35, Google admits that the paragraph provides a partial quote of section 8.2 of the AdX Publisher Agreement.  The remainder of paragraph    35    consists   of Plaintiffs' argument, legal conclusions, and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

36.     In response to paragraph 36, Google admits that the paragraph provides a partial quote of section 13.2 of the AdX Publisher Agreement.  The remainder of paragraph 36 consists of Plaintiffs' argument, legal conclusions, and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

37.     Paragraph 37 consists entirely of Plaintiffs' argument, legal conclusions, and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

**Google's Contracts with Advertisers**

38.     In response to Paragraph 38, Google admits that advertisers who wish to use the AdX service must sign a contract sometimes called the DoubleClick Ad Exchange Master Service Agreement.  Google admits that Exhibit 2 appears to be a copy of the DoubleClick Ad Exchange Master Service Agreement signed by Plaintiff AdTrader on April 1, 2016.  Google admits that after signing this agreement advertisers are generally given access to the advertiser side AdX platform sometimes known as AdX Buyer.

39.     In response to paragraph 39, Google admits that advertisers who wish to use the DBM service must sign a contract sometimes called the DBM Agreement.  Google admits that Exhibit 3 appears to be a copy of the DBM Agreement signed by Plaintiff AdTrader on March 11, 2016.  Google denies that an advertiser may not purchase ad space on AdX publisher websites through DBM unless

7.

they have signed contracts for both DBM and AdX.  Google lacks sufficient information to admit or deny whether the invoices referenced in paragraph 39 were for purchases AdTrader made through DBM or AdX and on that basis denies the allegation.  The remainder of paragraph 39 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

40.     In response to paragraph 40, Google admits that advertisers who wish to use the AdWords service must agree to a contract sometimes called the Advertising Program Terms.  Google admits that Exhibit 4 appears to be a copy of the AdWords Agreement agreed to by Plaintiff AdTrader on February 21, 2013.

**Google's Repeated Promises to Issue Refunds or Credits to Advertisers for Invalid Activity**

41.     In response to paragraph 41, Google admits that certain of its webpages state that Google attempts to detect fraudulent or otherwise invalid ad traffic and that Google issues or attempts to issue credits or refunds to advertisers under certain circumstances.  Google denies all other allegations in the remainder of paragraph 41.

42.     In response to paragraph 42, Google admits that it has posted the quoted statement on its webpages for at least some portion of the time period at issue in this complaint.  Google admits that Exhibit 7 appears to be a printout of one of Google's webpages containing that statement.

43.     In response to paragraph 43, Google admits that it has posted the quoted statement on its webpages for at least some portion of the time period at issue in this complaint.  Google admits that Exhibit 8 appears to be a printout of one of Google's webpages containing that statement.

44.     In response to paragraph 44, Google admits that it has posted the quoted statement on its webpages since at least late 2017.  Google admits that Exhibit 6 appears to be a printout of one of Google's webpages containing that statement.

45.     In response to paragraph 45, Google admits that it has posted the quoted statement on its webpages for at least some portion of the time period at issue in this complaint.  Google admits that it attempts to detect invalid ad activity on all of its online advertising services.  The remainder of paragraph 45 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

CooLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

**Background on Plaintiffs and Their Use of AdX**

46.     In response to paragraph 46, Google admits that Plaintiff AdTrader appears to have acted as both a purchaser and seller of online advertising space using Google's services.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies.

47.     In response to paragraph 47, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff AdTrader, and on that basis denies.

48.     In response to paragraph 48, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff AdTrader, and on that basis denies.

49.     In response to paragraph 49, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff AdTrader, and on that basis denies.

50.     In response to paragraph 50, Google denies that AdTrader's publisher clients complied with Google's policies.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 50, and on that basis denies all other allegations therein.

51.     In response to paragraph 51, Google admits that AdTrader used Google's AdX publishing services for the last three years, but, to the extent Google understands the allegations, denies that it had "worked extensively" with AdTrader.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 51, and on that basis denies.

52.     In response to paragraph 52, Google admits that its employees communicated with AdTrader employees through various channels.  Google admits that these employees included Balint Torok, Rachad Saddi and Anthony Nakache.  Google denies its employees reassured AdTrader that it and its publisher clients were in compliance with Google's policies.  Google denies that Balint Torok referred other AdX publishers to AdTrader for help and advice.  The remainder of paragraph 52 consists of Plaintiffs' arguments and characterization of their allegations and does not require a response; to the extent a response is required Google denies all of the allegations therein.

53.     In response to paragraph 53, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff Classic, and on that basis denies.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

**DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF**

54.     In response to paragraph 54, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff LML, and on that basis denies.

55.     In response to paragraph 55, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff Ad Crunch, and on that basis denies.

56.     In response to paragraph 56, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff Fresh Break, and on that basis denies.

57.     In response to paragraph 55, Google admits that SCB used the AdWords advertising service.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies all remaining allegations.

**Google Initiates Direct Contact with DingIt, a Key Client of AdTrader.**

58.     In response to paragraph 58, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff AdTrader and Dingit, and on that basis denies.

59.     In response to paragraph 59, Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff AdTrader and Dingit, and on that basis denies.

60.     In response to paragraph 60, Google admits that it had what appeared to be a copy of a contract between AdTrader and DingIt since at least May 17, 2017.  Google admits that its employees discussed AdTrader's relationship with DingIt in early to mid-2017.  Google admits that NPMs must generally register new domains that they seek to sell advertising space on with Google.  The remainder of paragraph 60 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

61.     In response to paragraph 61, Google admits that Pavel Pimshin contacted AdTrader on or about May 12, 2017.  Google admits that Mr. Pimshin asked AdTrader to have DingIt contact Google directly and requested that AdTrader provide a copy of its contract with DingIt.  The allegation regarding when Google "typically" works directly with a publisher is Plaintiffs' argument and characterization of their allegations and no response is required; to the extent a response is required Google denies the allegation.  Google denies all remaining allegations in paragraph 61.

62.     In response to paragraph 62, Google admits that AdTrader connected a person who appeared to be Adam Simmons to it via e-mail on May 15, 2017.  Google admits that AdTrader had

supplied what appeared to be a copy of a contract between AdTrader and DingIt to Google.  Google admits that Adam Simmons corresponded with Pavel Pimshin directly via e-mail.  The remainder of this paragraph consists of Plaintiffs' arguments and characterization of their allegations and does not require a response; to the extent a response is required Google denies all of the allegations therein.

