UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No.17-cv-07082-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PLAINTIFFS' INTERROGATORIES NOS. 18-20**<br><br>Re: Dkt. No. 157 |

On May 23, 2019, plaintiffs (collectively, "AdTrader") and defendant Google LLC ("Google") submitted a joint discovery dispute letter concerning AdTrader's Interrogatories Nos. 18-20. Dkt. No. 157. AdTrader seeks further information based on certain spreadsheets Google produced earlier this year. The Court heard oral argument on June 4, 2019. Dkt. No. Nos. 159, 160. For the reasons stated on the record and as further explained below, the Court orders as follows:

Interrogatory No. 18 asks Google to identify, for every publisher debit listed in the spreadsheets, all advertisers to whom Google issued credits, the amount of the credits, the date of the credits, the name of the advertiser, and the geographic location of the advertiser. Google says that it believes it has devised a methodology for obtaining information linking previously produced publisher debit and advertiser credit data, and it expects to produce that information to AdTrader by June 7, 2019. It shall do so. With respect to AdTrader's request for advertiser names, Google says that the spreadsheets identify the advertisers by a unique ID number, which reflects how such advertisers are identified in Google's own records in the ordinary course of its business. Google explains that it would be unduly burdensome to match each ID number with a

customer name, particularly for customer information dating back several years. At this time, the Court will not require Google to produce a list of the names corresponding to the ID numbers for the advertisers included in its spreadsheets, given the limited relevance of the information and the substantial burden involved in producing it. With respect to AdTrader's request for information indicating whether or not advertisers are within the United States, the parties shall confer promptly about possible sources of information about the approximate percentage of advertisers for the relevant products or platforms that are in the United States and those that are not. To the extent there are any remaining disputes about whether obtaining such information is feasible, the parties may submit a further joint discovery dispute letter to the Court and request a hearing.

Interrogatory No. 19 asks Google to provide the quarterly revenue Google paid to each publisher in Google's spreadsheets for the period(s) covered by those spreadsheets. AdTrader's justification for this discovery is essentially the same as the justification it gave in connection with a prior dispute before the Court. Dkt. No. 97 at 3-4. For the reasons explained in the Court's order on that prior dispute, AdTrader's modified request for this same discovery is denied. *See* Dkt. No. 104 at 6-7. AdTrader has not demonstrated that the requested information relates to the alleged discrepancy between payments Google withheld from publishers for invalid activity and the credits Google issued to advertisers.

Interrogatory No. 20 asks Google to identify, for every publisher in Google's spreadsheets, all advertisers who were charged for displaying ads on those publishers' websites within 90 days prior to each publisher's termination date, and to state the amount and date of each charge. AdTrader's request for this discovery is denied. Google argues persuasively that, based on AdTrader's class definition, the only credits at issue are those that correspond to an amount actually withheld from a publisher and do not encompass credits associated with invalid activity for which no amounts were withheld from a publisher. The Court is not convinced that the

discovery AdTrader seeks is relevant or proportional to the needs of the case.

**IT IS SO ORDERED.**

Dated: June 4, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge

3