

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**VIA ECF FILING**

Hon. Virginia K. DeMarchi
Robert F. Peckham Federal Building
Courtroom 2
280 South 1st Street, Room 2112
San Jose, CA 95113

June 4, 2019

Re: *AdTrader, Inc. et al. v. Google LLC*, No. 5:17-CV-07082-BLF

Dear Judge DeMarchi:

  Pursuant to the Court's Standing Order for Civil Cases, plaintiff AdTrader, Inc. hereby moves pursuant to Federal Rule of Civil Procedure 37(a) and 37(b) for an order compelling defendant Google LLC to produce information it has withheld on grounds of attorney-client privilege, or be precluded from using, in any way or form, any information that is otherwise part of a redacted/withheld document. This motion is limited solely to the context of Plaintiffs' forthcoming motion for attorney's fees in connection with Google's payment of refunds to DoubleClick Bid Manager ("DBM") advertisers.

**Statement of Dispute**

  Google has produced documents reflecting efforts by its employees to calculate unrefunded invalid ad traffic charged to its DBM advertisers and also reflecting discussions regarding possible refunds to those affected advertisers. Many of these documents were partially redacted, however, on grounds of attorney-client privilege. Other documents on these topics were apparently withheld entirely on the same grounds. AdTrader seeks production of these documents without redactions, or in the alternative, an order precluding Google from using, in any way or form, any information that is otherwise part of a redacted/withheld document in connection with Plaintiffs' upcoming motion for attorney's fees.

**AdTrader's Position re Merits of Discovery Dispute**

  Background

  AdTrader filed this proposed class action alleging that Google wrongfully failed to provide refunds or credits to advertisers for ad traffic that Google had internally determined was invalid. (ECF No. 74 at 1-2.) Google recently informed AdTrader that it will pay its DBM advertisers approximately $75 million in credits or cash refunds for previously-uncredited invalid ad traffic going back to 2012. (ECF No. 152 at page 4.)

  Counsel for AdTrader intends to bring a motion for attorney's fees in connection with



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Google's issuance of refunds.  (ECF No. 153-1 at 5.)  One of the arguments for fees arises under the "substantial benefit" doctrine, which entitles a party to attorney's fees "if the lawsuit was a catalyst motivating defendants to provide the primary relief sought[.]"  *Abouab v. City & Cty. of San Francisco*, 141 Cal. App. 4th 643, 665, 668-69 (2006).  Google has stipulated that it will pay any attorney's fees awarded by the Court, rather than having that amount earmarked from the common fund to DBM advertisers.  (4/25/19 Hearing Tr. at 19:1 – 20:12.)

<u>Google Redacts/Withholds Key Information About the Impact of this Lawsuit</u>

Google, of course, contends that "the lawsuit was not in fact a catalyst for the decision [to issue refunds]," and has represented that it "will want to put evidence before [the Court] on that." (*Id.* at 21:11-17.)  While Google has produced some documents referring to these refunds, Google has apparently redacted or withheld information that would explain why it did not issue the refunds until a ***year and a half after this lawsuit was filed*** .

For example, a February 26, 2018 instant message exchange between Google employees Felix Chang and Amber Wang appears to discuss the connection between this lawsuit and the DBM refunds.  (GOOG-ADTR-00028368.C–28370.C.)  In discussing a "Pre-skyray spam impact analysis," Mr. Chang states that "[t]he lawyer in charge is Nora," who is Google's in-house attorney handling AdTrader's lawsuit.  Ms. Wang asks, "What is legal's concern?  That we will likely no [sic] issuing the refund?"  The following four lines—which presumably describe Nora's "concern"—are redacted.  But whatever that "concern" was, it led Ms. Wang to believe that "[w]e will more likely than not to [sic] issue the refund for this impact," which plainly suggests some causal connection between the issuance of these refunds and this lawsuit.

