UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER RE DISCOVERY DISPUTE RE PRIVILEGED INFORMATION WITHHELD BY GOOGLE**<br><br>Re: Dkt. No. 162 |

This dispute arises in the context of plaintiff AdTrader, Inc.'s ("AdTrader") anticipated motion for attorneys' fees, and Google LLC's ("Google") anticipated response to that motion.

Google recently advised the Court that it intends to issue certain DBM advertisers (including members of the putative class) credits or cash refunds for previously uncredited invalid advertising activity detected between 2012 and late 2017. *See, e.g.*, Dkt. No. 152. AdTrader intends to file a motion for attorneys' fees in connection with those credits or refunds in which it will argue that this lawsuit was a catalyst for Google's decision to issue those credits or refunds. Citing remarks of Google's counsel before Judge Freeman, AdTrader says it expects Google to argue that the lawsuit was not a catalyst for the decision to issue credits/refunds to the DBM advertisers. *See* Dkt. No. 162 at 2 (citing Dkt. No. 155 at 21:11-17).

AdTrader says that Google has produced some documents that reportedly show its employees' efforts to calculate unrefunded invalid advertising traffic charged to its DBM advertisers, as well as discussions regarding possible credits or refunds to those advertisers. *Id.* at 2. According to AdTrader, many of the documents were partially redacted and others were withheld entirely based on the attorney-client privilege. Based on the context of the unredacted portions of the documents, AdTrader suspects that Google's privilege redactions conceal evidence

that this lawsuit was, in fact, a catalyst for the decision to issue DBM advertiser credits or refunds. *Id*.

AdTrader seeks an order compelling Google to produce the redacted or withheld information, or alternatively, precluding Google from using partially redacted documents or other purportedly incomplete information to oppose AdTrader's fees motion. Google principally argues that AdTrader's request for relief is premature, as AdTrader has not even filed its motion for attorneys' fees and Google has not formulated its response. *Id*. at 4-5. Google also argues that because California state law supplies the rule of decision in this action,[1] California's law regarding application of the attorney-client privilege bars AdTrader's first alternative request for relief—i.e., compelled disclosure of privileged information. *Id.* at 5-6 (discussing California law re "at issue" doctrine and implied waiver). With respect to AdTrader's second alternative request for relief—i.e., precluding Google's use of certain evidence to oppose AdTrader's fees motion—Google points out that, so far, there is nothing to preclude because AdTrader has not yet filed a motion for attorneys' fees, and Google has not responded to that as-yet-unfiled motion. *Id.* at 6-7.

While this dispute, as framed by the parties, raises several interesting and substantial questions about the intersection of California law and federal law regarding the attorney-client privilege, implied waiver, the rule of completeness, and fairness, the Court is not persuaded that the dispute is ripe for decision at this time. AdTrader has not filed its motion for attorneys fees, and Google has not responded to the motion with any evidence or argument, let alone evidence or argument that implicates the concerns AdTrader flags in its motion. For this reason, it is not yet clear which documents, if any, give rise to the concerns AdTrader has described. Moreover, as discussed at the hearing, the attorney-client privilege protects only privileged *communications*; it does not protect *facts.* AdTrader acknowledges that it has served discovery on Google seeking information about facts bearing on its fees motion. That discovery may obviate the need for the Court to consider whether particular redactions of privileged communications from documents in Google's production conceal facts that are relevant and material to AdTrader's position, as

---

[1] The sole basis for federal jurisdiction in this case is the Class Action Fairness Act, 28 U.S.C. § 1332(d).

2

AdTrader may learn those facts through other discovery means.

Accordingly, AdTrader's motion to compel production of material withheld as privileged, or to preclude Google's use of certain evidence, is denied without prejudice.

**IT IS SO ORDERED.**

Dated:   June 21, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge