UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 17-cv-07082-BLF (VKD)<br><br>**ORDER RE AUGUST 3, 2020 DISCOVERY DISPUTE LETTER**<br><br>Re: Dkt. No. 297 |

Plaintiffs seek an order compelling defendant Google LLC ("Google") to produce documents responsive to plaintiff's Request for Production No. 70. Dkt. No. 297. In addition, plaintiffs ask for an order requiring Google to answer plaintiff SCB's Interrogatory No. 6. *Id.* The parties do not request a hearing on these disputes, and the Court finds the matter suitable for decision without oral argument. Civil L.R. 7-1(b).

The Court denies plaintiffs' request for an order compelling this discovery, and orders further proceedings, as set forth below.

**I.   BACKGROUND**

Plaintiffs initiated this action on December 13, 2017. Dkt. No. 1. In the operative complaint, plaintiffs allege that Google failed to properly refund or credit advertisers for invalid traffic on three of Google's advertising platforms: DoubleClick Ad Exchange ("AdX"), AdWords program ("AdWords"), and DoubleClick Bid Manager ("DBM"). These allegations are made on behalf of three putative classes and one subclass. Dkt. No. 72 ¶¶ 157-248. Plaintiff AdTrader, Inc. ("AdTrader") also asserts four individual claims against Google for breach of the AdX Publisher Agreement, breach of the implied covenant of good faith and fair dealing with respect to

the AdX Publisher Agreement, intentional interference with contract, and violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. *Id.* ¶¶ 99-156.

On March 13, 2020, the Court certified a plaintiff class of advertisers (the "AdWords Advertiser Class") with respect to claims for breach of the AdWords Agreement, violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq*., and violation of California's UCL. *See* Dkt. No. 278 at 32. The Court appointed plaintiff Specialized Collections Bureau, Inc. ("SCB") as class representative for the AdWords Advertiser Class. *Id.* The Court denied class certification with respect to plaintiffs' other proposed classes. *Id.*

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

The two disputes presented for decision are not related. The Court discusses each separately.

### A. Plaintiffs' Request for Production No. 70

Plaintiffs' Request for Production No. 70 asks Google to produce all documents and communications relating to "any instruction provided to Amber Wang" to book an accounting reserve to cover Google's costs for issuing "retroactive refunds to DBM advertisers for historic uncredited activity." Dkt. No. 297-1 at 1. Plaintiffs argue that these documents are relevant for two reasons. First, plaintiffs says that documents reflecting instructions provided to Ms. Wang are likely to show that "Google was motivated to book [the] reserve because it believed it had a contractual obligation or other legal duty to refund or credit advertisers for invalid traffic," and that such evidence supports both AdTrader's individual claims and the claims of the AdWords Advertiser Class. Dkt. No. 297 at 2. Second, plaintiffs say that these documents are relevant to Ms. Wang's credibility. *Id.* at 3.

2

In response, Google argues that documents responsive to this request are not relevant because the accounting reserve at issue was booked solely for refunds to DBM advertisers. *Id*. at 4. Google notes that the Court certified only a class of AdWords advertisers and declined to certify DMB or AdX advertiser classes. In addition, Google says that while AdTrader has an individual claim as a DBM advertiser, its damages are *de minimis*, a point AdTrader does not contest. *Id.* Finally, Google disputes that Ms. Wang's credibility is at issue for any purpose. *Id.* at 5.

In May 2018, Google's legal department approved the issuance of refunds to DBM advertisers for previously uncredited invalid traffic on the DBM platform. *See* Dkt. No. 289 at 6. Plaintiffs moved for an award of attorneys' fees, arguing that this litigation played a critical role in Google's decision to provide these refunds. *Id.* at 2. In opposing plaintiffs' motion, Google relied on the declaration of Amber Wang, a Google accountant, who testified that Google had booked a reserve for the DBM refunds in September 2017, months before plaintiffs initiated this action. *Id.* at 2, 8. On March 16, 2020, the Court concluded that plaintiffs were entitled to recover attorneys' fees in the amount of $725,580.80 under the common fund doctrine for work performed prior to May 2018. *Id.* at 15, 17.

