RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
SAMUEL SONG (S.B. #245007)
ssong@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
FLORA VIGO
fvigo@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Class Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADTRADER, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC. <br><br> Defendant. | Case No. 5:17-CV-07082-BLF <br><br> [PROPOSED] **ORDER GRANTING PLAINTIFF SPECIALIZED COLLECTIONS BUREAU'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AS MODIFIED BY THE COURT** <br><br> Judge: Hon. Beth L. Freeman <br> Courtroom: 3 |

**[PROPOSED] ORDER**

Having considered Plaintiff Specialized Collections Bureau, Inc.'s ("SCB") Motion for Preliminary Approval of Settlement (the "Motion"), the Declaration of Randolph Gaw, the Declaration of Steven Weisbrot, and all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the hearing on the Motion, and the record in the Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement (Gaw Ex. A), unless otherwise defined herein.

2. The Parties have moved the Court for an order approving the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 20 of this Order and subject to the Parties making one change to the Settlement Agreement as requested by this Court and described further in Paragraph 6 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the AdWords Class, which the Court certified on March 13, 2020, defined as follows:

> All persons or entities (1) whose Google AdWords advertiser accounts were subject to the Google Inc. Advertising Program Terms for the United States (the "Terms"); (2) who were charged by Google through their AdWords accounts for clicks or impressions on advertisements appearing on any DoubleClick Ad Exchange publisher website at any time between December 13, 2013 and the date the Court grants Preliminary Approval of this Settlement; (3) who did not receive refunds or credits from Google even though it withheld payment to that publisher for those clicks or impressions in connection with any invalid activity or any breach of contract, including any policy violation; and (4) opted out of the arbitration clause in the Terms.

5. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the AdWords Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the AdWords Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the U.S. Constitution, and the Northern District of California's Procedural Guidance for Class Action Settlements; and (d) is not a finding or admission of liability by CBA or any other person(s), nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

6. The Court's preliminary approval of the Settlement Agreement is conditioned upon the Parties making the following adjustment to the Settlement Agreement: the Parties will remove from the Settlement Agreement Section 5.1.1(v), which requires Objectors, as a condition to making a valid Objection, to provide details about their history as an Objector in other class action settlements over the past five years.  The Parties agreed to remove this provision.

**Notice and Administration**

7. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice Forms attached to the Weisbrot Declaration, subject to the Court's one requested change as further described in Paragraph 8 of this Order, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the AdWords Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the AdWords Class.  The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds

that the Notice Plan fully complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

8. The Parties will edit the Email Notice, Postcard Notice, and Long Form Notice to indicate that the Final Fairness Hearing may be held in person at the U.S. District Court for the Northern District of California, San Jose Division, as currently indicated, or may be held by videoconference, as determined by the Court.

9. Plaintiff has selected a reputable settlement administration company, Angeion Group, to serve as the Settlement Administrator. The Court hereby appoints and authorizes Angeion Group to be the Settlement Administrator, and thereby to perform and execute the notice responsibilities set forth in the Settlement Agreement.

10. The Parties, without further approval from the Court, are hereby permitted to revise the forms of Notice to the AdWords Class (Exhibits B-D of the Weisbrot Declaration) in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order.

11. The Court finds that Angeion Group will comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C, § 1715, as described in the Declaration of Steven Weisbrot.

## Submission of Claims and Requests for Exclusion from Class

12. Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein.

13. Any person falling within the definition of the AdWords Settlement Class may, upon valid and timely request, exclude him or herself or "opt out" from the AdWords Settlement Class. Any such person may do so if they timely comply with the exclusion procedures set forth in the Settlement Agreement. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

14. Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment (if issued), regardless of

whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

### Objections and Appearances

15. Any Class Member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to a Final Judgment being entered dismissing the Action with prejudice, to the attorney's fees and costs sought by Class Counsel, or to the service award sought for the Class Representative in the amounts as set forth in the Notice and Settlement Agreement.

