1　RANDOLPH GAW (S.B. #223718)
　　rgaw@gawpoe.com
2　MARK POE (S.B. #223714)
　　mpoe@gawpoe.com
3　VICTOR MENG (S.B. #254102)
　　vmeng@gawpoe.com
4　FLORA VIGO (S.B. # 239643)
　　fvigo@gawpoe.com
5　GAW | POE LLP
　　4 Embarcadero, Suite 1400
6　San Francisco, CA 94111
　　Telephone: (415) 766-7451
7　Facsimile: (415) 737-0642

8　Class Counsel

9

## UNITED STATES DISTRICT COURT

10

## NORTHERN DISTRICT OF CALIFORNIA

11

## SAN JOSE DIVISION

12

13　ADTRADER, INC., CLASSIC AND
　　FOOD EOOD, LML CONSULT LTD.,
14　AD CRUNCH LTD., FRESH BREAK
　　LTD., AND SPECIALIZED
15　COLLECTIONS BUREAU, INC.

16　　　　　　　　　　　　　Plaintiffs,

17　　　　v.

18　GOOGLE LLC.

19　　　　　　　　　　　　　Defendant.

Case No. 5:17-CV-7082-BLF

**DECLARATION OF STEVEN WEISBROT REGARDING DISSEMINATION OF SETTLEMENT NOTICE AND CLAIMS ADMINISTRATION**

Judge:　　　　Hon. Beth L. Freeman
Hearing Date: October 27, 2022
Time:　　　　9:00 a.m.
Courtroom:　　3

20

21

22

23

24

25

26

27

28

I, Steven Weisbrot, declare as follows:

1.      I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion").  I am fully familiar with the facts contained herein based upon my personal knowledge.

2.      My credentials were previously reported to this Court in my prior declaration that was filed the *Plaintiff Specialized Collections Bureau's Motion for Preliminanry Approval of Settlement; Memorandum of Points and Authorities in Support Thereof* (Dkt No. 387) ("Original Declaration").

3.      Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies.  Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members.  The executive profiles as well as the company overview are available at www.angeiongroup.com/our_team.htm.

4.      As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of settlement and claims processing services.

5.      Angeion was approved by the Court as a notice administrator for this matter to issue notice to the AdWords Class described in the Court's March 23, 2021 Order Granting Motion for Class Notice Plan.  As described in the October 21, 2021 Status Report of Class Counsel Re: Class Notice Plan, on or about August 12, 2021, Angeion sent notice to the litigation class, consisting of 651,294 emails and 141,318 mailed notices, which resulted in 34 opt-outs.

6.      Angeion has now been retained by the Parties and appointed by the Court as a settlement administrator for this matter pursuant to the Court's May 13, 2022 Preliminary Approval Order (Dkt. No. 393).  I submit this Declaration to provide the Court and the Parties with information related to Angeion's administration of the approved Settlement including

dissemination of Notice and the administration and review of Claims, Opt-Out Forms, and Objections.

## CAFA NOTICE

7. Please see *Declaration of Ryan Chumley Regarding CAFA Notice Dissemination* (Dkt 397) filed with this Court on June 1, 2022

## CLASS DATA

8. In June 2021, Defendant's Counsel, Cooley LLP, provided Angeion with access to their secure file transfer site for the purposes accessing the AdWords Class Member contact information ("Class Data"). This initial set of the Class Data consisted of an Excel file containing 821,950 rows of names, addresses, email addresses, and AdWords Publisher ID Numbers ("Customer ID") for AdWords Class Members. Across these records there were 894,592 unique Customer ID and  email/class member name combinations. Angeion promptly loaded the Class Data into a secure database, which was created specifically for this settlement ("Settlement Database").

9. On August 2, 2021, Angeion received two additional spreadsheet contiaing 111,468 and 2,744 additional records.

10. On June 1, 2022, Angeion received an additional supplemental spreadsheet conaitning 141 records.

11. Angeion combined the four spreadsheets, removed duplicative records, removed 50 Customer IDs that had excluded themselves during the Class Certification period, and compiled the Class Member database ("Class List"). The total number of unique records in the Class List provided to Angeion was 1,008,895.  Of those, 870,509 had email addresses, and 138,386 had only physical addresses.

## NOTICE DISSEMINATION TO SETTLEMENT CLASS MEMBERS

12. Pursuant to Paragraphs 7-11 of the Preliminary Approval Order and in accordance with Section 4.2 of the Settlement Agreement, on June 17, 2022, Angeion sent Direct Email Notice to the 870,509 AdWords Class Members who had an email address in the Class Data as of that date.  817,741 of the Email Notices were delivered on the first attempt. The other 52,768

Email Notices were undeliverable.  A true and accurate copy of the Email Notice is attached hereto as **Exhibit A.**

13.     In compliance with Section 4.3 of the Settlement Agreement, Angeion mailed Postcard Notice via USPS first class mail to the 191,154 Settlement Class Members who (1) did not have email addresses in the Class Data, or (2) as to whom the email notice had been undeliverable.  A true and accurate copy of this Notice is attached hereto as **Exhibit B**.

14.     As of October 12, 2022, the USPS has returned 808 notices with a forwarding address. The Class Lisr was updated with these addresses and Notices were re-mailed.

15.     As of October 12, 2022, a total of 58,990 of the initial Notices have been returned by the USPS as undeliverable without a forwarding address. Angeion conducted address verification searches ("skip traces") in an attempt to locate updated addresses. Angeion idefied 32,379 updated addresses via skip tracing. Angeion updated the Class List and has re-mailed Notices to the 32,379 Class Members located via this process. Of the re-mailed Notices, 17,768 have been returned the USPS a second time.

16.     Including both Direct Email Notice and Postcard Notices sent to AdWords Class Members, at least one form of Direct Notice was sent and not returned as undeliverable for approximately 95.6% of the Settlement Class.

### SETTLEMENT WEBSITE

17.     Angeion established and maintains a website for the Settlement, https://www.adwordsadxclassaction.com, to provide information and important deadlines to Class Members and answer frequently asked questions. Users of the Settlement Website can review Settlement documents including the long form notice (Website Notice), claim form, the Settlement Agreement, the Preliminary Approval Order, and SCB and Class Counsel's Notice of Motion and Motion for Service Awards, Attorneys' Fees, and Costs and Expenses, among others. Copies of the Long Form Notice and Claim Form are attached hereto as **Exhibit C** and **Exhibit D** respectively.

