RANDOLPH GAW (S.B. #223718)
rgaw@gawpoe.com
MARK POE (S.B. #223714)
mpoe@gawpoe.com
VICTOR MENG (S.B. #254102)
vmeng@gawpoe.com
FLORA VIGO
fvigo@gawpoe.com
GAW | POE LLP
4 Embarcadero, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ADTRADER, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC. <br><br> Defendant. | Case No. 5:17-CV-07082-BLF <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF SPECIALIZED COLLECTIONS BUREAU'S MOTION FOR FINAL APPROVAL OF SETTLEMENT** <br><br> Judge:    Hon. Beth L. Freeman <br> Courtroom:  3 |

**[PROPOSED] ORDER**

Having considered Plaintiff Specialized Collections Bureau, Inc.'s ("SCB") Motion for Final Approval of Settlement (the "Motion"), the Declaration of Steven Weisbrot, and all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the hearing on the Motion, and the record in the Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, unless otherwise defined herein.

2. This Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

3. The Court preliminarily approved the Settlement Agreement and entered the Order Granting (1) Preliminary Approval of Class Action Settlement, and (2) Approval of Class Notice and Administration Forms (Preliminary Approval Order) on May 17, 2022.

4. As attested in the Weisbrot Declaration, Notice of the Settlement Class was thereafter effected to AdWords Class Members per the terms of the Preliminary Approval Order. (Weisbrot Decl. ¶¶ 12-16; 17-21.)

5. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement, as well as the memoranda and arguments submitted on behalf of Plaintiff, AdWords Class Members, and Google, and supporting declarations and exhibits.  The Court held a hearing on October 27, 2022, at which time the Parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that Notice pursuant to the Class Action Fairness Act was timely and properly served on May 9, 2022, (Weisbrot Decl. ¶ 7 & Dkt. No. 397) and that ninety (90) days have passed without comment or objection from any governmental entity.

6. Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The Court has

1  specifically considered the factors relevant to class settlement approval. *See, e.g.*, *Churchill Vill.,*
2  *L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004).
3      7.    The Court specifically finds that the following factors support the Court's
4  determination that the Settlement is fair, reasonable, and adequate:
5          a.    The strengths and weaknesses of Plaintiff's case on the merits;
6          b.    The anticipated expense, complexity, and duration of litigation, including the
7              difficulties of proof and strong defenses Plaintiff would encounter if the case had
8              gone to trial;
9          c.    The risk of maintaining class action status throughout trial;
10          d.    The significant relief provided for the Settlement Class pursuant to the Settlement;
11          e.    The informal discovery that has already occurred in this case;
12          f.    The experience and views of Class Counsel; and
13          g.    The positive reaction of the Settlement Class.
14      8.    The Court has also scrutinized the Settlement Agreement and negotiation history
15  for any signs of potential collusion. *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654
16  F.3d 935 (9th Cir. 2011).
17      9.    The Court specifically finds that the following factors support the Court's
18  determination that the Settlement is not the product of collusion:
19          a.    The Settlement Agreement was negotiated by experienced, well-qualified counsel
20              and with the active involvement and assistance of neutral, well-qualified
21              mediators, including the Hon. Jeremy Fogel, U.S. Dist. J. (Ret.);
22          b.    The Settlement provides substantial benefits to Settlement Class Members, and
23              such benefits are not disproportionate to the attorneys' fees, costs, and expenses
24              awarded to Class Counsel;
25          c.    The benefits provided to Settlement Class Members are appropriate under the
26              circumstances of this Action;
27          d.    The attorneys' fees, costs, and expenses for which Class Counsel could (and did)
28              apply were not to be paid separately and apart from class funds, nor do any fees

      not awarded revert to Google; also, Google retained the right pursuant to the Settlement Agreement to oppose Plaintiff's request for attorneys' fees, costs, and expenses; and

    e.    The Parties addressed the subject of attorneys' fees, costs, and expenses only after reaching an agreement in principle as to the substantive elements of the Settlement.

10. Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following AdWords Class:

> All persons or entities Google's records indicate had an AdWords Account between December 13, 2013 and the date of the last signature to this Agreement below, and: (1) whose Google AdWords advertiser account was subject to the Google Inc. Advertising Program Terms for the United States (the "Terms"); (2) who are not subject to the arbitration clause in the Terms; (3) who were charged by Google through their AdWords account for clicks or impressions on advertisements appearing on any DoubleClick Ad Exchange ("AdX") publisher website at any time between December 13, 2013 and the date of the last signature to this Agreement below; and (4) who Plaintiffs alleged in this Action did not receive refunds or credits from Google even though it withheld payment to that publisher for those clicks or impressions in connection with any invalid activity or any breach of contract, including any policy violation.

11. Under Federal Rule of Civil Procedure 23, Plaintiff Specialized Collections Bureau, Inc. is hereby appointed as Class Representative, and the following are hereby appointed as Class Counsel:

> Randolph Gaw
> Mark Poe
> GAW | POE LLP
> 4 Embarcadero, Suite 1400
> San Francisco, CA 94111

12. With respect to the Settlement Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been met, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and its counsel adequately represent the interests of the Settlement Class, and that a settlement class action is a superior method of adjudicating this Action.

13. The Court has determined that Notice given to the Settlement Class, in accordance with the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

14. The Court also finds that Google, via the Settlement Administrator, properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

15. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement, including the releases therein, shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court. Upon the Effective Date of the Settlement Agreement, all Released Claims of the Releasing Named Plaintiffs and Releasing Class Members will be and are hereby released as against the Releasees, as defined in the Settlement Agreement; *provided*, *however*, that those Settlement Class Members identified on the Exclusion List attached as Exhibit A to the Judgment are excluded from the Releasing Class Members, having timely opted-out or excluded themselves from the Settlement, such that they are not deemed to have Released Claims under the Settlement, this Final Approval Order, or the Judgment.

16. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein, in the Settlement Agreement, or in any Order or Judgment addressing or related to Plaintiff's Motion for Service Award, Attorneys' Fees, Costs and Expenses) as to Plaintiff and all Settlement Class Members.

17. The Court adjudges that, upon the Effective Date, the Releasing Named Plaintiff, the Releasing Class Members, and each of them, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released Claims, as defined in Sec. 1.36 of the Settlement Agreement.

18. Without affecting the finality of this Final Approval Order and accompanying Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of

the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement has been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

19. The Court approves payment of attorneys' fees to Class Counsel in the amount of _____, plus their expenses and costs in the amount of $_____. This amount shall be paid from the Settlement Fund per the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the class Notice specifically and clearly advised the class that Class Counsel would seek the award.

20. The Court approves Service Award payments of $_____ to Specialized Collections Bureau, Inc. (as requested in Plaintiff's motion), and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the class. This service award shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Additionally, per the Settlement Agreement, the Court approves payment to the Settlement Administrator of Notice and Administrative Costs from the Settlement Fund.

**IT IS SO ORDERED.**


Dated: _____, 2022

_____
HON. BETH LABSON FREEMAN
United States District Judge