**Google Suddenly Terminates AdTrader's AdX Account and Withholds Its Earnings.**

63.     In response to paragraph 63, Google admits that it terminated AdTrader's AdX account on May 19, 2017.  Google admits that it sent an e-mail to AdTrader informing it of the termination that is partially quoted in paragraph 63.  Google admits that it made no further payments to AdTrader as an AdX publisher after this date.  The remainder of paragraph 63 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

64.     In response to paragraph 64, Google denies that AdTrader and its publisher clients complied with the terms and policies of Google's services.  Google denies that it had confirmed to AdTrader that it and its publisher clients were in compliance with Google's terms and policies.  Google denies that it had held AdTrader as a model for compliance with Google's policies to other AdX publishers.   Google lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies all remaining allegations.

65.     In response to paragraph 65, the content of Google's termination notice speaks for itself.  Apart from the content of that notice paragraph 65 consists entirely of Plaintiffs' legal argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

66.     In response to paragraph 66, Google lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies.

**Google Refuses to Tell AdTrader Why It Terminated AdTrader's AdX Account and Withheld Its Earnings, and Summarily Denies AdTrader's Appeal.**

67.     In response to paragraph 67, Google admits that the quoted statement appears on one of its webpages and that Exhibit 5 appears to be a printout of that page.  Google denies that it did not tell AdTrader the identities of specific publishers who had violated Google's policies.  Google lacks

sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies all other allegations.

68.     In response to paragraph 68, Google admits that AdTrader submitted an appeal of its termination.  Google admits the appeal form is a standardized document but denies this allegation to the extent Plaintiffs claim the appeal form provides no meaningful ability to furnish information. Google denies that it did not tell AdTrader the identities of specific publishers who had violated Google's policies.   The remainder of paragraph 68 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

69.     In response to paragraph 69, Google admits that it rejected AdTrader's appeal.  Google admits that it used a form e-mail to inform AdTrader that its appeal had been rejected.  Google denies that nobody at Google reviewed AdTrader's appeal.  Google denies that its appeal form conveys minimal information.  Google denies that it is only an illusion that it might re-instate a publisher after termination.

70.     In response to paragraph 70, Google admits that AdTrader sent additional messages to Google personnel regarding its termination.   Google admits that it did not provide additional information to AdTrader after its appeal was denied.  The remainder of paragraph 70 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

71.     In response to paragraph 71, Google denies that Mr. Torok gave the warning to AdTrader alleged in paragraph 71.  The remainder of paragraph 71 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

72.     In response to paragraph 72, Google denies that it entered into a direct relationship with DingIt.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph, and on that basis denies all remaining allegations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

**Google Misrepresents That All of the Activity on AdTrader's AdX Account Was Invalid, and That All of Its Earnings Were Being Refunded to Advertisers.**

73.     In response to paragraph 73, Google admits that Mr. Nakache spoke by phone with representatives from Plaintiff AdTrader on or about May 24, 2017.  The remainder of paragraph 73 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

74.     In response to paragraph 74, Google lacks sufficient knowledge or information to admit or deny whether the conversation was recorded and whether this paragraph lays out the words spoken in that conversation verbatim, and on that basis denies the allegations.  The remainder of paragraph 74 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

75.     In response to paragraph 75, Google's written discovery responses speak for themselves and do not require a response.  The remainder of paragraph 75 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

76.     In response to paragraph 76, Google's written discovery responses speak for themselves and do not require a response.  Google denies that it withheld $476,622.69 in "accrued AdX earnings" from AdTrader.  The remainder of paragraph 75 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

77.     In response to paragraph 77, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's ad activity, and on that basis denies.

78.     In response to paragraph 78, Google lacks sufficient knowledge or information to admit or deny the allegations, and on that basis denies.

79.     In response to paragraph 79, Google lacks sufficient knowledge or information to admit or deny the allegations, and on that basis denies.

80.     In response to paragraph 80, Google lacks sufficient knowledge or information to admit

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.     DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

1   or deny the allegations, and on that basis denies.

2        81.    In response to paragraph 81, Google admits that it determined that some ad activity on

3   AdTrader's publishing clients was invalid and did not pay AdTrader or its publishers for that invalid

4   activity.  Google admits that it gives separate invoices for ad buys made through DBM and for

5   AdWords when an advertiser has an account under both services.  Google lacks sufficient knowledge

6   or information to admit or deny the remaining allegations in paragraph 81, and on that basis denies all

7   remaining allegations.

8        82.    In response to paragraph 82, Google admits that AdTrader's AdWords' invoices

9   occasionally reflected credits to its account for invalid activity.  Google denies that it has not been

10   issuing refunds or credits for AdWords advertisements displayed on AdX publisher websites that it

11   subsequently determined to be invalid.  The remainder of paragraph 82 consists of Plaintiffs' argument

12   and characterization of their allegations and does not require a response; to the extent a response is

13   required, Google denies all the allegations therein.

14        83.    In response to paragraph 83, Google lacks sufficient information to admit

15   or deny the allegations, and on that basis denies.

16        84.    In response to paragraph 84, Google lacks sufficient information to admit

17   or deny the allegations, and on that basis denies.

18   **Google Publicly Acknowledges That Its Promises to Refund Advertisers for Invalid Traffic**
**Were Not True with Respect to DBM.**

19

20        85.    In response to paragraph 85, Google denies that it did not issue credits or refunds for

21   invalid ad activity.  The remainder of paragraph 85 consists of Plaintiffs' argument and

22   characterization of their allegations and does not require a response; to the extent a response is

23   required, Google denies all the allegations therein.

24        86.    In response to paragraph 86, Google admits that the Wall Street Journal published an

25   article in August, 2017 reporting on invalid online ad activity.  The article in question speaks for itself

26   and the allegations regarding it do not require a response; to the extent a response is required, Google

27   denies the allegations.  The remainder of paragraph 85 consists of Plaintiffs' argument and

28   characterization of their allegations and does not require a response; to the extent a response is

Cooley LLP
Attorneys At Law
San Francisco

14.

**Defendant Google LLC's Responses to
AdTrader, Inc.'s Second Amended Class Action
Complaint - Case No. 5:17-cv-7082-BLF**

1   required, Google denies all the allegations therein.

2        87.    In response to paragraph 87, Google denies it that used the words quoted in this

3   paragraph in response to the Wall Street Journal article.  Google denies that "the vast majority of

4   advertisements purchased on DBM go to AdX publisher websites (or AdSense publisher websites)."

5   Google admits that it regularly withholds payments from publishers where it determines ad activity is

6   invalid.  The remainder of paragraph 87 consists of Plaintiffs' argument and characterization of their

7   allegations and does not require a response; to the extent a response is required, Google denies all the

8   allegations therein.