As another example, Google produced a spreadsheet stating that as of March 2018, there was "No ETA for issuance" for either $40 million in "Post skyray failed credits" or an estimated $35.2 million in "Pre skyray failed credits." (GOOG-ADTR-00028819.C.)  Google, however, redacted accompanying text which appears to explain why there was "No ETA for issuance" and why the "$ Impact" for the pre-Skyray failed credits was "Unknown" and was "[n]ot reserved yet."  If Google had already decided to issue these refunds before this lawsuit was filed, why was there no ETA for issuance and why was the impact still unknown?

There are many more examples of redacted documents that bear on the issue of whether AdTrader's lawsuit was a "catalyst" for Google's decision to issue approximately $75 million in cash refunds to DBM advertisers.  And based on Google's privilege logs, there are also hundreds of documents that it withheld from production entirely, with vaguely worded descriptions such as "Email seeking advice of counsel regarding policy compliance" or "contractual issues," which may bear on the causal relationship between this lawsuit and Google's refunds.  Put simply, the "evidence" which Google plans to use to argue that this lawsuit was not a catalyst for the refunds is conspicuously incomplete.



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

It Is Unfair to Allow Google to Present Incomplete Evidence

There is no debate that these documents are material and relevant. But fundamental fairness dictates that if Google stands on its assertions of privilege, then it cannot be allowed to use, in any way or form, any information that is otherwise part of a redacted/withheld document. Even if a document is only partially redacted, the withheld information might result in the unredacted portions of that document being viewed in an entirely different light or context. For instance, a document indicating that Google was attempting to calculate how much it owed in refunds before this lawsuit was filed might have a completely different meaning if redacted text in that document stated, "Let's see what the dollar impact would be before deciding whether to issue the refunds." That is why the "rule of completeness" exists. *See* Fed. R. Evid. 106; *Bright Harvest v. H.J. Heinz Co.*, No. 1:13-CV-296-BLW, 2015 WL 1138358, at *1 (D. Idaho Mar. 12, 2015) ("Additionally, the Court will consider the rule of completeness when determining the admissibility of evidence at trial. Exhibits may not be redacted to change the exhibit's meaning.").

Moreover, with respect to information withheld on grounds of privilege, courts have held that the withholding party cannot turn around and affirmatively present evidence related to such matters after blocking discovery on those topics. *See*, *e.g.*, *Columbia Pictures v. Krypton Broadcasting*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("[W]here the party claiming privilege during discovery wants to testify at the time of trial, the court may ban the party from testifying on the matters claimed to be privileged"); *Jacobo v. Ross Stores*, No. CV-15-04701-MWF-AGR, 2017 WL 3382053, at *6 (C.D. Cal. Aug. 2, 2017) (plaintiffs could not rely on their testimony that their attorney's investigation verified plaintiffs had paid more for merchandise than it was worth as evidence of economic injury because plaintiffs previously refused to disclose details of what the investigation uncovered on privilege grounds).

Google Cannot Use Privilege as a Sword and Shield

"The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (internal citations omitted). "Parties are not permitted to advance conclusions that favor their position in litigation, and at the same time shield the information that led to those conclusions from discovery." *Regents of Univ. of California v. United States Dep't of Homeland Sec.*, No. C 17-05211 WHA, 2017 WL 4642324, at *5 (N.D. Cal. Oct. 17, 2017).

Here, Google intends to provide evidence showing that AdTrader's lawsuit was not a catalyst for its refund decision. The aforementioned redacted documents, however, show on their face (and not by inference), that there is some causal relationship between this lawsuit and Google's planned refunds. Thus, Google voluntarily elected to raise claims and arguments that directly implicate otherwise privileged information. As a result, Google cannot simultaneously use these documents—or any information related to the contents of these documents—while



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

denying AdTrader access to such information.  It should either produce this withheld information or be precluded from using such information in any way.[1]

Responses to Google's Arguments

Google argues that the motion is not ripe, but does not deny that it has already claimed that it will argue that this lawsuit was not a "catalyst" for the refunds.  Given that Google's planned defense is already known, what further event must AdTrader wait for before it could bring this motion?  Google fails to cite to any authority showing that AdTrader is supposed to bring a motion only after Google has already filed its opposition to Plaintiffs' motion for attorney's fees.