The Court is not persuaded that Request for Production No. 70 seeks documents relevant to any claim or defense. Plaintiffs provide no support for their contention that the reserve Ms. Wang mentions in her declaration was taken for refunds for invalid traffic on platforms other than DBM. *See* Dkt. No. 297 at 2 (citing Dkt. No. 204-5 at 6:11-16). Further, plaintiffs provide no support for their contention that Google's understanding of its contractual obligations under the DBM Agreement bears on Google's understanding of its obligations under the AdWords Agreement at issue with respect to the AdWords Advertisers Class. *See* Dkt. No. 131 at 7 ("[T]he relevant portions of the DoubleClick Ad Exchange Agreement and the AdWords Agreement . . . are essentially the same. *Meanwhile, Section 2(a) of the DBM Agreement contains quite different language*.") (emphasis added). In short, even if Google's beliefs about its contractual obligations under the AdWords Agreement are relevant to resolving ambiguities in that agreement—a point plaintiffs do not argue, except obliquely in a footnote—Google's beliefs about its contractual

3

1    obligation under a different agreement are not. The discovery plaintiffs seek is not tied to any
2    relevant agreement.

3    The same is true with respect to AdTrader's individual claims with respect to the AdX
4    Publisher Agreement. AdTrader does not explain how Google's beliefs about its contractual
5    obligations under the DBM Agreement are relevant to its contractual obligations under the AdX
6    Publisher Agreement.

7    Moreover, as the Court has already resolved plaintiffs' motion for attorneys' fees
8    concerning Google's refunds to DBM advertisers, it is not clear how Ms. Wang's declaration
9    about the reserve taken for that purpose, or her credibility, is relevant to any claim or defense that
10   remains in the case.

11   Because the Court concludes that the requested discovery is not relevant to any claim or
12   defense, the Court does not reach the question of proportionality.

### B.   Plaintiff SCB's Interrogatory No. 6

Plaintiff SCB's Interrogatory No. 6 asks: "If YOU contend that Dr. Robert Kneuper's description of YOUR crediting process, as stated in his November 8, 2019 expert report, is inaccurate in any way, then describe all material facts that support that contention and identify, by bates number, all DOCUMENTS reflecting those material facts." Dkt. No. 297-1 at 2. The interrogatory refers to an expert report Dr. Kneuper submitted in support of plaintiffs' motion for class certification. *See* Dkt. No. 204-66.

Plaintiffs say that Google's crediting process is a key issue in the case. They argue that the purpose of Interrogatory No. 6 is to obtain an accurate factual description of the process. Dkt. No. 297 at 3. Google objects to this interrogatory on several grounds. First, Google says that Interrogatory No. 6 is an improper contention interrogatory that seeks expert opinion—namely, a rebuttal of an adverse expert's description the crediting process. *Id.* at 6. Second, Google points out that it has already provided a rebuttal expert declaration of its expert Blake McShane which points out errors in Dr. Kneuper's report, and plaintiffs have taken Professor McShane's deposition. Google argues that requiring it to answer an interrogatory that covers essentially the same ground is unreasonable and burdensome. *Id.* at 6-7. Finally, Google argues that because the

4

interrogatory requires it to provide a detailed response to an expert report that Dr. Kneuper himself has characterized as "preliminary" and subject to "adjustments," the interrogatory seeks information that is not relevant to any claim or defense. *Id.* at 7.

The parties appear to agree that Google's crediting process is relevant to the case. The question is whether Interrogatory No. 6 is an appropriate means to obtain discovery about that process.

Plaintiffs are entitled to obtain a clear and complete explanation of Google's crediting process. However, instead of simply asking for this information in a straightforward manner, plaintiffs use a backhanded approach, asking Google to critique an unspecified description of the crediting process found somewhere in plaintiffs' own expert's report. They do not identify any specific question or issue about the process for which they seek clarification or further information. The Court agrees with Google that responding to this interrogatory as it is currently formulated imposes an unnecessary and undue burden that is disproportionate to the needs of the case.

"The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . prescribing a discovery method other than the one selected by the party seeking discovery." Fed. R. Civ. P. 26(c)(1)(C). Google need not provide a further response to Interrogatory No. 6. The parties shall confer promptly about the most expeditious means for plaintiffs to obtain information about Google's crediting process (e.g. service of a different interrogatory, deposition of a knowledgeable witness) in advance of plaintiffs seeking this discovery by other means.

## IV.  CONCLUSION

For the reasons discussed, plaintiffs' request for an order compelling Google to respond to Request for Production No. 70 and Interrogatory No. 6 is denied.

**IT IS SO ORDERED.**

Dated: August 31, 2020



VIRGINIA K. DEMARCHI
United States Magistrate Judge