16. Any Class Member who wishes to object must do so by on or before the Objection/Exclusion Deadline, which shall be sixty days from the date Notice is issued. AdWords Settlement Class Members shall submit written objection to the Court, either by (1) mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, Courtroom 3, San Jose, CA 95113, or (2) filing them in person at any location of the United States District Court for the Northern District of California or via the ECF electronic filing system.

17. To validly object, the Objection must comply with the objection procedures set forth in the Settlement Agreement, as adjusted per Paragraph 6 of this Order above, and include: (1) clear identification of the case name and number, *AdTrader, Inc., et al. v. Google LLC*, No. 17-CV-07082-BLF; (2) the full name, address, telephone number, email address, and AdWords advertiser identification number (if known) associated with the Google AdWords account of the person or entity objecting; (3) the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); (4) a detailed explanation stating the specific reasons for the Objection, including any legal and factual support and any evidence in support of the Objection; and (5) verification by an accompanying declaration submitted under penalty of perjury or a sworn affidavit.

18. Class Members who fail to file and serve timely written Objections in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed

CASE NO. 5:17-CV-07082-BLF

1  to have waived any objections and shall be foreclosed from making any objections (whether by

2  appeal or otherwise) to the Settlement Agreement and to any of the following: (a) whether the

3  proposed settlement of the Action on the terms and conditions provided for in the Settlement

4  Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b)

5  whether a judgment and order of dismissal with prejudice should be entered; (c) whether to

6  approve the Fee Award to Class Counsel; and (d) whether to approve the payment of a Class

7  Representative Incentive Award to the Class Representative.

### Final Approval Hearing

9  19.  The Final Approval Hearing shall be held before this Court on October 27, 2022 at

10  **9:00 a.m.** ~~1:30 p.m.~~ in Courtroom 3 at the Robert F. Peckham Federal Building, located at 280 South 1st

11  Street, Courtroom 3 San Jose, CA 95113 (or by videoconference, as determined by the Court), to

12  determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and

13  should be given final approval by the Court; (b) whether a final judgment and order of dismissal

14  with prejudice should be entered; (c) whether to approve the payment of the Fee Award to Class

15  Counsel; and (d) whether to approve the payment of the Class Representative Service Award to

16  the Class Representative.

17  20.  Plaintiff and Class Counsel shall file their Motion for Final Approval by no later

18  than October 13, 2022.

19  21.  Plaintiff and Class Counsel shall file their Fee Application by no later than 30 days

20  prior to the Objection Deadline and the Claim Deadline.

### Related Orders

22  22.  All further proceedings in the Action are ordered stayed until Final Judgment or

23  termination of the Settlement Agreement, whichever occurs earlier, except for those matters

24  necessary to obtain and/or effectuate final approval of the Settlement Agreement.

25  23.  Class Members shall be bound by all determinations and judgments in the Action

26  concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27  24.  The Court retains jurisdiction to consider all further applications arising out of or

28  connected with the proposed Settlement Agreement. The Court may approve the Settlement, with

such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

25. Any AdWords Class Member who does not submit a timely and valid Claim Form: (a) shall be forever barred from receiving any monetary payment under the Settlement; (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the AdWords Class Member.

26. If the Settlement receives Final Approval, all AdWords Class Members shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against Google and the other Released Parties, as more fully described in the Settlement Agreement.

27. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

28. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become final then: (a) the Settlement Agreement shall be null and void, including any provision related to the award of attorney's fees, costs and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (b) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any

1  other action in any court or other proceeding, provided, however, that the termination of the
2  Settlement Agreement shall not shield from subsequent discovery any factual information
3  provided in connection with the negotiation of this Settlement Agreement that would ordinarily
4  be discoverable but for the attempted settlement; (c) other than as expressly preserved by the
5  Settlement Agreement in the event of its termination, the Settlement Agreement shall have no
6  further force and effect with respect to any party and shall not be used in the Action or any other
7  proceeding for any purpose; and (d) any party may elect to move the Court pursuant to the
8  provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose
9  any such motion.

**IT IS SO ORDERED.**

Dated: ___May 13___, 2022

_____
HON. BETH LABSON FREEMAN
United States District Judge