18.     The Settlement Website also includes a "Contact Us" page, which allows Class Members to submit emails to the Settlement Administrator directly through the Settlement

Website and provides multiple options for contacting Angeion including the toll-free helpline number, settlement email address, and settlement physical address.

19.     The Settlement Website was also created with the capability to allow Class Members to submit Claim Forms, and Opt-Out Forms electronically as well as the ability to print paper versions of each of the forms. The online submission portals for each of these forms were active from June 17, 2022 through August 30, 2022, which was the deadline for AdWords Class Members to file a claim, opt-out, or object to the Settlement.

20.     In compliance with Section 4.4 of the Settlement Agreement, the Settlement Website has been accessible 24 hours a day, seven days a week. Angeion will continue to maintain and update the Settlement Website throughout the administration of the Settlement for at least 90 days after the Effective Date of the Settlement in accordance with Section 4.4.2 of the Agreement.  As of October 12, 2022, there had been 177,400 page views of the Settlement Website.

**TOLL-FREE HELPLINE**

21.     In connection with the Settlement Website, Angeion set up and continues to maintain an automated toll-free telephone number, (855) 874-1818, where potential AdWords Class Members can obtain information about the settlement.  This toll-free helpline has been accessible 24 hours a day, seven days a week.  Callers can obtain information regarding the settlement, including applicable deadlines to act, the Settlement Website address, and information about how to file a claim, opt-out, or object to the settlement.  AdWords Class Members Class Members may also leave a message for the Settlement Administrator, provide updated contact information or ask additional questions and Angeion will call them back. As of October 12, 2022, there had been 196 calls to the toll-free telephone number.

**CLAIMS**

22.     AdWords Class Members were required to submit a complete and valid Claim Form via facsimile, online submission via the Settlement Website, or via U.S. Mail postmarked on or before August 30, 2022, which was somewhat more than 60 days after the Notice Date, in order to receive any relief from the settlement.

23.     As of September 7, 2022, Angeion had received 84,335 claims.  Of those, Angeion has determined that 4,838 claims were Valid Claims that are eligible to receive payment under the terms of Agreement if the Court grants final approval to the settlement and the settlement becomes final. These 4,838 Valid Claims were submitted for 8,503 valid Customer IDs.

24.     Of the 79,497 claims received determined not to be valid, they were not valid for the following reasons: 183 were duplicative of another claim submitted, 17 were received after the August 30, 2022 claims deadline, and 79,297 were submitted by an individual not on the class list who did not submit a valid email address or Customer ID with their claim.

25.     As examples of the invalid submissions, Angeion received 3,324 claims that had all been submitted with an e-mail domain of @163.com, and for each of those claims, none of the submissions matched the identifying information of any class members.  Angeion also received 94 claims submitted with an e-mail domain of @cqvip88.com where each submitted e-mail followed the same setup of random letters followed by random numbers.  Angeion also received 168 claims all originating from the same IP address (73.32.120.147) with none of the submissions matching the identifying information of any class members.  Angeion also received 36 claims on behalf of a Stephen Galik, who is not an AdWords class member and who has attempted to file multiple fraudulent claims in other class settlements Angeion has administered. Angeion also received several submissions made by "trustees" on behalf of a larger group of advertisers, and what typically happened is that those trustees submitted claims on behalf of class members as well as other advertisers who were not class members.

26.     Angeion will send an initial claim deficiency notice to these 79,480 claims and they will have 30 days to provide supporting information that their claim should be valid.

## SETTLEMENT PAYMENT CALCULATIONS

27.     The exact amount in the Net Settlement Fund available for Settlement Payments to Settlement Class Members will depend on the amount of the Service Award Payment, Attorneys' Fees, Costs and Expenses, and Administrative Fees.  When those final amounts are known, and when Angeion receives from Google the data regarding each Claimant's total

AdWords spend on AdX publishers' pages, Angeion will be able to calculate the pro rata share of the Net Settlement Fund to be distributed to each AdWords Class Member that submitted a Valid Claim pursuant to Section 2.4.1 of the Settlement, and will proceed with distributing those funds, subject to the $1.00 minimum threshold for distribution set forth in that same section.

## OPT-OUT REQUESTS

28.     Pursuant to Paragraph 13 of the Order and Section 5.2 of the Agreement, AdWords Class Members who wished to exclude themselves from the Settlement were required to submit an Opt-Out Form via facsimile transmission, online submission via the Settlement Website, or via U.S. Mail postmarked on or before August 30, 2022, which was somewhat more than 60 days after the Notice Date.

29.     As of October 12, 2022, Angeion had received 17 timely Opt-Out Forms.  A list of the AdWords Class Members who have submitted Opt-Out Forms is attached hereto as **Exhibit E**.

## OBJECTIONS

30.     Pursuant to Paragraph 15-18 of the Order and Section 5.1 of the Agreement, any AdWords Class Member who did not file an Opt-Out Form who wished to object to the Settlement was required to submit a written Objection either through the Settlement Website or via U.S. Mail postmarked on or before August 30, 2022, which was somewhat more than 60 days after the Notice Date.

31.     As of October 12, 2022, Angeion received one timely Objection.  Angeion forwarded this objection from Mr. Robert J.A. Gilbert, to Class Counsel and Defendant's counsel. A copy of this objection is attached hereto as **Exhibit F**.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 12th day of October, 2022 in Parkland, Florida.

_____
Steven Weisbrot

WEISBROT DECL. RE SETTLEMENT NOTICE
CASE NO. 5:17-CV-7082-BLF

# Exhibit A

**From:** AdWords Class Action Settlement Administrator <donotreply@adwordsadxclassaction.com>
**Sent:** Friday, June 17, 2022 12:34 PM
**To:** ███████████████████████████████
**Subject:** Notice of Proposed Settlement of AdWords Class Action

**Unique ID #:** ████████████

**Confirmation Code:** ████████████

**A Court has directed that this Settlement Notice be mailed to you. You are not being sued.**

**You may be entitled to compensation as described below.**

*This Notice may affect your legal rights. Please read it carefully.*

You are receiving this Court-approved Notice because Google's records indicate that you may be a Class Member in a class action lawsuit called *AdTrader, Inc. v. Google, LLC*, Case No. 17-CV-07082-BLF (N.D. Cal)  You may have received a prior notice about this case in or around August 2021 to alert you that the claims at issue had been certified for class treatment.