9        88.    In response to paragraph 88, Google admits that on September 1, 2017 it announced

10  that it was adding an arbitration clause to the AdWords agreement.  Google admits that the arbitration

11  clause can apply to disputes based on facts, which arose before September 1, 2017.  Google admits

12  that the quoted language appeared in a prior version of its Advertising Program Terms.  Google denies

13  that the changes were made in response to the August, 2017 Wall Street Journal article on invalid ad

14  activity.  Google denies that Google had not been issuing refunds or credits for invalid ad activity

15  before the article was published.  The remainder of paragraph 88 consists of Plaintiffs' argument and

16  characterization of their allegations and does not require a response; to the extent a response is

17  required, Google denies all the allegations therein.

18       89.    In response to paragraph 89, Google admits that one of its employees gave a statement

19  to The Register that included language quoted in this paragraph.  Google denies that before filing this

20  lawsuit it was not issuing refunds or credits to DBM advertisers for invalid ad activity.  The remainder

21  of paragraph 89 consists of Plaintiffs' argument and characterization of their allegations and does not

22  require a response; to the extent a response is required, Google denies all the allegations therein.

23  **CLASS ACTION ALLEGATIONS**

24       90.    Paragraph 90 sets forth Plaintiffs' proposed class definition prior to Plaintiffs' motion

25  to amend their class definitions, filed on November 19, 2018 and does not require a response, to the

26  extent a response is required, Google denies all the allegations therein.

27       91.    Paragraph 91 sets forth Plaintiffs' proposed class definition prior to Plaintiffs' motion

28  to amend their class definitions, filed on November 19, 2018 and does not require a response, to the

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.    DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

1    extent a response is required, Google denies all the allegations therein.

2        92.    Paragraph 92 sets forth Plaintiffs' proposed class definition prior to Plaintiffs' motion

3    to amend their class definitions, filed on November 19, 2018 and does not require a response, to the

4    extent a response is required, Google denies all the allegations therein.

5        93.    Paragraph 93 sets forth Plaintiffs' proposed class definition prior to Plaintiffs' motion

6    to amend their class definitions, filed on November 19, 2018 and does not require a response, to the

7    extent a response is required, Google denies all the allegations therein.

8        94.    Paragraph 94 states Plaintiffs' position regarding amendment to the class definition and

9    does not require a response, to the extent a response is required, Google denies all the allegations

10   therein.

11       95.    Paragraph 95 sets forth Plaintiffs' proposed class definition prior to Plaintiffs' motion

12   to amend their class definitions, filed on November 19, 2018 and does not require a response, to the

13   extent a response is required, Google denies all the allegations therein.

14       96.    In response to paragraph 96, Google admits that Plaintiffs purport to bring this action

15   as a class action.  Google denies that this action can be maintained as a class action under the Federal

16   Rules of Civil Procedure.

17       97.    In response to paragraph 97, Google admits that the putative classes, as defined by

18   Plaintiffs would collectively include tens of thousands of advertisers at this time.  The remainder of

19   paragraph 97 consists of Plaintiffs' legal arguments and conclusions and does not require a response,

20   to the extent a response is required, Google denies all the allegations therein.

21       98.    Paragraph 98 consists entirely of Plaintiffs' legal arguments and conclusions and does

22   not require a response, to the extent a response is required Google denies all the allegations therein.

23                        **ADTRADER'S INDIVIDUAL CLAIMS FOR RELIEF**

24                              <u>**FIRST CAUSE OF ACTION:**</u>
                          **Breach of Contract (AdX Publisher Agreement)**
25                              **by AdTrader Against Google**
                                    **(Individual Claim)**
26

27       99.    In response to paragraph 99, as Plaintiffs only reference other paragraphs of the SAC

28   in this paragraph, Google incorporates its responses to all the preceding paragraphs.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16.    DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

100.    In response to paragraph 100, Google admits that AdTrader entered into the AdX Publisher Agreement with Google.  The remainder of paragraph 100 consists of Plaintiffs' legal arguments and conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein.

101.    In response to paragraph 101, Google admits that AdTrader's publisher clients displayed advertisements.  Google admits that it received revenue for advertisements displayed on AdTrader's publisher websites.  Google denies all remaining allegations in this paragraph.

**Google Breaches By Withholding AdTrader's Accrued Earnings**

102.    Paragraph 102 consists entirely of Plaintiffs' legal arguments and conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein.

103.    In response to paragraph 103, Google admits that this paragraph partially quotes Section 8.2(a) of the AdX Publisher Agreement.  The remainder of paragraph 103 consists of Plaintiffs' legal conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein.

104.    In response to paragraph 104, Google admits that this paragraph partially quotes Section 8.2(b) of the AdX Publisher Agreement.  The remainder of this paragraph consists of Plaintiffs' legal arguments and conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein.            `

105.    In response to paragraph 105, Google admits that this paragraph partially quotes Google's responses to written discovery in this action, which speak for themselves and do not require a response.  The remainder of this paragraph consists of Plaintiffs' legal arguments and conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein.

106.    In response to paragraph 106, Google admits that this paragraph contains a partial quotation from the AdX Publisher Agreement.  The remainder of paragraph 106 consists of Plaintiffs' legal arguments and conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17.

**DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF**

107.    In response to paragraph 107, the termination notice Google sent AdTrader speaks for itself and does not require a response.  Google denies that Balint Torok made any of the statements attributed to him in this paragraph.  The remainder of paragraph 107 consists of Plaintiffs' argument and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

108.    In response to paragraph 108, Google denies that AdTrader's publisher clients complied with Google's policies.  Google denies that it confirmed to AdTrader that AdTrader and AdTrader's publisher clients were in compliance with Google's policies.

109.    In response to paragraph 109, Google lacks sufficient knowledge or information to admit or deny the allegations regarding whether AdTrader's clients continued to sell ad space through AdX, and on that basis denies the allegations.  The remainder of paragraph 109 consists of Plaintiffs' legal arguments and conclusions and does not require a response, to the extent a response is required Google denies all the allegations therein

110.    In response to paragraph 110, Google admits that this paragraph contains a partial quotation from the e-mail Google sent to AdTrader informing it that its publisher account had been terminated.  Google admits that it uses the term "publisher" to refer to NPMs.  Google lacks sufficient knowledge or information to admit or deny the allegation that AdTrader's publisher clients remain active on AdX and on that basis denies.  The remainder of paragraph 110 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

111.    In response to paragraph 111, Google lacks sufficient knowledge or information to admit or deny the allegation regarding AdTrader's "Policy Violations" page and on that basis denies the allegation.  Google denies that it did not give AdTrader any prior notice that AdTrader had breached the AdX Publisher Agreement.