Google also argues that California law denies AdTrader its requested relief.  But it is undisputed that subject matter waiver for the attorney-client privilege, and its scope, is governed by the Federal Rules of Evidence.  *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 470-72 (N.D. Cal. 2012); *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12748277, at *4 (C.D. Cal. Nov. 5, 2015).  Indeed, *Jacobo* was a federal diversity case applying California law, and all AdTrader's cases concern the nature and scope of any waivers.  More importantly, AdTrader's primary requested relief is ***preclusion***.  Google does not have to produce any privileged information – out of fairness, it just simply cannot base its arguments on material that is related to privileged information.  In any event, California law is more flexible about implied waivers of attorney client privilege than Google contends.  *See Steiny & Co., Inc. v. California Elec.*, 79 Cal. App. 4th 285, 292 (2000) ("Where privileged information goes to the heart of the claim, fundamental fairness requires that it be disclosed for the litigation to proceed."); *Cassis v. Sun Life Assurance*, No. 817CV00148DOCKESX, 2017 WL 8230040, at *4 (C.D. Cal. Nov. 8, 2017) (applying *Steiny* to attorney-client privileged information).

Finally, Google's citation to *Collicott* to distinguish the rule of completeness fails, because that case is solely about hearsay.  Google's own writings are non-hearsay, because they are statements by a party-opponent.

**Google's Position re Merits of Discovery Dispute**

Ripeness

AdTrader seeks a preemptive ruling on what Google *might* argue in response to a yet-to-be-filed motion.  "A federal court may not adjudicate a motion where it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *U.S. v. Hunter*, 168 Fed. Appx. 242, 243 (9th Cir. 2006).

---

[1] AdTrader agrees that the use of any privileged documents would be limited to Plaintiffs' motion for attorney's fees.  And once the attorney's fees issue is resolved, AdTrader will promptly destroy all copies of privileged documents in its possession.



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Focusing on a handful of documents Google redacted for privilege, AdTrader asks for the extraordinary remedy of removing the redactions (thereby invading the privilege), even though AdTrader does not challenge their validity.  It argues that, Google *may in the future* rely upon a document with privileged redactions and AdTrader *could*, depending on the particulars, be unable to fully respond.   But Google *may never rely on these documents* in response to a motion that has not even been filed.  AdTrader's arguments regarding context or fairness of the redacted material are thus entirely speculative.

Governing Law

AdTrader's claim also fails under the correct legal standard.  While California recognizes that a party may waive the attorney-client privilege by putting privileged communications "at issue," it also expressly limits that doctrine to a single scenario not present here.

The sole basis for federal jurisdiction here is the Class Action Fairness Act.  (Dkt. No. 72 (the Second Amended Complaint, "SAC") at ¶ 14.)  Under these circumstances "state law governs questions of attorney client privilege."  *Stoba v. Saveology.com LLC*, 2015 WL 10857528, at *3 (S.D. Cal. July 7, 2015); *see also* Fed. R. Evid. 501 ("state law governs privilege regarding a claim or defense for which state law supplies the rule of decision").[2]

In California, the attorney client privilege "is absolute and precludes the disclosure of confidential communications even though they may be highly relevant to a dispute." *Cty. of Petaluma v. Super. Ct.*, 248 Cal. App. 4th 1023, 1032 (2016).  California has codified both the privilege and its exceptions and "Courts are not permitted to imply additional unwritten exceptions to the privilege."  *Lincoln Gen. Ins. Co. v. Ryan Mercaldo LLP*, 2015 WL 12672143, at *2 (S.D. Cal. July 31, 2015).