The parties in that case have now reached a proposed settlement.  Please read through this Notice to learn more about the settlement, including important deadlines to act.

A Court has preliminarily approved a $7,000,000 settlement in this case. *Your rights may be affected and you may be entitled to a portion of this settlement if you are a Class Member.* The court-appointed Settlement Administrator has assigned you a **unique ID#:  ADW10168048.**

**What is this lawsuit about?**  Plaintiffs in this lawsuit claim that certain AdWords advertisers are entitled to receive refunds or credits associated with clicks or impressions on those advertisers' AdWords ads that appeared on any DoubleClick Ad Exchange publisher website, where Google determined that the clicks or impressions were the result of "invalid activity" or a violation of Google's policies, and on that basis withheld payment from the associated publisher. Google denies these claims.  The Court has not expressed an opinion about who is right or decided that Plaintiffs' claims are valid.  The Court has only "certified" a class of AdWords advertisers so that these claims could proceed as a class action, meaning that all Class Members'

claims would be resolved in a single case.

**Who is included in the Settlement?** You are receiving this Notice because Google's records indicate that you may be a Class Member who is entitled to compensation under the proposed settlement. You are included in this settlement if: between December 13, 2013 and [date of the last signature on Settlement Agreement] you were a Google AdWords Advertiser whose AdWords account (1) was subject to the AdWords terms for the United States but who (2) was not subject to the arbitration clause in those terms, (3) was billed for clicks or impressions on advertisements that were displayed on any DoubleClick Ad Exchange ("AdX") publisher website during that time, and (4) your share of the proposed settlement based on what you were billed for clicks or impressions on advertisements that were displayed on AdX publishers' websites would total $1.00 or more.

**What are my options?** If you are a Class Member and you did not opt out in response to receiving prior notice, and you would like to receive a settlement payment, you must submit a Claim Form no later than **August 30, 2022** using the unique ID# and confirmation code listed above. The Claim Form is available on the settlement website at https://adwordsadxclassaction.com, and may be submitted online through the website.  Alternatively, you can print the Claim Form, fill it out and submit via fax to 215-525-0209 or via mail to:

AdWords Advertiser Settlement

c/o Settlement Administrator

1650 Arch Street, Suite 2210

Philadelphia, PA 19103

If you submit a Claim Form, you will be legally bound by the settlement, and you will not be able to separately sue Google about the legal claims resolved by this settlement.  If you do nothing, you will not be entitled to a settlement payment, but you will still be legally bound by the settlement.

If you wish to exclude yourself from the settlement, you can submit an Opt-Out Form no later than **August 30, 2022**.  This is the only option that will allow you to separately sue Google

regarding the legal claims in this case. If you do not opt-out, you may object to the settlement and you or your lawyer may also ask to speak at the Final Fairness Hearing if you timely submit an Objection and request to be heard at the hearing.  The deadline to submit Objections and requests to appear is **August 30, 2022**.  Additional details are available at https://adwordsadxclassaction.com.

**Fairness Hearing**.  The Court will hold a Final Fairness Hearing on **October 27, 2022** at **9:00 a.m.** at the U.S. District Court for the Northern District of California, San Jose Division, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 3 on the 5th Floor.  The Final Fairness hearing may instead be held via videoconference as determined by the Court. At this hearing, the Court will consider whether: 1) the settlement is fair, reasonable, and adequate; 2) to approve the Class Representative Service Award; and 3)to approve attorneys' fees, costs, and expenses to Class Counsel. The motions for attorneys' fees, costs, and expenses and the Class Representative Service Award will be available at https://adwordsadxclassaction.com after it is filed.

**More information**.  To get a copy of the detailed Notice, Claim Form, or Settlement Agreement, or to learn more about the settlement and the claims and objection processes, visit the settlement website at https://adwordsadxclassaction.com or call **1-855-874-1818**.

Unsubscribe

# Exhibit B

# Important Notice about a Class Action Settlement

U.S. District Court for the Northern District of California

*AdTrader Inc. et al v. Google LLC*

## Notice of Proposed Class Action Settlement

*This Notice may affect your legal rights. Please read it carefully.*

QUESTIONS?
www.adwordsadxclassaction.com

AdWords Advertiser Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
MAG

**Electronic Service Requested**



Postal Service: Please do not mark barcode

Unique ID:
Confirmation Code:



A $7,000,000 settlement has been preliminarily approved in the case *AdTrader, Inc. v. Google LLC*, 5:17-CV-07082-BLF (N.D. Cal.). ***Your rights may be affected, and you may be entitled to a portion of this settlement if you are a Class Member.*** Plaintiffs in this lawsuit claim that certain AdWords advertisers are entitled to receive refunds or credits associated with clicks or impressions on advertisements appearing on any DoubleClick Ad Exchange publisher website that Google determined were the result of "invalid activity," and for which Google did not pay the associated publisher. Google denies these claims. You may be a Class Member and are part of this settlement if: from December 13, 2013 through April 28, 2022, you were a Google AdWords Advertiser whose AdWords account (1) was subject to the AdWords terms for the United States but who (2) was not subject to the arbitration clause in those terms, (3) was billed for clicks or impressions on advertisements that were displayed on any DoubleClick Ad Exchange ("AdX") publisher website during that time, and (4) your share of the proposed settlement would total $1.00 or more.

**What are your options?** If you are a Class Member and you did not opt out in response to receiving prior notice in this case, you may: (1) submit a claim to receive a settlement payment, (2) opt out of the settlement, or (3) object to the proposed settlement. Claim Forms and Opt-Out forms are available at the settlement website at http://adwordsadxclassaction.com, and may be submitted online, via fax (215-525-0209), or via mail (address on reverse side) using the ID# shown on the front of this card. If you do nothing, you will not receive a settlement payment. If you submit a Claim Form or do nothing, you will be legally bound by the settlement; opting-out is the only option that will allow you to separately sue Google regarding the legal claims in this case. **To submit a claim, opt out, or object to the settlement, you must act by August 30, 2022.**

**Fairness Hearing:** The Court will hold a Final Fairness Hearing on **October 27, 2022 at 9:00 a.m.** at the U.S. District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113. The Final Fairness hearing may instead be held via videoconference as determined by the Court.