112.    Paragraph 112 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18.

**DEFENDANT GOOGLE LLC'S RESPONSES TO ADTRADER, INC.'S SECOND AMENDED CLASS ACTION COMPLAINT - CASE NO. 5:17-CV-7082-BLF**

113.     Paragraph 113 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

114.     Paragraph 114 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

115.     Paragraph 115 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

**Google Breaches By Improperly Terminating the AdX Account**

116.     Paragraph 116 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

117.     In response to paragraph 117, Google admits that that this paragraph contains a partial quotation from the e-mail Google sent to AdTrader informing it that its publisher account had been terminated.  Google admits that this paragraph contains a partial quotation from the AdX Publisher Agreement.  The content of AdTrader's termination notice speaks for itself and does not require a response.  The remainder of this paragraph consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

118.     In response to paragraph 118, Google admits that this paragraph and subparagraphs contain partial quotations from the AdX Publisher Agreement.  The content of AdTrader's termination notice speaks for itself and does not require a response.  The remainder of this paragraph consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

119.     Paragraph 119 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

120.     Paragraph 120 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

**SECOND CAUSE OF ACTION:**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(AdX Publisher Agreement)**
**by AdTrader against Google**
**(Individual Claim)**

121.     In response to paragraph 121, Plaintiffs reference paragraphs of the SAC in this paragraph, Google incorporates its responses to all the preceding paragraphs.  The remainder of this paragraph pertains to Plaintiff AdTrader's individual cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

122.     Paragraph 122 pertains to Plaintiff AdTrader's individual cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

123.     Paragraph 123 pertains to Plaintiff AdTrader's individual cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations..

124.     Paragraph 124 pertains to Plaintiff AdTrader's individual cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations..

125.     Paragraph 125 pertains to Plaintiff AdTrader's individual cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations..

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

### THIRD CAUSE OF ACTION:
**Intentional Interference with Contract**
**by AdTrader against Google**
**(Individual Claim)**

126.     In response to paragraph 126, Plaintiffs only reference paragraphs of the SAC in this paragraph, Google incorporates its responses to all the preceding paragraphs.

127.     In response to paragraph 127, Google admits that it knew that AdTrader had a contractual relationship with DingIt to sell advertising space on Google's services since at least May 17, 2017.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 127 and on that basis denies.

128.     In response to paragraph 128, Google lacks sufficient information to admit or deny the allegation that AdTrader was unable to remit earnings it owed to DingIt and on that basis denies.  The remainder of paragraph 128 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

129.     In response to paragraph 129, Google lacks sufficient information to admit or deny whether AdTrader could perform its contractual relationship with DingIt.   The remainder of paragraph 129 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

130.     In response to paragraph 130, Google admits that it had a copy of AdTrader's contract with DingIt.  Google admits that it has worked for years with NPMs other than AdTrader and that it is sometimes familiar with the business model of NPMs using its services.  The remainder of paragraph 130 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

131.     Google lacks sufficient information to admit or deny the allegations about DingIt's services.   The remainder of paragraph 131 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

132.     In response to paragraph 132, Google lacks sufficient knowledge or information to

admit or deny the allegations regarding the revenues AdTrader expected to receive from DingIt, and on that basis denies.  The remainder of paragraph 132 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

133.    In response to paragraph 133, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Dubizzle FZ LLC, and on that basis denies.

134.    In response to paragraph 133, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Dubizzle FZ LLC, and on that basis denies.

135.    In response to paragraph 135, Google denies that it was aware of AdTrader's contractual relationship with Dubizzle.

136.    In response to paragraph 136, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Dubizzle FZ LLC, and on that basis denies.  The remainder of paragraph 136 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

137.    In response to paragraph 137, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Dir.bg Group, and on that basis denies.

138.    In response to paragraph 138, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Dir.bg Group, and on that basis denies.

139.    In response to paragraph 139, Google denies that it was aware of AdTrader's contractual relationship with Dir.bg Group.

140.    In response to paragraph 140, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Dir.bg Group, and on that basis denies.  The remainder of paragraph 140 consists entirely of Plaintiffs' legal arguments and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

141.    In response to paragraph 141, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Investor.bg Group, and on that basis denies.

142.    In response to paragraph 142, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Investor.bg Group, and on that basis denies.

143.    In response to paragraph 143, Google denies that it was aware of AdTrader's contractual relationship with Investor.bg Group.

144.    In response to paragraph 144, Google lacks sufficient knowledge or information to admit or deny the allegations regarding AdTrader's relationship with Investor.bg Group, and on that basis denies.  The remainder of paragraph 144 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

145.    In response to paragraph 145, Google admits that AdTrader had been an AdX publisher for nearly four years when it was terminated, but denies that Google had "extensively worked" with AdTrader.  The remainder of paragraph 145 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

146.    In response to paragraph 146, Google lacks sufficient knowledge or information to admit or deny the allegations regarding the revenues AdTrader expected to receive from its publishing clients, and on that basis denies.  The remainder of paragraph consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

147.    Paragraph 147 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

**FOURTH CAUSE OF ACTION:**
**Declaratory Relief**
**by AdTrader against Google**
**(Individual Claim)**

148.    In response to paragraph 148, Plaintiffs only reference paragraphs of the SAC in this paragraph, Google incorporates its responses to all the preceding paragraphs.

149.    In response to paragraph 149, Google admits that this paragraph contains a partial quote from the AdX Publisher Agreement.

150.    In response to paragraph 150, Google admits that it has asserted arguments in other matters based in part on portions of its publisher contracts limiting each party's liability to the other. The remainder of paragraph 150 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

151.    Paragraph 151 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

152.    Paragraph 152 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

153.    In response to paragraph 153, Google denies that has not experienced a material loss in revenue as a result of publishers' breaching its policies.  Google admits that, based on its current knowledge after a reasonable investigation, it has never brought a lawsuit against an AdX publisher. The remainder of paragraph 153 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

154.    In response to paragraph 154, Google admits that this paragraph contains a partial quote from the AdX publisher agreement.  The remainder of paragraph 154 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

155.     Paragraph 155 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

156.     Paragraph 156 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

## PLAINTIFFS' CLASS ACTION CLAIMS

### FIFTH CAUSE OF ACTION:
**Breach of Contract (DoubleClick Ad Exchange Agreement,
DBM Agreement, and AdWords Agreement)
by Plaintiffs against Google
(Class Action Claim)**

157.     In response to paragraph 157, Plaintiffs only reference paragraphs of the SAC in this paragraph, Google incorporates its responses to all the preceding paragraphs.