No statutory exception to the privilege supports AdTrader's motion.  *See generally* Cal. Evid. Code §§ 954-962.  While California recognizes that attorney-client privilege may be waived if a party puts the communications "at issue," this doctrine is extremely narrow and only applies "to the *one situation* in which a client has placed in issue *the decisions, conclusions, and mental state of the attorney who will be called as a witness to prove such matters.*"  *Mitchell v. Super. Ct.*, 37 Cal. 3d 591, 605 (1984) (emphasis original).  The privilege is preserved "where the substance of the protected communication is not itself tendered in issue, but instead simply represents one of several forms of indirect evidence in the matter."  *Id.* at 606; *see also Lincoln*

---

[2]All of the decisions cited by AdTrader on this issue concern Federal Rule of Evidence 502 which only applies where there has been an ***intentional disclosure*** of privileged information.  Fed. R. Evid. 502 (applies "when a disclosure is made" AND "the waiver is intentional"); *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 470-72 (N.D. Cal. 2012); *Madrigal v. Allstate Indem. Co.,*, 2015 WL 12748277, at *4 (C.D. Cal. Nov. 5, 2015) (acknowledging that state law generally governs privilege and federal law only applies in cases of deliberate, selective waiver).  This is not the case here.  AdTrader's other authorities are also off point.  *Steiny & Co., Inc. v. California Elec.*, 79 Cal. App. 4th 285, 292 (2000) (applying trade secret privilege, not attorney-client privilege); *Cassis v. Sun Life Assurance*, 2017 WL 8230040, at *4 (C.D. Cal. Nov. 8, 2017) (plaintiff affirmatively claimed attorney's fees as damages).



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

*Gen.*, 2015 WL 12672143 at *4 (citing *Mitchell* and declining waiver though privileged communications bore directly on the core dispute). Critically if a litigant "will attempt to prove a claim without reference to confidential communications then there has been no at-issue waiver." *Luna Gaming-San Diego LLC v. Dorsey & Whitney, LLP*, 2010 WL 148713, at *1 (S.D. Cal. Jan 11, 2010).

These cases are dispositive. First, Google's future resistance to a motion not yet filed cannot equate to knowingly placing privileged material "at issue." The advice Google received from its attorneys is, at most, "one of several forms of indirect evidence" on the actual question: whether AdTrader's lawsuit caused Google to issue refunds. *Mitchell*, 37 Cal. 3d at 606. Indeed, Google will show that its decision to issue refunds began *before this suit was even filed*. Since Google will prove its case "without reference to confidential communications…there [is] no at-issue waiver." *Luna Gaming*, 2010 WL 148713, at *1. The "one situation" where California's at-issue exception might apply is not present here.

Fairness

AdTrader contends that, to keep Google from using privilege as a sword and shield, Google must either waive its attorney-client privilege or be effectively precluded from opposing AdTrader's anticipated motion. AdTrader cannot force this Hobson's Choice on Google, because this is a situation of *AdTrader'*s making. In *Politte v. United States* the plaintiffs asserted that the government waived attorney client privilege by revealing in a tax dispute that an IRS officer had obtained counsel's approval before filing a tax lien. 2010 WL 11512354, at *15 (S.D. Cal. March 29, 2010). But the government only did so after the plaintiffs made arguments based on whether the IRS had sought the advice of counsel. *Id.* The court explained why it would be fundamentally unfair to waive the privilege:

> [I]t would be inequitable to find no privilege in this instance. Plaintiffs, rather than the Government, brought into issue whether IRS counsel's approval was obtained. Were the Court to agree with the Plaintiffs, Defendant would be faced with the choice of not producing evidence in its defense that it did not act negligently, recklessly or intentionally or waiving its attorney client privilege. This would be substantially unfair to Defendant…Plaintiffs placed this matter in issue, and fairness does not allow them to unilaterally waive Defendant's privilege claim." *Id.* at *15, 17.