**More Information:** To get a copy of the detailed Notice, Claim Form, or Settlement Agreement, or to learn more about this settlement, including your rights and options, please visit http://adwordsadxclassaction.com or call **1-855-874-1818.**

# Exhibit C

***AdTrader Inc., Classic and Food EOOD, LML Consult LTD., Ad Crunch LTD.,
and Specialized Collections Bureau, Inc. v. Google LLC***
**U.S. District Court for the Northern District Of California
No 5:17-cv-07082-BLF**

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**If, between December 13, 2013 and April 28, 2022 you were a Google
AdWords Advertiser whose AdWords account (1) was subject to the
AdWords terms for the United States but who (2) was not subject to the
arbitration clause in those terms, (3) was billed for clicks or impressions on
advertisements that were displayed on any DoubleClick Ad Exchange
("AdX") publisher website during that time, and (4) your share of the
proposed settlement based on what you were billed for clicks or impressions
on advertisements that were displayed on AdX publishers' websites would
total $1.00 or more, you may be entitled to compensation under a proposed
settlement of the above-entitled class action lawsuit.**

*A federal court authorized this notice. This is not a solicitation.  Your legal rights
may be affected even if you do not act.  Please read this Notice carefully.*

In addition to the email or postcard notice you may have received, this document provides
further information related to the claims in a lawsuit called *AdTrader Inc. et al. v. Google LLC*
(N.D. Cal. No. 5:17-cv-07082-BLF), and regarding your rights under the proposed settlement in
that case.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **Submit a Claim Form** | If you submit a Valid Claim[1] by August 30, 2022 and your share of the proposed settlement would total $1.00 or more, you may receive a payment in an amount calculated by the process set forth below. By submitting a claim, you will give up your right to separately sue Google and/or any other released entities regarding the legal claims at issue in this case. |
| **Exclude Yourself from the Settlement** | If you do not want to be bound by the settlement, you may exclude yourself (also referred to as "opting out").  In that case, you will not receive any payment from the settlement, but you will preserve your right to sue Google based on the legal claims at issue in this case. The opt-out deadline is August 30, 2022. |

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning ascribed to them in the Class
Action Settlement Agreement ("Settlement Agreement") dated April 28, 2022.  The Settlement Agreement is
available at http://adwordsadxclassaction.com.

1

| | |
|---|---|
| **Object to the Proposed Settlement** | You may write to the Settlement Administrator about why you do not like the proposed settlement, or may engage an attorney to submit such an objection on your behalf.  If you do so, you will give up your right to separately sue Google and/or any other released entities regarding the legal claims at issue in this case.  The deadline for objecting is August 30, 2022.  These objections will be shared with the Court. |
| **Do Nothing** | If you do nothing, you will not receive any payment from the settlement, and you will lose the right to sue Google based on the legal claims at issue in the case. |

| CONTENTS OF THIS NOTICE |
|---|

**Basic Information**.......................................................................................................... **4**

   1.  Why did I receive this Notice?.......................................................................... 4

   2.  What is a class action?...................................................................................... 4

   3.  What is this lawsuit about? ............................................................................... 4

**Who is in the Class** ......................................................................................................... **5**

   4.  How do I know if I am part of the Settlement Class?........................................ 5

**The Proposed Settlement** ............................................................................................... **6**

   5.  What is the amount of the settlement?............................................................... 6

   6.  How will the Settlement Fund be distributed?.................................................. 6

   7.  What will happen to any amounts of the Net Settlement Fund that remain after payments have been made to Class Members? ........................................................................ 7

   8.  How will Specialized Collections Bureau be compensated?............................. 7

   9.  How will Class Counsel be compensated? ....................................................... 7

**Your Rights and Options** .............................................................................................. **7**

   10. How can I get a settlement payment? ................................................................ 7

   11. Can I exclude myself from the Class and the proposed settlement?.................. 8

   12. How do I object to the proposed settlement?.................................................... 9

   13. What happens if I do nothing?.......................................................................... 9

**The Lawyers Representing the Class** .......................................................................... **10**

   14. Who represents Specialized Collections Bureau and the Class? ..................... 10

   15. Can I contact Class Counsel, and how?.......................................................... 10

**The Approval Process for the Proposed Settlement** ................................................. **10**

   16. Has the Court approved the proposed settlement?........................................... 10

   17. Do I need to attend the Final Fairness Hearing?............................................. 10

**Getting More Information** .......................................................................................... **11**

   18. How can I get more information?..................................................................... 11

# BASIC INFORMATION

| **1.   Why did I receive this Notice?** |
|---|

You are getting this Notice because you have been identified from Google's records as a possible member of the certified class in this litigation, called *AdTrader, Inc. v. Google, LLC*, Case No. 17-CV-07082-BLF (N.D. Cal.).  Judge Beth Labson Freeman of the United States District Court for the Northern District of California (the "Court") is currently overseeing the case, and authorized this Notice to let you know that, following a mediation before a retired federal judge, the parties have reached a proposed settlement.  This proposed settlement affects your legal rights and options, as explained further in this Notice.

You may have received a prior notice related to this case in or around August 2021.  That notice alerted you that the claims at issue in the case had been certified for class treatment, and gave you the opportunity to exclude yourself from the class.  This notice is different; it is informing you that the parties have reached a proposed settlement and is intended to inform you of your rights under that proposed settlement.

| **2.   What is a class action?** |
|---|

In a class action, a person or entity called the "Class Representative" (in this case, an AdWords advertiser called Specialized Collections Bureau, Inc. or "SCB") sues on behalf of a group (or groups) of people who have similar claims.  The Class Representative and others with similar claims are all "Class Members" and, together, they constitute the "Class."  One court resolves the claims of all Class Members in a single proceeding, except for those who exclude themselves from (or "opt out" of) the Class.

The Court decided that certain claims in this lawsuit could proceed as a class action and certified those claims for class treatment.  Now, the Class Representative, SCB, and Google have agreed to a proposed settlement of those class claims.  For the proposed settlement to become final, the Court must decide whether it is "reasonable" compromise of the Class's claims and must approve the settlement.

| **3.   What is this lawsuit about?** |
|---|

In the Second Amended Class Action Complaint (the "Operative Complaint," available at http://adwordsadxclassaction.com), the Class Representative, SCB, alleges that certain AdWords advertisers are entitled to receive refunds or credits associated with clicks or impressions on those advertisers' AdWords ads that appeared on any DoubleClick Ad Exchange publisher website, where Google determined that the clicks or impressions were the result of "invalid activity" or in violation of Google's policies, and on that basis withheld payment from the associated publisher.