158.     Paragraph 158 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.  Google denies that any class can be certified.  Google notes that the Court dismissed this cause of action with prejudice in its April 22, 2019 Order to the extent it relied on clicks or impressions Google determined to be invalid before an advertiser was invoiced; to the extent all of the paragraphs in this cause of action rely on such allegations, no response is required.

159.     Paragraph 159 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.  Google denies that any class can be certified.

160.     In response to paragraph 160, Google admits that Plaintiff AdTrader and many others entered into the DoubleClick Ad Exchange Agreement.  The remainder of paragraph 160 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

161.     In response to paragraph 161, Google admits that Plaintiffs AdTrader and SCB entered into the AdWords Agreement.

162.     In response to paragraph 162, Google admits that AdTrader registered several sub-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

accounts on behalf of its purported advertising clients.  Google admits that these sub-accounts were separately identified on AdTrader's AdWords invoices.  Google denies that the sub-accounts were separately identified on AdTrader's AdX invoices.  Google admits that it is aware that advertising agencies purchase ad space on behalf of third party advertisers.  The remainder of paragraph 162 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein

163.    In response to paragraph 163, Google denies that AdTrader and all other members of this putative class substantially performed their obligations to Google.  The remainder of paragraph 163 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

164.    In response to paragraph 164, Google denies that AdTrader and all other members of this putative class substantially performed their obligations to Google.  The remainder of paragraph 164 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

165.    In response to paragraph 165, Google admits that this paragraph contains a partial quotation from the DoubleClick Ad Exchange Agreement.  Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiffs' and all other members of this putative class' understanding of Section 6 of the DoubleClick Ad Exchange Agreement and on that basis denies the allegations.  The remainder of paragraph 165 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

166.    In response to paragraph 166, Google admits that this paragraph contains a partial quotation from the AdWords Agreement.  Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiffs' and all other members of this putative class' understanding of Section 7 of the AdWords Agreement and on that basis denies the allegations.  The remainder of paragraph 166 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

Cooley LLP
Attorneys At Law
San Francisco

26.

Defendant Google LLC's Responses to
AdTrader, Inc.'s Second Amended Class Action
Complaint - Case No. 5:17-CV-7082-BLF

1    167.    In response to paragraph 167, Google lacks sufficient knowledge or information to

2    admit or deny all of allegations in paragraph 167, and on that basis denies.

3    168.    In response to paragraph 168, Google admits that this paragraph contains a partial

4    quotation from one of Google's webpages.  Google admits that the quoted words were likely written

5    and posted on Google's webpages before the start of the class period.  Google lacks sufficient

6    knowledge or information to admit or deny the allegations regarding AdTrader's review of Google's

7    statements and understanding of Google's webpage and on that basis denies the allegations.  The

8    remainder of paragraph 168 consists of Plaintiffs' legal arguments and characterization of their

9    allegations and does not require a response; to the extent a response is required, Google denies all the

10   allegations therein.

11   169.    In response to paragraph 169, Google admits that this paragraph contains a partial

12   quotation from one of Google's webpages.  Google denies that this quote was written and placed on

13   Google's webpages before the start of the Class Period.  Google lacks sufficient knowledge or

14   information to admit or deny the remaining allegations in this paragraph regarding Plaintiffs'

15   understanding, and on that basis denies the remaining allegations.

16   170.    In response to paragraph 170, Google admits that it has referred AdX advertisers to its

17   Ads Traffic Quality webpages for information regarding invalid ad activity.  Google admits that some

18   of the Ads Traffic Quality pages reference or refer to AdX.  Google lacks sufficient knowledge or

19   information to admit or deny the remaining allegations in paragraph 170 and on that basis denies the

20   remaining allegations.

21   171.    In response to paragraph 171, Google admits that this paragraph contains a partial

22   quotation from one of Google's webpages.  Google admits that the quoted words were likely written

23   and posted on Google's webpages before the start of the class period.  Google lacks sufficient

24   knowledge or information to admit or deny the remaining allegations in paragraph 170, and on that

25   basis denies the remaining allegations.

26   172.    In response to paragraph 172, Google admits that it maintains a webpage describing

27   different methods of detecting invalid ad activity including through the use of filters offline analysis,

28   and investigations and generally describes what these processes sometimes entail.  The remainder of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

paragraph 172 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

173.    In response to paragraph 173, which pertains to Plaintiffs' understanding, Google lacks sufficient knowledge or information to admit or deny all the allegations therein, and on that basis denies.

174.    In response to paragraph 174, Google admits that this paragraph contains a partial quotation from one of Google's webpages.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph regarding Plaintiffs' understanding and Plaintiffs' legal arguments regarding the terms of the various agreements, and on that basis denies the remaining allegations.

175.    In response to paragraph 175, Google admits that this paragraph contains a partial quotation from one of Google's webpages.  Google lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph regarding Plaintiffs' understanding and Plaintiffs' legal arguments regarding the terms of the various agreements and on that basis denies the remaining allegations.

176.    In response to paragraph 176, Google admits that it sometimes uses various standard form e-mails to inform publishers that their accounts are being terminated.  Google admits that this paragraph contains a partial quotation from one such form e-mail.  Google denies Plaintiffs' allegations regarding Google's contractual understanding.  The remainder of paragraph 176 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

177.    In response to paragraph 177, Google admits that one of its employees gave a statement to The Register that is partially quoted in this paragraph.

178.    In response to paragraph 178, Google denies that it provided no refunds to advertisers for invalid activity where it had withheld earnings from the associated AdX publisher.  The remainder of paragraph 178 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

179.   In response to paragraph 179, Google denies that it provided no refunds to advertisers for invalid activity where it had withheld earnings from the associated publisher.  The remainder of paragraph 179 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

180.   Paragraph 180 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

181.   Paragraph 181 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

182.   In response to paragraph 182, Google admits that Plaintiff AdTrader and many others, including members of this putative class, entered into the DBM Agreement.

183.   In response to paragraph 183, Google admits that sub-accounts purportedly related to AdTrader's advertising clients were identified on AdTrader's DBM invoices.  Google admits that it is aware that advertising agencies purchase ad space on behalf of third party advertisers.  The remainder of paragraph 183 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

184.   In response to paragraph 184, Google denies that AdTrader and all other members of this putative class substantially performed their obligations to Google.  The remainder of paragraph 184 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

185.   In response to paragraph 185, Google admits that this paragraph contains a partial quotation from the DBM Agreement.  Google lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiffs' and all other members of this putative class' understanding of Section 2 of the DBM Agreement and on that basis denies the allegations.  The remainder of paragraph 185 consists of Plaintiffs' legal arguments and characterization of their allegations and does

Cooley LLP
Attorneys At Law
San Francisco

29.