The same is true here. Stripped of pretense, AdTrader is saying that because **AdTrader** will file a motion for attorney's fees, **Google** must now surrender either its privilege or its ability to oppose the motion.

AdTrader's authorities do not hold otherwise. In both *Chevron Corp. v. Pennzoil Co.* and *Regents of the University of Cal. v. U.S.*, the defendant had affirmatively asserted an advice of counsel defense (or a close variant) and each court concluded that the defendant could not simultaneously argue that it was absolved of liability based on legal advice it received without



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

also disclosing what that legal advice was.  974 F.2d 1156, 1162 (9th Cir. 1992); 2017 WL 4642324, at *5 (N.D. Cal. Oct. 17, 2017).  Here, Google has not made any argument relying on the redacted material.  To the contrary, Google has been consistent in saying that it will argue solely from non-privileged evidence.

Improper Inferences

A party cannot draw *any* inferences from a litigant's decision to assert attorney-client privilege.  Cal. Evid. Code § 913 ("no presumption shall arise because of the exercise of the privilege and the trier of fact may not draw any inference therefrom").  Yet AdTrader argues that Google's **admittedly proper** assertion of privilege establishes a causal connection between this lawsuit and Google's decision to issue refunds, and based on this, asserts a right to review Google's privileged communications.  (*e.g.* a privilege redaction "plainly suggests some causal connection between the issuance of these refunds and this lawsuit").  This is not permissible, either in connection with this motion to compel or AdTrader's forthcoming motion for attorney's fees.

 "Rule of Completeness"

Finally, AdTrader wrongly contends that the Rule of Completeness (Fed. R. of Evid. 106) requires that Google produce privileged materials.   There are three fundamental problems with this position.  First, as explained above, California law governs and California does not recognize any "completeness" exception to the attorney-client privilege.  Second, whether a document is misleading unless other portions are introduced is a factual inquiry that will turn on the particulars of individual documents.  The Court cannot make this judgment without seeing the actual briefs and the documents they rely on and whether Google even uses any of them in opposition to the as yet unfiled motion for fees.  Even if the Court attempted to apply forward looking dicta from *Bright Harvest*, it could not perform that analysis in the abstract with **no concrete documents, redactions, or arguments before it**.

Third, AdTrader's argument is not supported by the relevant Federal law.  While the Ninth Circuit has not confronted specifically whether Rule 106 can override a claim of privilege, it has clearly held that the rule of completeness does not allow for the introduction of otherwise inadmissible evidence.  *U.S. v. Collicott*, 92 F.3d 973, 983 (1996) ("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence").  If Rule 106 cannot be used as a backdoor for hearsay evidence, it would be inconceivable that a litigant could use it to overcome a claim of privilege.

**AdTrader's Position re Necessity of Hearing**

If the Court is inclined to deny this motion, then AdTrader respectfully requests a hearing as the case law regarding attorney-client privilege is difficult to present in comprehensive fashion with only 1,500 words.



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

**Google's Position re Necessity of Hearing**

AdTrader is demanding that Google produce documents AdTrader acknowledges are privileged or, in the alternative, be precluded from making future arguments that may never be made. No hearing should be necessary to resolve such a claim.

**Discovery Cut-Off Dates**

The fact-discovery cut-off for this case is April 2, 2021. The expert discovery cut-off for this case is July 23, 2021.

**Statement of Compliance**

Lead counsel for AdTrader and Google telephonically met and conferred regarding this discovery dispute on May 28, 2019. In attendance were Randolph Gaw, Samuel Song, and Flora Vigo for Plaintiffs and Michael Rhodes, Jeffrey Gutkin, Kyle Wong, and David Houska for Google.

GAW | POE LLP

By:   /s/ Randolph Gaw
     Randolph Gaw
     Attorneys for Plaintiffs AdTrader, Inc., et al.

COOLEY LLP

By:   /s/ Jeffrey Gutkin
     Jeff Gutkin
     Attorneys for Google, LLC