The Class alleges that Google's failure to issue refunds or credits to the affected AdWords advertisers (i.e., to Class Members) constituted a breach of Google's Advertising Program Terms for the United States (the "AdWords Agreement"), violation of California's False Advertising Law, and violation of California's Unfair Competition Law.  The Class seeks monetary relief to

be paid as refunds to Class Members, in the amount of the refunds or credits it alleges Google failed to issue.  More detail regarding the Class's claims can be found in the Operative Complaint, available at http://adwordsadxclassaction.com.

Google denies the Class's allegations, and maintains that it did nothing wrong or unlawful, and that all Class Members have received all refunds to which they are entitled.  Google's response to the Operative Complaint can be reviewed at http://adwordsadxclassaction.com.

The Court has not decided whether the Class or Google is right.  Instead, the Court has authorized this notice because the parties agreed to settle their dispute without a decision from the Court as to the merits of the case or the validity of the Class's claims, given the risks that both sides would face if this dispute were to be decided through a trial.

## WHO IS IN THE CLASS

| **4.   How do I know if I am part of the Settlement Class?** |
| --- |

The Court defined the Class as:

> All persons and entities: (1) whose Google AdWords advertiser accounts were subject to the Google Inc. Advertising Program Terms for the United States; (2) who were charged by Google through their AdWords accounts for clicks or impressions on advertisements appearing on any DoubleClick Ad Exchange publisher website at any time during the applicable limitations period; (3) who did not receive refunds or credits from Google even though it withheld payment to that publisher for those clicks or impressions in connection with any invalid activity or any breach of contract, including any policy violation; and (4) who opted out of the arbitration clause of the Terms.

You are a Class Member if you meet those four criteria, and do not opt out of the Class.  You may have received a prior notice in or around August 2021, alerting you to the fact that the Class was certified.  If you received prior notice, you had the opportunity to opt out of the Class then and, if you did, you are not a Class Member.  If you did not, or if you did not receive the prior notice, you are a Class Member unless you decide to opt out of the Class now.  The class claims period extends from December 13, 2013 through April 28, 2022.

If you received an email or postcard notice regarding this action at any point, whether you received one in or around August 2021 or not, that means that Google's records indicate that you may be a member of the Class.  You have been assigned a unique ID#, which appears in that email and/or postcard.  Google and counsel for the Class ("Class Counsel") will maintain that unique ID# for you throughout the settlement process, but please keep a copy of that number for yourself, as you may find it useful to track the status of any claim you may submit.

If you believe that you fit the four criteria in the class definition above but have not received an email or postcard notice, please contact the Settlement Administrator at info@adwordsadxclassaction.com.  The Settlement Administrator will then work with Google

and Class Counsel to determine whether you may properly be a member of the certified Class who is entitled to submit a claim.

## THE PROPOSED SETTLEMENT

**5.   What is the amount of the settlement?**

Under the proposed settlement, Google has agreed to create a Settlement Fund of $7,000,000. The Settlement Fund will provide compensation to Class Members and will additionally be used to: (1) pay for notice and administrative costs incurred by the Settlement Administrator; (2) provide for any approved Service Award to the Class Representative, SCB, who filed the case; and (3) compensate Class Counsel for any fee, cost, and expense award the Court approves.

**6.   How will the Settlement Fund be distributed?**

Class Counsel will ask the Court to approve the following payments from the Settlement Fund:

1. The costs of providing notice and administration of the Settlement;

2. Payment to the Class Representative, SCB, not to exceed $10,000, as compensation for its active participation in the case on behalf of the Class;

3. Class Counsel's compensation for time, costs, and expenses they spent litigating the case; and

4. Payments to the Class Members who file a timely and valid Claim Form.

The "Net Settlement Fund" is the amount of the Settlement Fund available to distribute to Class Members who submit a timely and valid Claim Form after # (1), (2), and (3) above have been paid.  It is not yet known what the amount of the Net Settlement Fund will be.

Only Class Members who submit a Valid Claim form by the Claims Deadline of August 30, 2022 will be eligible to receive any compensation.  For those Class Members, their share of the Settlement Fund will be proportional to the total amount of money they spent on AdWords advertisements appearing on any DoubleClick Ad Exchange ("AdX") publisher website between December 13, 2013 and April 28, 2022, as a percentage of all Claimants' total spend through AdWords on AdX Publishers' websites during that same period.  In other words, the amount a Class Member who submits a Valid Claim will receive from the Net Settlement Fund will be directly proportional to that Class Member's share of the total eligible advertising spend of all Class Members who submit Valid Claims.  The precise amount any individual Class Member may receive cannot be known until all Valid Claims are received and tallied by the Settlement Administrator.

Note that, due to administrative costs, the Settlement Administrator will only issue payments for Valid Claims that result in a distribution of $1.00 or more according to the above calculation.

> **7.   What will happen to any amounts of the Net Settlement Fund that remain after payments have been made to Class Members?**

Due to the distribution structure described above, the only reason that any money will remain in the Net Settlement Fund after the Settlement Administrator issues payments to Class Members with Valid Claims will be because certain Class Members did not provide sufficient or correct payment information, and the Settlement Administrator is unable to resolve those payment issues.  In that event, the parties have proposed that any remaining amount (referred to as "*cy pres*") will be provided to the non-profit entity Public Justice, as the *Cy Pres* Recipient specified in the proposed settlement.

> **8.   How will Specialized Collections Bureau be compensated?**

As the Class Representative, SCB will have the same right as any other Class Member to submit a claim for its share of the Net Settlement Fund.  In addition, Class Counsel intend to ask the Court to award SCB a "Service Award" (sometimes referred to as an "incentive award") of up to $10,000 for its time and effort producing documents in this litigation, sitting for a deposition, and otherwise representing the class.