Defendant Google LLC's Responses to
AdTrader, Inc.'s Second Amended Class Action
Complaint - Case No. 5:17-cv-7082-BLF

1   not require a response; to the extent a response is required, Google denies all the allegations therein.

2   186.   In response to paragraph 186, Google admits that DBM process bids for ad buys across

3   multiple advertising exchanges.  Google lacks sufficient knowledge or information to admit or deny

4   the allegations regarding Plaintiffs' understanding of the agreement and on that basis denies the

5   allegations.   The remainder of paragraph 186 consists of Plaintiffs' legal arguments and

6   characterization of their allegations and does not require a response; to the extent a response is

7   required, Google denies all the allegations therein.

8   187.   In response to paragraph 187, Google lacks sufficient knowledge or information to

9   admit or deny any of the allegations in paragraph 187, and on that basis denies the allegations.

10   188.   In response to paragraph 188, Google admits that it uses proprietary methods to detect

11   invalid ad traffic on its own and third party ad networks.  Google lacks sufficient knowledge or

12   information to admit or deny the remaining allegations in paragraph 188, and on that basis denies all

13   remaining the allegations.

14   189.   In response to paragraph 189, Google lacks sufficient knowledge or information to

15   admit or deny the allegations regarding Plaintiffs' understanding of the DBM Agreement and on that

16   basis denies the allegations.  The remainder of paragraph 189 consists of Plaintiffs' legal arguments

17   and characterization of their allegations and does not require a response; to the extent a response is

18   required, Google denies all the allegations therein.

19   190.   In response to paragraph 190, Google denies that it provided no refunds to DBM

20   advertisers refunds or credits for invalid ad activity when it simultaneously did not pay publishers for

21   that invalid ad activity.  The remainder of paragraph 190 consists entirely of Plaintiffs' legal arguments

22   and characterization of their allegations and does not require a response; to the extent a response is

23   required, Google denies all the allegations therein.

24   191.   Paragraph 191 consists entirely of Plaintiffs' legal arguments and characterization of

25   their allegations and does not require a response; to the extent a response is required, Google denies

26   all the allegations therein.

27   192.   In response to paragraph 192, Google denies that an advertiser using DBM cannot

28   purchase ad space on AdX unless they have also executed the DoubleClick Ad Exchange Agreement.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30.

**DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF**

1    The remainder of paragraph 192 consists of Plaintiffs' legal arguments and characterization of their

2    allegations and does not require a response; to the extent a response is required, Google denies all the

3    allegations therein.

4            193.    Paragraph 193 consists entirely of Plaintiffs' legal arguments and characterization of

5    their allegations and does not require a response; to the extent a response is required, Google denies

6    all the allegations therein.

7            194.    In response to paragraph 194, Google denies that it provided no refunds to advertisers

8    for invalid activity when it simultaneously did not pay publishers for that invalid ad activity.   The

9    remainder of paragraph 194 consists entirely of Plaintiffs' legal arguments and characterization of

10   their allegations and does not require a response; to the extent a response is required, Google denies

11   all the allegations therein.

12           195.    Paragraph 195 consists entirely of Plaintiffs' legal arguments and characterization of

13   their allegations and does not require a response; to the extent a response is required, Google denies

14   all the allegations therein.

15           196.    In response to paragraph 196, Google admits that this paragraph contains partial

16   quotations from the DoubleClick Ad Exchange Agreement and AdWords Agreement.   Google admits

17   that it contended that the cite sections limit or precludes Plaintiffs' claims.

18           197.    In response to paragraph 197, Google admits that the DBM agreement does not contain

19   the language quoted in paragraph 196.   Google lacks sufficient knowledge or information to admit or

20   deny the allegations regarding Plaintiffs' and all other members of this putative class' understanding

21   of the DoubleClick Ad Exchange Agreement and AdWords agreement, and on that basis denies the

22   allegations.    The remainder of paragraph 197 consists of Plaintiffs' legal arguments and

23   characterization of their allegations and does not require a response; to the extent a response is

24   required, Google denies all the allegations therein.

25           198.    In response to paragraph 198, Google lacks sufficient knowledge or information to

26   admit or deny the allegations regarding Plaintiffs' and all online advertisers' knowledge of the risk of

27   invalid ad traffic and on that basis denies the allegations.   The remainder of paragraph 198 consists of

28   Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

the extent a response is required, Google denies all the allegations therein.

199.    Paragraph 199 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

200.    Paragraph 200 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

**SIXTH CAUSE OF ACTION:**
**Breach of the Implied Covenant of Good Faith and Fair Dealing (DoubleClick Ad Exchange**
**Agreement, DBM Agreement, and AdWords Agreement)**
**by Plaintiffs against Google**
**(Class Action Claim)**

201.    In response to paragraph 201, as Plaintiffs refer to allegations in preceding paragraphs, Google incorporates its responses to all the preceding paragraphs.   The remainder of this paragraph pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

202.    Paragraph 202 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

203.    Paragraph 203 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

204.    Paragraph 204 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

205.    Paragraph 205 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

206.    Paragraph 206 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

207.    Paragraph 207 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

208.    Paragraph 208 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

209.    Paragraph 209 pertains to Plaintiffs' class-wide cause of action for breach of the implied covenant of good faith and fair dealing which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

## SEVENTH CAUSE OF ACTION:
**Breach of Implied Duty to Perform with Reasonable Care**
**(DoubleClick Ad Exchange Agreement and AdWords Agreement)**
**by Plaintiffs against Google**
**(Class Action Claim)**

210.    In response to paragraph 210, as Plaintiffs refer to allegations in preceding paragraphs, Google incorporates its responses to all the preceding paragraphs.   The remainder of this paragraph pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required,

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

Google denies all allegations.

211.    Paragraph 211 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

212.    Paragraph 212 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

213.    Paragraph 213 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

214.    Paragraph 214 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

215.    Paragraph 215 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

216.    Paragraph 216 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent a response is required, Google denies all allegations.

217.    Paragraph 217 pertains to Plaintiffs' class-wide cause of action for breach of the implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its April 22 Order, such that no response is required to all allegations in this cause of action; to the extent

Cooley LLP
Attorneys At Law
San Francisco

34.