> **9.   How will Class Counsel be compensated?**

Class Counsel will ask the Court to award them attorneys' fees from the Settlement Fund based on either the number of hours of legal work that they reasonably spent pursuing the Class claims or as a percentage of the total $7 million recovery.  Class Counsel plan to request fees of no more than 33% of the total Settlement Fund.  Class counsel will also seek reimbursement of their out-of-pocket costs and expenses incurred in pursuing the Class claims.  At least 30 days prior to the deadline by when Class Members must submit their claim, objection, or opt-out request, the Settlement Administrator will post Class Counsel's motion for attorneys' fees and costs at the settlement website at http://adwordsadxclassaction.com.

The Court will decide the amount of fees and costs Class Counsel will be awarded at or before the time of the final fairness hearing in this case.

## YOUR RIGHTS AND OPTIONS

If you are a Class Member, you must decide whether to (1) submit a claim so that you are entitled to receive a settlement payment, (2) exclude yourself or "opt out" of the proposed settlement; (3) object to the proposed settlement, or (4) do nothing.  What you do affects your legal rights, as further explained below.

> **10. How can I get a settlement payment?**

If you are a Class Member and you would like to receive a settlement payment, you must submit a Claim Form using the unique ID# the Settlement Administrator assigned to you, as shown in either the email or postcard notice you received, **no later than August 30, 2022**.

The Claim Form is available online at http://adwordsadxclassaction.com.  You may complete the Claim Form online, at the website above, or you may print the Claim Form, fill it out, and fax is to the Settlement Administrator at 215-525-0209 or mail it to the Settlement Administrator at the following address:

Adwords Advertiser Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

If you believe that you are a Class Member but did not receive either email or postcard notice so have not been assigned an ID#, you should contact the Settlement Administrator at 1-855-874-1818.

Upon receiving and reviewing submitted Claim Forms, the Settlement Administrator will review them to ensure that they are valid.  That process may require confirming the identity of the Claimant against Google's records.  If the Settlement Administrator determines that your Claim Form is incomplete or otherwise not valid, it will attempt to contact you to cure any defect it has identified.  The Settlement Administrator will also notify any Claimant whose settlement payment does not meet the $1.00 threshold amount and so will not be paid.

**If you do not file a Claim Form, you will not receive a payment.**

The Court in charge of this case still has to decide whether to finally approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

**11. Can I exclude myself from the Class and the proposed settlement?**

Yes.  If you do not want to be part of the proposed settlement, you may exclude yourself (also referred to as "opting out") by submitting an Opt-Out Form **no later August 30, 2022.**  The Opt-Out Form is available at the settlement website at http://adwordsadxclassaction.com.  You may complete the Opt-Out Form online, at the website above, or you may print the Out-Out Form, fill it out, and fax is to the Settlement Administrator at 215-525-0209 or mail it to the Settlement Administrator at the following address:

Adwords Advertiser Settlement
Attn: Exclusion Request
P.O. Box 58220
Philadelphia, PA 19102

If you opt out of the settlement, you will not be bound by the Settlement Agreement, you will not receive any settlement payment, and you will not be allowed to object to the proposed settlement.  By excluding yourself you will preserve your right to separately sue Google for the conduct alleged in this lawsuit.

## 12. How do I object to the proposed settlement?

If you are a Class Member who did not opt out of this case either in response to the prior notice or in response to this Settlement Notice, you may object to any aspect of the proposed settlement. This includes commenting on the applications for the Class Representative's proposed Service Award, and the award of attorneys' fees, costs, and expenses.

**Your Objection must be submitted no later August 30, 2022.**  You may submit your by mail to the following address:

Adwords Advertiser Settlement
Attn: Objection
P.O. Box 58220
Philadelphia, PA 19102

 Any Objection must be in writing, and must:

1. Clearly identify the case name and number, *AdTrader, Inc., et al. v. Google LLC*, No. 17-CV-07082-BLF;

2. Include the full name, address, telephone number, email address, and AdWords advertiser identification number (if known) associated with the Google AdWords account of the person or entity objecting;

3. Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel);

4. Provide a detailed explanation stating the specific reasons for the Objection, including any legal and factual support and any evidence in support of the Objection;

5. Be verified by an accompanying declaration submitted under penalty of perjury or a sworn affidavit.

Settlement Class Members who fail to submit a timely written Objection by [*to be determined; 60 days after the Notice Date, check back for final date*] and in the manner specified above will waive their right to object to any aspect of the Settlement.

## 13. What happens if I do nothing?

If you do nothing, you will not be eligible to receive a settlement payment and you will not be able to object to the proposed settlement.  You will also lose your right to separately sue Google based on the legal claims at issue in the case.

## THE LAWYERS REPRESENTING THE CLASS

## 14. Who represents Specialized Collections Bureau and the Class?

9

The Court has appointed the San Francisco law firm Gaw | Poe LLP to represent all Class Members in this case.  That firm is referred to herein as "Class Counsel."  The Court has determined that Gaw | Poe LLP can adequately represent the interests of the Class and have sufficient experience to do so.

You do not need to either hire your own counsel or separately contact Class Counsel in order for Class Counsel to pursue your interests in this case.  By virtue of the Court's decision to certify the Class, Gaw | Poe LLP is automatically pursuing the Class claims on your behalf.  You may engage separate counsel at your own expense to assist you in pursuing any Objections to the proposed settlement, if you choose to submit any, or if you elect to exclude yourself from the Class through the exclusion process described in Section 11 above.

| 15. Can I contact Class Counsel, and how? |
| --- |

If you have legal questions about the case, you can contact Class Counsel at AdWords@gawpoe.com or visit their website at www.gawpoe.com.

## THE APPROVAL PROCESS FOR THE PROPOSED SETTLEMENT

| 16. Has the Court approved the proposed settlement? |
| --- |

The court has given "preliminary approval" to the proposed settlement, which is why Class Members are receiving this Notice.  After the period for Class Members to submit Claim Forms, Objections, and Opt-Out Forms ends, the Court will review a tabulation of Claims, any Objections, and Class Counsel's motion for attorneys' fees, expenses, and costs, and will hold a "Final Fairness Hearing" at which it will decide whether to formally approve the proposed settlement.