Defendant Google LLC's Responses to
Adtrader, Inc.'s Second Amended Class Action
Complaint - Case No. 5:17-cv-7082-BLF

1    a response is required, Google denies all allegations.

2         218.    Paragraph 218 pertains to Plaintiffs' class-wide cause of action for breach of the

3    implied duty to perform with reasonable care which was dismissed with prejudice by the Court in its

4    April 22 Order, such that no response is required to all allegations in this cause of action; to the extent

5    a response is required, Google denies all allegations.

6                              **EIGHTH CAUSE OF ACTION:**
                                  **False Advertising Law**
7                             **by Plaintiffs against Google**
                                   **(Class Action Claim)**
8

9         219.    In response to paragraph 219, as Plaintiffs only refer to allegations in preceding

10   paragraphs, Google incorporates its responses to all the preceding paragraphs.

11        220.    Paragraph 200 consists entirely of Plaintiffs' legal arguments and characterization of

12   their allegations and does not require a response; to the extent a response is required, Google denies

13   all the allegations therein.

14        221.    In response to paragraph 221, Google denies that it offered its advertising services to

15   consumers or the public.

16        222.    In response to paragraph 222, Google admits that this paragraph contains partial

17   quotations from various Google webpages.  The remainder of paragraph 222 consists of Plaintiffs'

18   legal arguments and characterization of their allegations and does not require a response; to the extent

19   a response is required, Google denies all the allegations therein.

20        223.    In response to paragraph 223, Google denies that the identified statements were untrue

21   or misleading at the time they were made.  The remainder of paragraph 223 consists of Plaintiffs' legal

22   arguments and characterization of their allegations and does not require a response; to the extent a

23   response is required, Google denies all the allegations therein.

24        224.    In response to paragraph 224, Google admits that one of its employees gave a statement

25   to The Register that is partially quoted in this paragraph.  Google denies that prior to December 2017

26   it was not providing any refunds to DBM advertisers for invalid ad traffic.  The remainder of paragraph

27   224 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require

28   a response; to the extent a response is required, Google denies all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35.    DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

225.     In response to paragraph 225, Google denies that the addition of an arbitration clause to its advertising contracts was done in response to the August, 2017 Wall Street Journal article reference in this paragraph.  The remainder of paragraph 225 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

226.     Paragraph 226 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

227.     In response to paragraph 227, Google lacks sufficient knowledge or information to admit or deny any of the allegations therein, and on that basis denies.

228.     In response to paragraph 228, Google lacks sufficient knowledge or information to admit or deny any of the allegations therein, and on that basis denies.

229.     In response to paragraph 229, Google admits that it has owned AdWords, AdX, and DBM for many years.  Google denies that in 2015 and 2016 it was not providing refunds for ad activity it subsequently determined to be invalid.  The remainder of paragraph 229 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

230.     Paragraph 230 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

231.     Paragraph 231 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

232.     In response to paragraph 232, Google admits that it authored the referenced contracts. The remainder of paragraph 232 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

233.     In response to paragraph 233, Google denies that it provided no refunds or credits to

Cooley LLP
Attorneys At Law
San Francisco

36.

Defendant Google LLC's Responses to
Adtrader, Inc.'s Second Amended Class Action
Complaint - Case No. 5:17-CV-7082-BLF

Plaintiffs for ad activity it subsequently determined was invalid.   The remainder of paragraph 233 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

234.   In response to paragraph 234, Google lacks sufficient knowledge or information to admit or deny what on research firm estimated Google's advertising base to be, and on that basis denies the allegation.  The remainder of paragraph 234 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

235.   Paragraph 235 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

236.   In response to paragraph 236, Google lacks sufficient knowledge or information to admit or deny the allegations regarding how many employees various Plaintiffs have and on that basis denies those allegations.  The remainder of paragraph 236 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

237.   Paragraph 237 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

## NINTH CAUSE OF ACTION:
### Unfair Competition Law
### by Plaintiffs against Google
### (Class Action Claim)

238.   In response to paragraph 238, as Plaintiffs only refer to allegations in preceding paragraphs, Google incorporates its responses to all the preceding paragraphs.

239.   Paragraph 239 consists entirely of Plaintiffs' legal arguments and characterization of their allegations and does not require a response; to the extent a response is required, Google denies all the allegations therein.

240.   In response to paragraph 240, Google lacks sufficient knowledge or information to

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

1    admit or deny all of the allegations in this paragraph and on that basis denies.

2         241.    Paragraph 241 consists entirely of Plaintiffs' legal arguments and characterization of

3    their allegations and does not require a response; to the extent a response is required, Google denies

4    all the allegations therein.

5         242.    In response to paragraph 242, Google denies that it refused to provide full credits or

6    refunds to advertisers for invalid impressions or clicks on their ads.  Google denies that it "kept all of

7    the money for itself."  The remainder of paragraph 242 consists of Plaintiffs' legal arguments and

8    characterization of their allegations and does not require a response; to the extent a response is

9    required, Google denies all the allegations therein.

10        243.    In response to paragraph 243, Google denies that it refuses to provide credits or refunds

11   to advertisers for invalid ad activity.  Google denies that it "simply pockets the money."  The remainder

12   of paragraph 243 consists of Plaintiffs' legal arguments and characterization of their allegations and

13   does not require a response; to the extent a response is required, Google denies all the allegations

14   therein.

15        244.    In response to paragraph 244, Google lacks sufficient knowledge or information

16   regarding what Plaintiffs relied on, and on that basis denies the allegation.  The remainder of paragraph

17   244 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require

18   a response; to the extent a response is required, Google denies all the allegations therein.

19        245.    In response to paragraph 245, Google lacks sufficient knowledge or information

20   regarding what Plaintiffs relied on, and on that basis denies the allegation.  The remainder of paragraph

21   245 consists of Plaintiffs' legal arguments and characterization of their allegations and does not require

22   a response; to the extent a response is required, Google denies all the allegations therein.

23        246.    Paragraph 246 consists entirely of Plaintiffs' legal arguments and characterization of

24   their allegations and does not require a response; to the extent a response is required, Google denies

25   all the allegations therein.

26        247.    Paragraph 247 consists entirely of Plaintiffs' legal arguments and characterization of

27   their allegations and does not require a response; to the extent a response is required, Google denies

28   all the allegations therein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

1    248.    Paragraph 248 consists entirely of Plaintiffs' legal arguments and characterization of

2    their allegations and does not require a response; to the extent a response is required, Google denies

3    all the allegations therein.

4                                          **Prayer for Relief**

5        The paragraphs in the section entitled "Prayer for Relief" are Plaintiffs' statement of requested

6    relief to which no response is required.