That Final Fairness Hearing is currently scheduled to take place on October 27, 2022 at 9:00 a.m. at the U.S. District Court for the Northern District of California, San Jose Division, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 3 on the 5th Floor.  The Final Fairness hearing may, instead, be held via videoconference, as determined by the Court. The hearing date may change without further notice to Class Members.  Class Members should check the settlement website at http://adwordsadxclassaction.com for updates and to confirm whether the hearing will be held in person or by videoconference, and to confirm that the date has not been changed.

| 17. Do I need to attend the Final Fairness Hearing? |
| --- |

No.  Class Counsel will represent the interests of the Class at the hearing and respond to any questions the Court may have.  However, any Class Member who submits a timely Objection will have the option to appear and request to be heard at the Final Fairness Hearing, either in person or through their counsel, by including a Notice of Intention to Appear in the body of the Objection. Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court. If you engage an attorney to represent you in connection with your Objection, that attorney may appear at the Final Fairness Hearing on your behalf, and you will be solely responsible for paying that attorney's fees.

# GETTING MORE INFORMATION

| **18. How can I get more information?** |
| :--- |

This Notice summarizes the proposed settlement.  It does not describe all of its details.  For the precise terms and conditions of the settlement, please see the Settlement Agreement and related documents.

The Settlement Agreement and related documents that provide information about the case are posted on the settlement website at http://adwordsadxclassaction.com.  Additional relevant documents will be added as they become available.  Contact information for the Settlement Administrator is also available at the settlement website, and you may call the Settlement Administrator toll-free at 1-855-874-1818.

Finally, the complete docket for the case can be found at https://ecf.cand.uscourts.gov/cgi-bin/login.pl, and is accessible to anyone who has registered an account with the federal courts' PACER system.

As set forth above, you may also contact Class Counsel at AdWords@gawpoe.com, or by visiting their website at www.gawpoe.com.

**Please do not telephone the Court or the Court Clerk's Office to inquire about the settlement.**

# Exhibit D

<table>
<tr><td>

**The deadline to file a claim form is: 8/30/22**

</td><td>

*AdTrader Inc., Classic and Food EOOD, LML Consult LTD., Ad Crunch LTD., and Specialized Collections Bureau, Inc. v. Google LLC*

**U.S. District Court for the Northern District of California**
**No 5:17-cv-07082-BLF**

## Claim Form

</td><td>

**ADW**

</td></tr>
</table>

## I. CLASS MEMBER INFORMATION

Provide your contact information below. You must notify the Claims Administrator if your contact information changes after you submit this form.

Provide your name or the entity under which your AdWords account(s) was registered with Google:

Street Address:

City:                          State:              Zip Code:

Telephone Number:                     Current Email Address:

Notice ID - If you received a personalized Email or Postcard Notice:

Customer ID Number(s) and Email Addresses associated with your AdWords account(s) (if available); if you have multiple AdWords accounts registered to the above listed name or entity, please list all available account numbers and email addresses you used for any of those accounts here:

| # | Customer ID Number | Email Address |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

<table>
<tr><td>

**The deadline to file a claim form is: 8/30/22**

</td><td>

*AdTrader Inc., Classic and Food EOOD, LML Consult LTD., Ad Crunch LTD., and Specialized Collections Bureau, Inc. v. Google LLC*

**U.S. District Court for the Northern District of California**
**No 5:17-cv-07082-BLF**

## Claim Form

</td><td>

**ADW**

</td></tr>
</table>

## II. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used should you be eligible to receive a settlement payment:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ ___-__ ___ __-__ ____ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __   or Email Address: _____

☐ **Physical Check -** Payment will be mailed to the address provided above.

## III. VERIFICATION AND ATTESTATION UNDER PENALTY OF PERJURY

By submitting this claim, I attest under penalty of perjury and by personal knowledge that the AdWords advertiser associated with this claim did not intentionally violate any of Google's advertiser policies at any time in connection with the AdWords accounts(s) registered to the above listed name or entity.

_____     Date: _____
Your signature                                                           MM          DD          YYYY

_____
Your name

# Exhibit E

| Exclusion Number | Name | AdWords Customer ID | Exclusion Date |
|---|---|---|---|
| 1 | Scotty Zinifire | 7200085026 | 6/17/2022 |
| 2 | Erin VanOrden | 3328857167 | 6/18/2022 |
| 3 | Tony Escobar | 3000300061 | 6/19/2022 |
| 4 | Buy More | 8230228074 | 6/28/2022 |
| 5 | Randy Kiesel | 5896932193 | 7/8/2022 |
| 6 | Garrett Moon | 9999730475 | 7/8/2022 |
| 7 | Willie Tingler | 5646624708 | 7/9/2022 |
| 8 | Beverly Lyles, Natural Recovery, Inc. | 6172787610 | 7/9/2022 |
| 9 | Godfrey Lamar Fleming | 4171318381 | 7/11/2022 |
| 10 | Fenley Lamothe | 5640080373 | 7/11/2022 |
| 11 | New World Commerce | 1392916276 | 7/12/2022 |
| 12 | Laurie Marin Garcia | 9306173338 | 7/12/2022 |
| 13 | Maria Oshaughnessy | 9773040800 | 7/12/2022 |
| 14 | Jesse Krause | 2628428597 | 7/13/2022 |
| 15 | Robert Herrera | 1089737210 | 8/12/2022 |
| 16 | Louis J Fala | 3883317685 | 8/20/2022 |
| 17 | Dawn Guiney | 1627826395 | 8/29/2022 |

# Exhibit F



Robert J. A. Gilbert

Email
Unique ID ADW10413440

Adwords Advertiser Settlement
Attn: Objection
PO Box 58220
Philadelphia, PA 19102

RE: AdTrader, Inc., et al. v. Google LLC, No. 17-CV-07082-BLF

I am writing to object to the settlement disclosed in document 393 of case 5: 17-CV-07082-BLF. While I was not directly involved in the events that prompted this lawsuit, I am convinced Google's unethical practices and resulting negligence have caused direct harm to me and my online brand. Considering how many others may have suffered similar damages, I do not believe the $7 million settlement amount is enough to remedy the damages done. My specific reasons for objection are listed as follows:

First, the wording of this settlement is unclear. I can see that Google claims it did nothing wrong, but I cannot tell if Google has based this claim on the fact that they allegedly refunded all ad money or something else. My records show that I was using Google's ad services as far back as 2013 but I do not have record of these refunds. My reports clearly show that I paid for clicks and received 0 conversions, but Google never terminated my services—they didn't even let me know they were taking action. Instead, as I will explain in subsequent paragraphs, I have come to realize that Google silently suppressed me and my online brand to prevent me from gaining online exposure—even while I was paying them to give me online exposure.

Does Google claim it did nothing wrong because it does not want to admit to the practice of suppressing users and websites? Is that why so many other plaintiffs, myself included, weren't found until the discovery portion of this lawsuit? Did somebody audit Google's accrued refunds and accidentally discover a list of suppressed websites that also happened to have ad accounts? Is that why, right about the same time as the Administrator's Report was filed (October 2021) and at the same time I was added to the list of claimants, my website's visitor counts suddenly shot up to six times the average visitor rate that I have seen since I started building my brand? Of course Google would claim that it did nothing wrong...while at the same time deleting the evidence of its wrongdoing (which is the most sensible conclusion I can come to, given these facts). This does not suggest a true desire to remedy the problem.

Second, the means by which Google caused harm has not been sufficiently addressed in this case. As I have already concluded, the reason Google's ad services failed to comply with their own service agreement (more on this later) is because Google created a list of websites that its agents/employees deemed problematic. Google admits to doing this, as has already been presented to the court. Google then implemented an unknown method by which it suppressed the online presence of these websites. My website was on that list. Before Google lifted this ban, I was unable to type my own website into Google's search engine and see anything about me come up in the results. (In contrast, when I used a non-affiliated search engine such as Bing, my website consistently came up on the front page.) As a

direct consequence of being suppressed, Google was not delivering any users who double-clicked on my ads to my website, thus denying me potential sales of the product I was advertising. As an advertiser on Google, I was never told that those clicks were "invalid". I only suspected that Google was not delivering users to my website because my website's visitor count did not match the number of clicks I was paying for on various advertisement services at the time. I'd wager most of the claimants named in this lawsuit had similar experiences, but had enough traffic to their web page by other means of online exposure that the deficit in visits went unnoticed. In my case, I became aware of the problem early but did not know the cause or how to remedy it.

Part of the damage caused by this practice was the amount of time and effort I spent trying to break through this invisible barrier, all the while not sure if my own ads were the problem—or if my graphic designer or web page provider was not "good enough". I'm certain many of the other small companies and online brands included in this lawsuit suffered similar damages. This brings me to my third point: the harm caused by Google's behavior is not just the cost of advertising. I paid for graphic design, licensed material—including music rights for my video advertisements, and even subscribed to a web-page service provider—all of which was fruitless because of Google's negligence. When my ads produced no sales, I stopped paying for licensed images, dropped my web page subscriptions, and even searched for other graphic designers due to the belief that what I was using was not good enough. This indirectly harmed others—who are not named in this lawsuit—through the depravation of potential revenue had Google's services delivered as promised.

Another indirect result of this ban affects the potential agents I was communicating with in 2019, during which several of them stated (I still have their emails) that I had no "online presence", which is largely due to my website's inability to come up in a Google search. I agree that, while it is the responsibility of a potential agent to choose their clients based on more than internet presence, the potential revenue lost (for both myself and my agent) is still a significant factor to be considered.

Fourth, Google claims that it only punishes users who violate its ever-changing Terms of Service agreement. However, as this case shows, Google blatantly failed to adhere to its own side of those terms. No update to a TOS contract can negate the requirement for a company to provide Due Diligence in upholding its own side of the agreement. Since Google refuses to provide details as to what the violation was that prompted their behavior, we can only speculate on what the true cause may be.

Paragraph 117 of the introduction to the original complaint filed on this case points out that Google could only have used the "third party right" clause as its reason for terminating the main plaintiffs' contract in the manner by which it was terminated. This "third party" clause has been increasingly used by many online providers to censor opinions online by claiming that they are "hate crimes" against third parties. I believe the reason this clause even exists is because Google (and many other online social media platforms) began using it to justify their practice of suppressing users who otherwise were not problematic enough to warrant outright termination of services. It is likely Google had grown so accustomed to terminating accounts under the broad protection of this clause that they didn't think twice about not having a real reason when it came to terminating AdTrader's contract.

It does not matter whether a mob of immature users spam-reported somebody's ads or website to Google because they didn't like somebody's opinion (that was not a violation enough to warrant actual termination of the account) or whether Google's own agents themselves decided they wanted to persecute the user's account. Either way, by not showing due diligence in investigating the alleged violations before applying punishment (termination or suppression), Google became grossly negligent in

carrying out its side of their own Terms of Service. More important to this case: had Google not gotten away with harming the smaller plaintiffs discovered later in this class action lawsuit, they would not have been bold enough to attempt the actions against AdTrader that led directly to this lawsuit.

Fifth, Google is an industry leader, and as such, is expected to set an example to other companies in its sector. In essence, by embracing the practice of suppressing online content without thoroughly reviewing whom they were banning, they are contributing to the internet's current "cancel culture" environment, where bullies are allowed to destroy the online presence and even careers of anybody they don't like.

Finally, and most importantly, I want to point this out: Google will do this again as soon as the heat is off of them. Where will that leave me? Where will that leave the graphic designers, musicians, and web service providers I can't afford to pay? How many thousands of other users—and their business associates—will suffer the same? Does $7 million dollars really cover all the damages AND sufficiently discourage Google (and others) from going right back to their shady, undisclosed business practices?

In conclusion, I want to state that I object to this settlement because the cost of this settlement does not take into consideration the true extent of the punitive damages, nor does it take into consideration the fact that Google will be free to do this again as soon as this lawsuit is settled and forgotten. The money may sate the ire of the larger businesses who were harmed, but it will never heal the wounds of distrust and discouragement we "little people" suffered due to Google's willful and malicious negligence.

Thank you for considering my objection,


Robert J. A. Gilbert


State of Oregon

County of Linn


Signed and sworn to before me on ___July 6___, 2022 by Robert Gilbert.


Notary Public – State of Oregon

OFFICIAL STAMP
ELIZABETH L EBERSOLE
NOTARY PUBLIC-OREGON
COMMISSION NO. 986355
MY COMMISSION EXPIRES APRIL 23, 2023



Gilbert

7/19

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

7022 0410 0001 0200 7208

Adwords Advertiser Settlement
Attn: Objection
P.O. Box 58220
Philadelphia, PA 19102

19102-822030

U.S. POSTAGE PAID
FCM LETTER

JUL 08, 22
AMOUNT
$7.38
R2305E126860-20

1021

19102