7

8                                        **GOOGLE'S DEFENSES**

9        Google asserts the following separate defenses to Plaintiffs' SAC, without assuming the burden

10   of proof on such defenses that would otherwise fall on Plaintiffs. Google reserves the right to

11   supplement or amend these defenses as discovery is conducted, and does not knowingly or

12   intentionally waive any applicable affirmative defense.

13                                          **FIRST DEFENSE**

14                                      **ARTICLE III STANDING**

15       Plaintiffs have no standing to bring this action under Article III of the United States

16   Constitution.

17                                         **SECOND DEFENSE**
                                        **FAILURE TO STATE A CLAIM**

18       The SAC fails to state a claim upon which relief may be granted.

19                                          **THIRD DEFENSE**

20                                            **CONSENT**

21       This action is barred as a result of Plaintiffs' and putative class members' consent to Google's

22   alleged actions.

23                                         **FOURTH DEFENSE**
                                        **PLAINTIFFS' BREACH**

24       This action is barred as a result of Plaintiffs' and putative class members' breach of the AdX

25   Publisher Agreement, the AdX Advertising Services Agreement, the AdWords Advertising Program

26   Terms, and the DBM Advertising Platform Agreement, and advertising and publishing policies and

27   terms incorporated therein (collectively, the "Terms").

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39.    **DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF**

1

**FIFTH DEFENSE
FAILURE TO SATISFY
CONDITION PRECEDENT**

2

3      This action is barred as a result of Plaintiffs' and putative class members' failure to satisfy

4   conditions precedent, as specified in the Terms.

5

**SIXTH DEFENSE
CONTRACTUAL LIMITATIONS**

6

7      This action is barred, in whole or in part, and Plaintiffs' damages, if any, are limited by the

8   terms, definitions, exclusions, conditions, limitations, and endorsements contained in AdX Publisher

9   Agreement, DoubleClick Ad Exchange Buyer Terms, the DoubleClick Advertising Platform

10  Agreement, and Google Advertising Program Terms, including, but not limited to, the Limitation of

11  Liability clause contained therein.

12

**SEVENTH DEFENSE
CONTRACT INTEGRATION**

13

14     This action is barred, in whole or in part, because, to the extent a contract was formed, the

15  contract was intended to be the full agreement between the parties, and certain of the alleged promises

16  by Google were not a part of the contract.

17

**EIGHTH DEFENSE
STATUTE OF LIMITATIONS**

18

19     This action is barred, in whole or in part, by the applicable statute of limitations.

**NINTH DEFENSE
PROXIMATE CAUSE**

20

21     The relief prayed for in the SAC cannot be granted because neither Plaintiffs nor any putative

22  class member has sustained any loss, damage, harm, or detriment as a result of, or proximately caused

23  by, any alleged acts, omissions, or other breach of duty by Google, and to the extent that Plaintiffs or

24  any putative class member have sustained damage, if any, that damage resulted from the intervening

25  and/or superseding acts of a third party.

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40.

**DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF**

### TENTH DEFENSE
### UNREASONABLE RELIANCE

Plaintiffs, and each and every putative class member, are not entitled to recover damages in this action because Plaintiffs and such putative class members unreasonably relied on purported statements, if any, made by Google.

### ELEVENTH DEFENSE
### UNRECOVERABLE DAMAGES

The claims in the SAC are barred, in whole or in part, because the damages alleged to have been suffered are not compensable under the law.

### TWELFTH DEFENSE
### EQUITABLE DEFENSES

Plaintiffs, and each and every putative class member, are barred from recovery, in whole or in part, by the doctrines of express and implied waiver, estoppel, unclean hands, election of remedies, and other applicable equitable doctrines.

### THIRTEENTH DEFENSE
### UNJUST ENRICHMENT

This action is barred, in whole or in part, to the extent Plaintiffs and any putative class member would be unjustly enriched if allowed to recover under the SAC.

### FOURTEENTH DEFENSE
### GOOD FAITH

Google has acted reasonably, in good faith, and with innocent intent with respect to the conduct alleged in the SAC.

### FIFTEENTH DEFENSE
### EXPRESS COVENANTS

Plaintiffs, and each and every member of the putative class, are barred from recovery, in whole or in part, to the extent the express covenants contained within the Terms are inconsistent with the implied covenant of good faith and fair dealing.

### SIXTEENTH DEFENSE
### COMPLETE REMEDY AT LAW

The claims in the SAC are barred because the injury or damage suffered by Plaintiffs and any putative class member, if any, would be adequately compensated in an action at law for damages. Accordingly, Plaintiffs, and each and every putative class member, have a complete and adequate remedy at law and are not entitled to seek equitable relief.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

41.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

**SEVENTEENTH DEFENSE**
**NO STANDING TO SEEK DECLARATORY RELIEF**

The claims for declaratory relief are barred, in whole or in part, to the extent Plaintiffs, and any putative class members, following the termination of their accounts, waived their rights under the Terms by failing to timely file an appeal.

**EIGHTEENTH DEFENSE**
**FAILURE TO SATISFY RULE 23**

This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23.

**NINETEENTH DEFENSE**
**LACHES**

This action is not suitable for class action treatment under Federal Rule of Civil Procedure 23.

**TWENTIETH DEFENSE**
**JUSTIFICATION**

Google was justified in doing any and/or all of the acts alleged in the SAC.

**TWENTY FIRST DEFENSE**
**PRIVILEGE**

Google was privileged in doing any and/or all of the acts alleged in the complaint.

**TWENTY SECOND DEFENSE**
**ASSUMPTION OF RISK**

This action is barred as a result of Plaintiffs and putative class members' assumption of the risk of loss.

**TWENTY THIRD DEFENSE**
**FAILURE TO MITIGATE**

Plaintiffs and putative class members are barred from recovery in whole or in part based on their own unexcused failure to mitigate damages.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

42.

DEFENDANT GOOGLE LLC'S RESPONSES TO
ADTRADER, INC.'S SECOND AMENDED CLASS ACTION
COMPLAINT - CASE NO. 5:17-CV-7082-BLF

1    Dated:  May 16, 2019                          COOLEY LLP

2                                              JEFFREY M. GUTKIN (216083)
                                             MICHAEL G. RHODES (116127)

3                                              KYLE C. WONG (224021)
                                             AUDREY J. MOTT-SMITH (300550)

4

5                                              */s/* Jeffrey Gutkin

6                                              Jeffrey M. Gutkin (216083)
                                             Attorneys for Defendant

7                                              GOOGLE LLC

8   203499132

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO